UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No.: 1:19-cv-08209 |
| | ) | CLASS ACTION |
| Plaintiff, | ) | |
| | ) | Judge Virginia M. Kendall |
| vs. | ) | |
| | ) | |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF LEAD PLAINTIFF'S SELECTION OF LEAD COUNSEL

4851-1390-7636.v1

## I.     INTRODUCTION

This securities class action lawsuit was filed on December 16, 2019 on behalf of purchasers of Exelon Corporation ("Exelon" or the "Company") securities between February 9, 2019 and November 1, 2019, both dates inclusive (the "Class Period").  The Private Securities Litigation Reform Act of 1995 ("PSLRA") dictates that, in securities actions, the Court "shall appoint the most adequate plaintiff as lead plaintiff."  15 U.S.C. §78u-4(a)(3)(B)(ii).  The lead plaintiff is the member "of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members."  15 U.S.C. §78u-4(a)(3)(B)(i).

Local 295 IBT Employer Group Pension Trust Fund (the "Fund"), an institutional investor, should be appointed lead plaintiff because it filed a timely motion, has a significant financial interest in the outcome of this litigation, and will typically and adequately represent the class's interests. *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).  In addition, the Fund's selection of Robbins Geller Rudman & Dowd LLP to serve as lead counsel is reasonable and should be approved.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).

## II.     FACTUAL BACKGROUND

Exelon is a utility services holding company that engages in energy generation and delivery businesses in the U.S. and Canada.  Exelon owns various "Utility Registrants" that are regulated by state utility commissions, including, among other entities, Commonwealth Edison ("ComEd").  ComEd's parent company is Exelon Utilities.

The complaint alleges that during the Class Period, defendants made false and/or misleading statements and/or failed to disclose that: (i) Exelon and/or its employees were engaged in unlawful lobbying activities; (ii) the foregoing increased the risk of a criminal investigation into Exelon; (iii) ComEd's revenues were in part the product of unlawful conduct and thus unsustainable; and (iv)

- 1 -

that, as a result, the Company's public statements were materially false and misleading at all relevant times.

On July 15, 2019, Exelon filed a Current Report on Form 8-K with the U.S. Securities and Exchange Commission ("SEC"), disclosing that both Exelon and ComEd had "received a grand jury subpoena from the U.S. Attorney's Office for the Northern District of Illinois requiring production of information concerning their lobbying activities in the State of Illinois," which news caused Exelon's stock priced to decline. ECF No. 1 at ¶38.

Then, on October 9, 2019, Exelon filed another Current Report on Form 8-K with the SEC, disclosing that, on October 4, 2019, both Exelon and ComEd "received a second grand jury subpoena from the U.S. Attorney's Office for the Northern District of Illinois that requires production of records of any communications with certain individuals and entities, including Illinois State Senator Martin Sandoval." ECF No. 1 at ¶40. That Current Report also disclosed that, "[o]n June 21, 2019, the Exelon Corporation Board formed a Special Oversight Committee, consisting solely of independent directors, to oversee [Exelon and ComEd's] cooperation and compliance with the subpoena, any further action taken by the U.S. Attorney and any resulting actions that may be required or recommended." *Id.*

Thereafter, on October 15, 2019, Exelon issued a press release announcing the abrupt departure of Anne Pramaggiore, Chief Executive Officer of Exelon Utilities, and former President/CEO of ComEd. The Company's statement on Pramaggiore's retirement offered no reason for her departure, but analysts following the Company came to the conclusion that the criminal subpoenas and Pramaggiore's abrupt resignation were related. On this news, Exelon's stock price again declined.

Later that month, on October 31, 2019, Exelon filed a Quarterly Report on Form 10-Q with the SEC, disclosing that "[o]n October 22, 2019, the SEC notified Exelon and ComEd that it has also

- 2 -

opened an investigation into their lobbying activities," which news caused Exelon's stock price to further decline. ECF No. 1 at ¶44.

Finally, on November 1, 2019, the *Chicago Tribune* reported that "[a] source with knowledge of the case in Chicago" confirmed that "Pramaggiore is one focus of the ongoing federal investigation." ECF No. 1 at ¶46. According to the same article, the ComEd lobbying investigation dates to at least mid-May, when the FBI executed search warrants at the home of former ComEd lobbyist Mike McClain. *Id.* On this news, Exelon's stock price again declined, causing substantial harm to investors.

## III. ARGUMENT

### A. The Fund Should Be Appointed Lead Plaintiff

The PSLRA establishes the procedure for the appointment of a lead plaintiff in "each private action arising under [the Securities Exchange Act of 1934] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(1). First, "[n]ot later than 20 days" after the complaint is filed, a notice must be published "in a widely circulated national business-oriented publication or wire service" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff." 15 U.S.C. §78u-4(a)(3)(A)(i). The statutory notice in this case was published on December 16, 2019 via *Globe Newswire*. Motion, Ex. A.

Next, the PSLRA provides that the Court shall adopt a presumption that the most adequate plaintiff is the person that –

(aa) has either filed the complaint or made a motion in response to a notice . . . ;

(bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and

- 3 -

(cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. §78u-4(a)(3)(B)(iii). The Fund meets these requirements and should therefore be appointed Lead Plaintiff.

### 1. The Motion Is Timely

The December 16th statutory notice published in this case advised purported class members of the pendency of the action, the claims asserted, the proposed class period, and the right to move the Court to be appointed as lead plaintiff within 60 days, or by February 14, 2020. *See* Motion, Ex. A; 15 U.S.C. §78u-4(a)(3)(A). Because the Fund's motion was timely filed by the statutory deadline, it is eligible for appointment as lead plaintiff.

### 2. The Fund Has the Largest Financial Interest in the Relief Sought by the Class

As evidenced by its Certification and the accompanying loss chart, the Fund purchased 22,950 shares of Exelon during the Class Period and suffered over $82,797 in losses as a result of defendants' alleged misconduct. *See* Motion, Exs. B, C. To the best of its counsel's knowledge, there are no other plaintiffs with a larger financial interest. Therefore, the Fund satisfies the PSLRA's prerequisite of having the largest financial interest.

### 3. The Fund Satisfies the Rule 23 Typicality and Adequacy Requirements

In addition to possessing a significant financial interest, a lead plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." 15 U.S.C. §78u-4(a)(3)(B)(iii)(I)(cc). Rule 23 requires that "the claims or defenses of the representative parties are typical of the claims or defenses of the class; and [that] the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(3)-(4). Only two of the Rule 23 requirements pertain to the lead plaintiff motion: typicality and adequacy. *Mortimer v. Diplomat*

- 4 -

*Pharmacy Inc.*, 2019 WL 3252221, at *4 (N.D. Ill. July 19, 2019). "'[A] plaintiff's claims are typical if they "arise[ ] from the same event or practice or course of conduct that gives rise to the claims of other class members and his or her claims are based on the same legal theory."'" *Id.* (citation omitted). "'A lead plaintiff meets the adequacy requirement if (1) its claims are not antagonistic or in conflict with those of the class; (2) it has sufficient interest in the outcome of the case to ensure vigorous advocacy; and (3) it is represented by competent, experienced counsel who be able to prosecute the litigation vigorously.'" *Id.* (citation omitted.)

The Fund satisfies both requirements. Indeed, its claims are typical of – if not identical to – the claims of the class as a whole. Like the purported class members, the Fund claims to have sustained losses from defendants' misrepresentations and inflations of stock value, and these claims arise under the same theory that defendants' course of conduct violated federal securities laws. The Fund, a sophisticated institutional investor with prior experience serving as lead plaintiff, is aware of the requirements and responsibilities of being a lead plaintiff in a securities class action and is willing to undertake these responsibilities on behalf of the class. *Mortimer*, 2019 WL 3252221, at *2 ("'[t]he largest financial interest provision [of the PSLRA] seeks to increase the likelihood that institutional investors will serve as lead plaintiffs'") (citation omitted). In addition, the Fund has suffered significant losses on its investment in Exelon securities during the Class Period and is therefore motivated to diligently pursue the putative class's claims. *See* Motion, Exs. B-C. Moreover, the Fund has no conflict of interest between its claims and those of the putative class and is not subject to any unique defenses.

Because the Fund filed a timely motion, has a large financial interest in the relief sought by the class, and demonstrated its typicality and adequacy, the Court should adopt the presumption that it is the "most adequate plaintiff."

4851-1390-7636.v1

### B.     The Court Should Approve the Fund's Selection of Counsel

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject to the Court's approval.  *See* 15 U.S.C. §78u-4(a)(3)(B)(v).  The Court should not disturb the lead plaintiff's choice of counsel unless it is necessary to protect the interests of the class.  *In re Cohen,* 586 F.3d 703, 711-12 (9th Cir. 2009); *In re Cavanaugh,* 306 F.3d 726, 732-35 (9th Cir. 2002).  The Fund has selected Robbins Geller as Lead Counsel in this case.

Robbins Geller possesses the experience and resources necessary to successfully prosecute this large and complex action for the benefit of the class.   With more than 200 attorneys in offices nationwide, including within this District, Robbins Geller possesses substantial experience in complex securities litigation.[1]  District courts in this District and throughout the nation have noted Robbins Geller's reputation for excellence, resulting in the appointment of Robbins Geller to lead roles in hundreds of securities class actions and other complex litigations.  *See, e.g.*, *Mortimer,* 2019 WL 3252221, at *2* (appointing Robbins Geller as lead counsel in securities class action case).

For example, in *Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc.*, No. 1:02-cv-05893 (N.D. Ill.), Robbins Geller, as sole lead counsel, obtained a record-breaking settlement of $1.575 billion after 14 years of litigation, including a 6-week jury trial in 2009 that resulted in a securities fraud verdict in favor of the class.  The settlement is the largest ever following a securities fraud class action trial, the largest securities fraud settlement in the Seventh Circuit, and the seventh-largest settlement ever in a post-PSLRA securities fraud case.  Judge Alonso, who presided over the action, stated that "[Robbins Geller] performed a very high-quality legal work in the context of a thorny case in which the state of the law has been and is in flux.  They achieved an

---

[1]     For a detailed description of Robbins Geller's track record, resources, and attorneys, please see https://www.rgrdlaw.com.  A hard copy of the Firm's resume is available upon the Court's request, if preferred.

- 6 -

4851-1390-7636.v1

exceptionally significant recovery for the class. And the Court agrees . . . that it was, in fact, a spectacular result for the class." *Household*, No. 1:02-cv-05893, ECF No. 2261 at 65 (N.D. Ill. Oct. 20, 2016). Likewise, in *Silverman v. Motorola, Inc.*, 2012 WL 1597388, at *3 (N.D. Ill. May 7, 2012), *aff'd*, 739 F.3d 956 (7th Cir. 2013), Judge Amy J. St. Eve noted "[t]he representation that [Robbins Geller] provided to the class was significant, both in terms of quality and quantity." *Id*. Additionally, Robbins Geller has obtained the largest securities fraud class action recovery in the Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits.[2]

And, while trials in shareholder class actions are rare, Robbins Geller has tried several cases to verdict, most recently a February 2019 trial in *HsingChing Hsu v. Puma Biotechnology, Inc.*, No. 8:15-cv-00865-AG-JCG (C.D. Cal.), where the jury returned a verdict for plaintiff, finding that defendants Puma Biotechnology, Inc. and its CEO committed securities fraud.

As a result, the interests of the class in this case would be well represented were the Court to approve the Fund's selection of Robbins Geller as Lead Counsel.

---

[2] *See In re Enron Corp. Sec.*, No. 4:01-cv-03624 (S.D. Tex.) ($7.3 billion recovery is largest securities class action recovery in U.S. history and in the Fifth Circuit); *In re Cardinal Health, Inc. Sec. Litig.*, No. 2:04-cv-00575-ALM (S.D. Ohio) ($600 million recovery is the largest securities class action recovery in the Sixth Circuit); *In re UnitedHealth Group Inc. Sec. Litig.*, No. 0:06-cv-01691-JMR-FLN (D. Minn.) ($925 million recovery is the largest securities class action recovery in the Eighth Circuit); *In re Qwest Commc'ns Int'l, Inc. Sec. Litig.*, No. 1:01-cv-01451-REB-KLM (D. Colo.) ($445 million recovery is the largest securities class action recovery in the Tenth Circuit); *In re HealthSouth Corp. Sec. Litig.*, No. 2:03-cv-01500-KOB-TMP (N.D. Ala.) ($671 million recovery is the largest securities class actionhttps://ecf.alnd.uscourts.gov/cgi-bin/DktRpt.pl?894798209228971-L_1_0-1 recovery in the Eleventh Circuit).

- 7 -

4851-1390-7636.v1

## IV.   CONCLUSION

The Fund has satisfied each of the PSLRA's requirements for appointment as lead plaintiff. As such, the Fund respectfully requests that the Court appoint it as Lead Plaintiff and approve its selection of Lead Counsel.

DATED:  February 14, 2020

Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ

s/ DANIELLE S. MYERS
DANIELLE S. MYERS

655 West Broadway, Suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA M. BUSCHATZKE (IL Bar # 6332510)
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 8 -

4851-1390-7636.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on February 14, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ DANIELLE S. MYERS
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
& DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: danim@rgrdlaw.com

4851-1390-7636.v1

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **Evelyn Blacklock**
  Evelyn.Blacklock@kirkland.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Kyla Jackson**
  Kyla.Jackson@kirkland.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Jaran Ryal Moten**
  jaran.moten@kirkland.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)