**Exhibit C**

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| JOSHUA FLYNN, Individually and On Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> EXELON CORPORATION, CHRISTOPHER M. CRANE, JOSEPH NIGRO, JOSEPH DOMINGUEZ, and JEANNE M. JONES, <br><br> Defendants. | Case No. 1:19-cv-08209 <br><br> Honorable Virginia M. Kendall |

**JOINT DECLARATION OF JAMES R. KLEIN AND JOSEPH M. LITTLE IN SUPPORT OF THE MOTION OF THE INSTITUTIONAL INVESTOR GROUP FOR APPOINTMENT AS LEAD PLAINTIFF AND APPROVAL OF SELECTION OF LEAD COUNSEL**

1

We, the undersigned, pursuant to 28 U.S.C. § 1746, declare as follows:

1.      We respectfully submit this Joint Declaration in support of the motion of the Greater Pennsylvania Carpenters' Pension Fund ("GPCPF") and Steamfitters Local 449 Pension Plan ("Local 449") (together, the "Institutional Investor Group") for appointment as Lead Plaintiff and approval of the selection of Labaton Sucharow LLP ("Labaton Sucharow") as Lead Counsel for the Class in the above-captioned action.  We each have personal knowledge regarding the facts set forth in this Joint Declaration relating to the institution with which we are associated.

2.      I, James R. Klein, am Administrator of GPCPF and am authorized to make this Joint Declaration on its behalf.  GPCPF, based in Pittsburgh, Pennsylvania, provides pension benefits for approximately 16,500 beneficiaries across Pennsylvania and has approximately $1 billion in assets under management.

3.      As reflected in its certification, GPCPF purchased a significant amount of Exelon Corporation ("Exelon") securities during the asserted Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.  GPCPF is a sophisticated institutional investor that understands this case is governed by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"), and understands and accepts the responsibilities and fiduciary obligations that it will assume under the PSLRA if appointed as Lead Plaintiff.  GPCPF's familiarity and understandings in this regard are drawn, in part, from its prior and current experience serving as a representative party in securities class actions, including a $5.5 million recovery while serving as lead plaintiff alongside another institutional investor, with Labaton Sucharow as lead counsel, in *In re Celadon, Inc. Securities Litigation*,

2

No. 17-cv-2828 (S.D.N.Y.), and service as lead plaintiff in the pending action *Ramirez, Jr. v. Exxon Mobil Corporation*, No. 16-cv-3111 (N.D. Tex.).

4.      I, Joseph M. Little, am Chairman of the Board of Trustees of Local 449, and am authorized to make this Joint Declaration on its behalf.  Local 449, based in Pittsburgh, Pennsylvania, provides pension benefits for approximately 3000 beneficiaries across Pennsylvania and has approximately $300 million in assets under management.

5.      As reflected in its certification, Local 449 purchased a significant amount of Exelon securities during the Class Period and suffered a substantial loss as a result of the violations of the federal securities laws alleged in this action.  Local 449 is a sophisticated institutional investor that understands this case is governed by the PSLRA, and understands and accepts the responsibilities and fiduciary obligations that they will assume under the PSLRA if appointed as Lead Plaintiff.  Local 449's familiarity and understandings in this regard are drawn, in part, from its prior and current experience serving as a representative party in securities class actions, including a $3 million recovery as Lead Plaintiff in *In re Sturm, Ruger & Company, Inc.*, No. 09-cv-1293 (D. Conn.), and service in the pending actions, *Gross v. AT&T*, 19-cv-2892 (S.D.N.Y.), where it serves as lead plaintiff alongside other institutional investors with Labaton Sucharow as co-lead counsel, as well as *Steamfitters Local 449 Pension Plan v. Molina Healthcare, Inc.*, No. 18-cv-3579 (C.D. Cal.), where it serves as lead plaintiff with Labaton Sucharow as Lead Counsel.

6.      GPCPF and Local 449 understand that to fulfill the fiduciary duties and obligations of a Lead Plaintiff, we must ensure that this action is prosecuted vigorously and efficiently on behalf of the entire Class.  Thus, we believe that the prosecution of this case should be entrusted to sophisticated institutional investors with substantial resources and significant

3

financial stakes in the litigation to ensure the action is litigated as vigorously and efficiently as possible. GPCPF and Local 449 are sophisticated institutional investors with experienced professional staff and ample resources to ensure effective oversight of this litigation. Collectively, we manage over a $1 billion in assets and serve as fiduciaries to thousands of beneficiaries. GPCPF and Local 449, both individually and together, are also highly motivated to maximize the Class' recovery in this action, having suffered significant losses as a result of their transactions in Exelon securities.

7.     GPCPF and Local 449 independently determined to seek joint appointment as Lead Plaintiff. Upon learning of the action, we each consulted with Labaton Sucharow regarding the merits of the claims against defendants and our respective losses arising from defendants' misconduct. In considering taking an active role in this action and prior to seeking appointment as Lead Plaintiff, GPCPF and Local 449 explored partnering with other institutional investors, and expressed an interest in working with other institutions with PSLRA lead plaintiff experience. After learning of each other's mutual interest in prosecuting this action as Lead Plaintiff as part of a small, cohesive group of likeminded institutions, GPCPF and Local 449 independently concluded that our joint appointment would contribute to the prosecution of the action.

8.     In determining to seek joint appointment as Lead Plaintiff, our overriding objective and principal consideration was whether joining together to prosecute this case was likely to benefit the Class. After careful consideration, we decided to jointly seek appointment as Lead Plaintiff based on our shared view that a partnership is well suited for this litigation, will advance the interests of the Class, and is consistent with our common goal of maximizing the Class' recovery. Our decision was driven by our belief that a small, cohesive group of

4

institutional investors serving as Lead Plaintiff will have a positive effect on the quality of the representation provided to absent Class members. Specifically, we believe that our joint appointment will benefit the Class by providing the Class with leadership that benefits from the combined experience, qualifications, resources, and perspectives of GPCPF and Local 449.

9. After finding that our joint appointment would benefit the Class, we determined to formalize our collaborative leadership effort in this action. Specifically, on February 14, 2020, before filing this motion, representatives of GPCPF and Local 449 held a conference call to discuss our institutions' respective financial interests in the claims asserted in this action, the facts and the merits of the action, and the benefits of working together to prosecute the action on behalf of the Class.

10. During the conference call, GPCPF and Local 449 discussed, among other things: (i) the losses we suffered as a result of defendants' misconduct; (ii) the benefits the Class would receive from the leadership of a small and cohesive group of sophisticated institutional investors that have the resources and desire to ensure active oversight of the action and counsel; (iii) our shared desire to maximize the recovery for the Class and interest in prosecuting the case in a collaborative fashion; (iv) the respective responsibilities of Lead Counsel and Lead Plaintiff; (v) communication protocols to ensure that representatives of GPCPF and Local 449 could discuss the prosecution of this matter either with or without counsel; and (vi) other procedures and mechanisms to ensure our ability to effectively supervise the prosecution of the case.

11. GPCPF and Local 449 also understand that it is the Lead Plaintiff's obligation to select qualified Lead Counsel and to ensure that the action is prosecuted without unreasonable expense or cost. GPCPF and Local 449 decided to seek joint appointment as Lead Plaintiff, in part, to ensure that this action is prosecuted in such an economical manner. We are aware that

our chosen counsel, Labaton Sucharow, is an accomplished law firm that has a history of achieving impressive settlements in securities class actions.

12.     GPCPF  and Local 449 are committed to taking an active role in supervising the prosecution of this action.  While we will always seek the benefit of counsel's advice, we understand that the final decision-making authority belongs to us.  We intend to communicate with counsel, and with each other separately from our counsel, as often as necessary to discuss major litigation developments and to ensure the vigorous and efficient prosecution of this action. To this end, we have instructed our proposed Lead Counsel to provide us with regular updates on the progress of the litigation.  We recognize that developments in the action may require more frequent updates and have instructed counsel to provide updates as frequently as necessary.  We have also exchanged contact information for key decision-making personnel (including our own contact information) at our respective institutions, which will allow us to confer with or without counsel via phone or email on short notice, thus ensuring that GPCPF and Local 449 are able to make timely and well-considered decisions.

13.     As set forth above, GPCPF and Local 449 understand that if appointed Lead Plaintiff, we will be responsible for making important litigation decisions and directing counsel with respect to this litigation.  To discharge these duties, we will, among other things, continue to obtain and review periodic status reports on the progress of the litigation, actively participate in discovery, provide testimony if needed at trial, and attend court and other proceedings when our presence will benefit the Class.  We will provide input into litigation strategies and major litigation decisions.  GPCPF and Local 449 are committed to overseeing this litigation to ensure there is no duplication of effort and that the action is litigated in a zealous yet cost-effective manner and are confident that our counsel understand our mandate in this regard.

14.     GPCPF and Local 449, based on our shared status as pension systems, as well as our mutual goal of maximizing recovery for the entirety of the Class, do not anticipate that any material disagreements will arise if appointed as Lead Plaintiff.  Further, GPCPF and Local 449 are firmly committed in good faith to reach consensus with respect to all litigation decisions, and to that end will consult with Lead Counsel as we deem necessary to fulfill our fiduciary obligations to the Class if appointed as Lead Plaintiff.  In the unlikely event that a disagreement does arise during the course of the litigation which GPCPF and Local 449 are unable to resolve through thoughtful and extensive deliberation, or an emergency prevents us from timely consulting to collectively make a decision, GPCPF and Local 449 have unanimously agreed to defer to Lead Counsel's recommendation as a contingency in these limited set of circumstances.

15.     In sum, GPCPF and Local 449 agree to take full responsibility for providing fair and adequate representation and overseeing our proposed Lead Counsel.  We understand that if appointed Lead Plaintiff, we would assume a fiduciary duty to all members of the Class and are committed to working with Lead Counsel to obtain the largest possible recovery for the Class consistent with good faith and vigorous advocacy.  We are, and will continue to be, committed to the zealous prosecution of this case and ensuring that the Class receives the optimal outcome from this litigation.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to GPCPF are true to the best of my knowledge. Executed this *14th* day of February, 2020.

James R. Klein
Administrator
*Greater Pennsylvania Carpenters' Pension Fund*

8

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements relating to Local 449 are true to the best of my knowledge.  Executed this 14th day of February, 2020.

Joseph M. Little
Chairman of the Board of Trustees
*Steamfitters Local 449 Pension Plan*

9