UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Virginia M. Kendall |
| EXELON CORPORATION, et al., | ) ) ) | |
| Defendants. | ) ) ) | |

**THE PENSION TRUST FUND'S OPPOSITION TO COMPETING LEAD PLAINTIFF MOTIONS**

4851-5499-6150.v1

## I.     INTRODUCTION

While two motions are still pending before the Court filed by movants seeking appointment as lead plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA"), only one movant satisfies all of the statutory criteria for appointment: Local 295 IBT Employer Group Pension Trust Fund (the "Pension Trust Fund").[1]  Indeed, the Pension Trust Fund filed a timely motion, has the largest financial interest, and satisfies the Rule 23 requirements.  *See* 15 U.S.C. §78u-4(a)(3)(B)(iii).

By contrast, each of the competing movants has a significantly smaller financial interest than the Pension Trust:

| Movant | Loss |
|---|---|
| **The Pension Trust Fund** | **$82,797** |
| Greater Pennsylvania Carpenters' Pension Fund | $48,919 |
| Steamfitters Local 449 Pension Plan | $28,779 |
| **The Institutional Investor Group** | **$77,699** |

*See* ECF Nos. 27-3 and 31-2.  Indeed, the Pension Trust Fund has a larger financial interest than either of the two movants that have joined to form the Institutional Investor Group, which makes the Pension Trust Fund the presumptive lead plaintiff.  Accordingly, the Pension Trust Fund is the most adequate plaintiff and the Institutional Investor Group's motion should be denied.

---

[1]     The two remaining movants are the Pension Trust Fund and Greater Pennsylvania Carpenters' Pension Fund and Steamfitters Local 449 Pension Plan (the "Institutional Investor Group").  A third movant, Karen Fischer, withdrew her motion on February 17, 2020.  *See* ECF No. 38.  A fourth movant, Joshua Flynn, recognized that he "does not appear to have the largest financial interest" and did not oppose the competing motions.  ECF No. 42.  Unless otherwise noted, all emphasis is added and citations are omitted herein.

4851-5499-6150.v1

## II.    ARGUMENT

"The PSLRA creates a rebuttable presumption that the most adequate plaintiff is the person or group of persons that: (1) either has filed the complaint or made a motion in response to a notice; (2) has the largest financial interest in the relief sought by the class; and (3) otherwise satisfies the requirements of Rule 23." *Bang v. Acura Pharm., Inc.*, 2011 WL 91099, at *2 & n.2 (N.D. Ill. Jan. 11, 2011) (noting that the "Rule 23 analysis is limited to the typicality and adequacy of the proposed lead plaintiff"). "To determine which plaintiff has the largest financial interest, courts look to the plaintiff with the greatest net loss during the proposed class period." *Id*. Here, there can be no dispute that the Pension Trust Fund suffered the greatest net loss during the Class Period:

| *Movant* | *Loss* |
|---|---|
| **The Pension Trust Fund** | **$82,797** |
| Greater Pennsylvania Carpenters' Pension Fund | $48,919 |
| Steamfitters Local 449 Pension Plan | $28,779 |
| **The Institutional Investor Group** | **$77,699** |

*See* ECF Nos. 27-3 and 31-2.

In addition to possessing the greatest financial interest, the Pension Trust Fund also satisfies the Rule 23 requirements. *See* ECF No. 30 at 4-5. The Pension Trust Fund's claims are typical because, like all members of the putative class, it purchased Exelon Corp. securities during the Class Period and claims it sustained losses resulting from defendants' false and misleading statements and/or omissions. The Pension Trust Fund is also an adequate representative for the proposed class because it has a substantial financial interest in the outcome of the action, thus demonstrating that its interest is aligned with those of the class. In addition, the Pension Trust Fund has selected highly

- 2 -

experienced trial counsel located in this District that is committed to zealously and efficiently prosecuting this case to a successful conclusion.

"Once the most adequate plaintiff has been presumed, the PSLRA provides for that presumption to be 'rebutted only upon proof by a member of the purported class' that the presumptively most adequate plaintiff: (1) will not fairly and adequately protect the interests of the class; or (2) is subject to unique defenses that render such plaintiff incapable of adequately representing the class." *Bang*, 2011 WL 91099, at *5. Importantly, the "'question is not whether another movant might do a better job of protecting the interests of the class than the presumptive lead plaintiff; instead, the question is whether anyone can prove that the presumptive lead plaintiff will not do a "fair and adequate" job.'" *Id.* Here, the sole remaining movant, the Institutional Investor Group, has filed a notice of non-opposition to the Pension Trust Fund's motion, effectively conceding that the presumption cannot be rebutted with the requisite proof. *See* ECF No. 46. Consequently, the competing motion should be denied.

## III.     CONCLUSION

The Institutional Investor Group lacks the largest financial interest and does not oppose the Pension Trust Fund's motion. Accordingly, its motion should be denied.

DATED:  March 4, 2020                              Respectfully submitted,

ROBBINS GELLER RUDMAN
  & DOWD LLP
DANIELLE S. MYERS
JUAN CARLOS SANCHEZ


                                                          s/ Danielle S. Myers
                                              DANIELLE S. MYERS

4851-5499-6150.v1

655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)
dmyers@rgrdlaw.com
jsanchez@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA M. BUSCHATZKE (IL Bar # 6332510)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

[Proposed] Lead Counsel for [Proposed] Lead
Plaintiff

- 4 -

4851-5499-6150.v1

<u>CERTIFICATE OF SERVICE</u>

I hereby certify under penalty of perjury that on March 4, 2020, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Danielle S. Myers
DANIELLE S. MYERS

ROBBINS GELLER RUDMAN
    & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101-8498
Telephone: 619/231-1058
619/231-7423 (fax)

E-mail: dmyers@rgrdlaw.com

4851-5499-6150.v1

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **Evelyn Blacklock**
  Evelyn.Blacklock@kirkland.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Kyla Jackson**
  Kyla.Jackson@kirkland.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Jaran Ryal Moten**
  jaran.moten@kirkland.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Case: 1:19-cv-08209 Document #: 47 Filed: 03/04/20 Page 8 of 8 PageID #:537

- (No manual recipients)