**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

|  |  |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXELON CORPORATION, CHRISTOPHER M. CRANE, JOSEPH NIGRO, JOSEPH DOMINGUEZ, and JEANNE M. JONES,<br><br>Defendants. | Case No. 1:19-cv-08209<br><br>Hon. Virginia M. Kendall |

## PLAINTIFF AND DEFENDANTS' JOINT MOTION FOR REASSIGNMENT

On April 10, 2020, a derivative lawsuit captioned *Feintuch v. Crane, et al.*, No. 20-cv-2255 (N.D. Ill.) (the "*Feintuch* Action"), was commenced in this Court and assigned to United States District Judge Sara L. Ellis. The plaintiff and defendants in the *Feintuch* Action—including nominal defendant Exelon Corporation ("Exelon" or the "Company")—respectfully move, pursuant to Local Rule 40.4, to reassign the *Feintuch* Action to United States District Judge Virginia M. Kendall, who is presiding over the earlier-numbered above-captioned action (the "*Flynn* Action"), which is related to the *Feintuch* Action as defined under that Rule.

## BACKGROUND

On December 16, 2019, Joshua Flynn, on behalf of a purported class of Exelon shareholders, filed a complaint in the above-captioned matter against Exelon, Christopher M. Crane, Joseph Nigro, Joseph Dominguez, and Jeanne M. Jones. (*See* ECF No. 1 in the *Flynn* Action (the "*Flynn* Complaint").) In his pleading, Flynn alleges that Exelon and the individual defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the

"Exchange Act"), as well as Rule 10b-5 promulgated thereunder. (*See id.* ¶¶ 1, 58-73.) In particular, the *Flynn* Action is predicated on allegations that, between February and November 2019, Exelon and the individual defendants made purportedly false or misleading statements regarding the lobbying activities of Exelon and/or its employees and the likelihood of a government investigation concerning the same. (*Id.* ¶¶ 1, 4, 37.) According to the *Flynn* Complaint, the alleged misstatements and omissions were contained in, and subsequently revealed by, Exelon's public disclosures, specifically Exelon's 2018 10-K, Q1 2019 10-Q, July 2019 8-K, October 2019 8-K, October 2019 press release, and Q3 2019 10-Q. (*Id.* ¶¶ 28-30, 33-34, 38-41, 43-44.)

On April 10, 2020, Jack Feintuch filed a derivative complaint in this Court against Crane, Nigro, Dominguez, Jones, and other current or former directors or officers of Exelon or its subsidiaries. (*See* ECF No. 1 in the *Feintuch* Action (the "*Feintuch* Complaint").)[1] In the civil cover sheet that accompanied the *Feintuch* Complaint, Feintuch marked that case as "related" to the *Flynn* Action.[2] The *Feintuch* Complaint alleges that, between February and November 2019, the individual defendants breached their fiduciary duties in connection with purportedly false or misleading statements regarding the lobbying activities of Exelon and/or its employees and the likelihood of a government investigation concerning the same. (*See id.* ¶¶ 52-74, 86-114.) Just like the *Flynn* Complaint, the *Feintuch* Complaint asserts that these alleged misstatements and omissions were made in connection with the same public disclosures challenged by the *Flynn*

---

[1] The *Flynn* Complaint does not name these other individuals—Anthony K. Anderson, Ann C. Berzin, Laurie Brlas, Yves de Balmann, Nicholas DeBenedictis, Linda Jojo, Paul L. Joskow, Robert J. Lawless, Richard W. Mies, John M. Richardson, Mayo A. Shattuck III, Stephen D. Steinour, John F. Young, and Anne Pramaggiore—and does not allege that they made any false or misleading statements.

[2] The *Feintuch* Complaint and its civil cover sheet are appended as Exhibits A and B, respectively.

2

Complaint.[3]  (*Id.* ¶¶ 52-64.)  (*See Feintuch* Compl. ¶ 14 ("These revelations precipitated the filing of a securities class action in the U.S. District Court for the Northern District of Illinois against Exelon and certain of its officers." (citing the *Flynn* Action)).)

The factual allegations in the two Complaints are substantially similar (although they do not include identical defendants or identical claims).  Both Complaints rely on the same allegedly misleading statements contained in the same public Exelon disclosures.  (*Compare, e.g.*, *Feintuch* Compl. ¶¶ 52-53, 60-61, 64, 65-71, *with Flynn* Compl. ¶¶ 28-30, 33-41, 43-44.)  In addition, two of the five derivative causes of action asserted in the *Feintuch* Action are the same as the two class claims asserted in the *Flynn* Action:  (1) purported violations of Section 10(b) of the Exchange Act, as well as Rule 10b-5 promulgated thereunder (*Feintuch* Compl. ¶¶ 96-103; *Flynn* Compl. ¶¶ 58-67); and (2) purported violations of Section 20(a) of the Exchange Act (*Feintuch* Compl. ¶¶ 104-109; *Flynn* Compl. ¶¶ 68-73).  The additional three claims asserted in the *Feintuch* Complaint—breach of fiduciary duty, gross mismanagement, and a violation of Section 14 of the Exchange Act—are premised on the same basic underlying facts as the other two claims.  (*See Feintuch* Compl. ¶¶ 86-95, 110-114.)

## ARGUMENT

### I.  THE *FEINTUCH* AND *FLYNN* ACTIONS ARE RELATED UNDER LOCAL RULE 40.4(a).

Local Rule 40.4(a) defines two cases as "related" if one or more of the following conditions is met:  "(1) the cases involve the same property; (2) the cases involve some of the same issues of fact or law; (3) the cases grow out of the same transaction or occurrence; or (4) in class action suits, one or more of the classes involved in the cases is or are the same."  Related

---

[3]  The *Feintuch* Complaint additionally challenges statements made in a March 2019 proxy statement issued by Exelon.  (*See, e.g.*, Feintuch Compl. ¶¶ 56-59.)

cases need satisfy only one of those four criteria. *See Helferich Patent Licensing, L.L.C. v. New York Times Co.*, No. 10-cv-04387, 2012 WL 1368193, at *2 (N.D. Ill. Apr. 19, 2012) ("To be deemed related, two cases must satisfy *at least* one of the four listed criteria set out in Local Rule 40.4(a)." (emphasis added)).

The *Feintuch* Action is related to the *Flynn* Action under the rule. *First*, the two Actions involve many of the same issues of fact and law. (L.R. 40.4(a)(2).) Each Complaint alleges that Exelon and certain individual defendants made purportedly false or misleading statements regarding the lobbying activities of Exelon and/or its employees and the likelihood of a government investigation concerning the same. And each Complaint, in part, alleges that certain defendants thereby violated Sections 10(b) and 20(a) of the Exchange Act and Rule 10b-5. *See Glob. Patent Holdings, LLC v. Green Bay Packers, Inc.*, No. 00-cv-4623, 2008 WL 1848142, at *3 (N.D. Ill. Apr. 23, 2008) ("If some of the same issues of fact or law are common, that can be sufficient to establish relatedness."); *Murry v. Am.'s Mortg. Banc, Inc.*, No. 03-cv-5811, 2004 WL 407010, at *2 (N.D. Ill. Mar. 1, 2004) (noting that "the rule does not require complete identity of issues in order for cases to be considered related").

*Second*, both Actions arise from the same transactions and occurrences. (L.R. 40.4(a)(3).) Each Complaint alleges that a series of purported misstatements and omissions were made in connection with the same public disclosures. (*Compare, e.g.*, *Feintuch* Compl. ¶¶ 52-55, 60-62, 64, *with Flynn* Compl. ¶¶ 28-37.) And each Complaint alleges that those statements caused harm—either to the Company's shareholders or to the Company itself.[4]

---

[4] The relatedness of the alleged harm is further supported by allegations in the *Feintuch* Complaint that damages to the Company should include "[l]egal fees incurred in connection with" the *Flynn* Action and "[a]ny funds paid to settle" the *Flynn* Action. (Feintuch Compl. ¶ 75.)

The overlapping issues of fact and law between these two cases, as well as the substantially similar allegations and transactions at issue, warrant a finding under Local Rule 40.4(a) that the *Feintuch* Action and the *Flynn* Action are related.

## II.  THE CONDITIONS FOR REASSIGNMENT UNDER LOCAL RULE 40.4(b) ARE ALSO SATISFIED.

Under Local Rule 40.4(b):

A case may be reassigned to the calendar of another judge if it is found to be related to an earlier-numbered case assigned to that judge and each of the following criteria is met:

(1) both cases are pending in this Court;

(2) the handling of both cases by the same judge is likely to result in a substantial saving of judicial time and effort;

(3) the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially; and

(4) the cases are susceptible of disposition in a single proceeding.

As explained in Section I above, the *Feintuch* Action is "related" to the *Flynn* Action ("an earlier-numbered case"), and all four of these additional criteria are satisfied here.

*First*, the *Flynn* Action and the *Feintuch* Action are both pending in this Court. (L.R. 40.4(b)(1).)

*Second*, because the cases involve overlapping issues of fact and law and arise from the same transactions and occurrences, having both cases managed by the same judge is likely to result in substantial savings of judicial time and effort.  (L.R. 40.4(b)(2).)  This will also avoid the potential for any inconsistent rulings on common questions.  *See Urban 8 Fox Lake Corp. v. Nationwide Affordable Hous. Fund 4, LLC*, No. 18-cv-6109, 2019 WL 2515984, at *3 (N.D. Ill. June 18, 2019) (reassignment of case "would save significant judicial resources and ensure consistent rulings on common questions about the interpretation and application" of a key issue).

5

*Third*, the earlier case, the *Flynn* Action, has not progressed to the point where reassigning the *Feintuch* Action would delay the proceedings in the *Flynn* Action. (L.R. 40.4(b)(3).) The only motions to date in the *Flynn* Action, for appointment of lead plaintiff and counsel, have not yet been decided, and discovery is stayed in the *Flynn* Action pending the resolution of any motion to dismiss, *see* 15 U.S.C. § 78u-4(b)(3)(B), which motion the defendants in the *Flynn* Action intend to file pursuant to a schedule to be agreed to by the parties following the Court's appointment of a lead plaintiff. (*See* ECF No. 45 in the *Flynn* Action.)[5] *Helferich Patent Licensing*, 2012 WL 1368193, at *3 (finding no substantial delay would result where earlier-filed case was still in the "early stages of litigation").

*Finally*, for the reasons already discussed, the cases are susceptible of disposition in a single proceeding. (L.R. 40.4(b)(4).) The plaintiffs in the two cases assert two overlapping claims based on overlapping factual allegations regarding purportedly false or misleading statements about the lobbying activities of Exelon and/or its employees and a purportedly undisclosed risk of criminal investigation. *See Urban 8 Fox Lake Corp.*, 2019 WL 2515984, at *4 (granting reassignment where there was "substantial overlap" between the complaints, including "the witnesses, counsel, and many of the facts"); *Freeman v. Bogusiewicz*, No. 03-cv-2908, 2004 WL 1879045, at *2 (N.D. Ill. Aug. 11, 2004) (granting reassignment where "[t]he facts and issues in both cases are similar in nature and can be handled more efficiently in one proceeding"); *Glob. Patent Holdings*, 2008 WL 1848142, at *4 (granting reassignment motion

---

5    Similarly, there has been no meaningful activity in the *Feintuch* Action, as the defendants' deadline to respond to the *Feintuch* Complaint is not until July 14, 2020. (*See* ECF Nos. 9-27 in the *Feintuch* Action (returned waivers of service dated April 20, 2020); ECF No. 28 in the *Feintuch* Action (extending all deadlines by 28 days due to the COVID-19 pandemic).)

6

where cases involved "fundamentally similar claims and defenses"). Reassignment is therefore

appropriate under the framework set forth in Local Rule 40.4(b).

## CONCLUSION

For the foregoing reasons, the parties in the *Feintuch* Action respectfully request the

entry of an order pursuant to Local Rule 40.4 reassigning the *Feintuch* Action to Judge Kendall.


Dated: June 11, 2020       Respectfully submitted,

               GLANCY PRONGAY & MURRAY LLP

               */s/ Matthew M. Houston*
               Matthew M. Houston (admitted *pro hac vice*)
               Benjamin Sachs-Michaels
               712 Fifth Avenue, 31st Floor
               New York, NY 10019
               Telephone: (212) 935-7400
               mhouston@glancylaw.com

               MILLER LAW LLC
               Marvin A. Miller
               115 S. LaSalle St., Suite 2910
               Chicago, IL 60603
               Telephone: (312) 332-3400
               mmiller@millerlawllc.com

               *Attorneys for Plaintiff Jack Feintuch*

               KIRKLAND & ELLIS LLP

               */s/ Jaran R. Moten*
               Jaran R. Moten
               300 North LaSalle
               Chicago, IL 60654
               Telephone: (312) 862-2000
               Facsimile: (312) 862-2200
               jaran.moten@kirkland.com

               Sandra C. Goldstein (admitted *pro hac vice*)
               Stefan Atkinson (admitted *pro hac vice*)

Kyla Jackson (admitted *pro hac vice*)
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
kyla.jackson@kirkland.com

*Attorneys for Defendants Exelon Corporation Christopher M. Crane, Joseph Nigro, Joseph Dominguez, Jeanne Jones, Anthony K. Anderson, Ann C. Berzin, Laurie Brlas, Yves de Balmann, Nicholas DeBenedictis, Linda Jojo, Paul L. Joskow, Robert J. Lawless, Richard W. Mies, John M. Richardson, Mayo A. Shattuck III, Stephen D. Steinour, and John F. Young*

SIDLEY AUSTIN LLP

*/s/ David A. Gordon*

Scott R. Lassar
David A. Gordon
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com

*Counsel for Defendant Anne Pramaggiore*

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on June 11, 2020, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

*/s/ Jaran R. Moten*
Jaran R. Moten

9