## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXELON CORPORATION, et al.<br><br>Defendants. | Case No. 1:19-cv-08209<br><br>Hon. Virginia M. Kendall |

**DEFENDANT ANNE PRAMAGGIORE'S
MOTION TO DISMISS LEAD PLAINTIFF'S COMPLAINT**

Defendant Anne Pramaggiore respectfully moves this Court pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss Lead Plaintiff's Complaint for Violations of the Federal Securities Laws (the "Complaint") with prejudice. In support of this Motion, Ms. Pramaggiore submits a Memorandum of Law, which is fully incorporated by reference herein. In support of this Motion, Ms. Pramaggiore states as follows:

1. The Complaint alleges violations of Section 10(b) (and Rule 10b–5 promulgated thereunder) and Section 20(a) of the Securities Exchange Act of 1934. These claims are subject to the heightened pleading requirements of the Private Securities Litigation Reform Act of 1995 (the "PSLRA") and Federal Rule of Civil Procedure 9(b). Under these heightened pleading standards, Plaintiff is required to allege particularized facts, assumed to be true, that (i) demonstrate that each identified statement was false or misleading when made; and (ii) support a strong inference that the speaker made the statements with the required state of mind. 15 U.S.C. § 78u-4(b).

1

2.      The Complaint fails to state a claim under Section 10(b) because it does not adequately allege (i) that Ms. Pramaggiore was the "maker" of certain statements attributed to her in the Complaint, as is required to impose liability under the securities laws; or (ii) that the statements she did make were false or misleading.

3.      The Complaint also fails to state a claim under Section 10(b) because it does not allege with particularity that Ms. Pramaggiore made any statements with the required state of mind—that is, the intent to defraud.

4.      The Complaint fails to state a claim for control-person liability under Section 20(a) of the Securities Exchange Act because there is no predicate violation of Section 10(b) and because the Complaint fails to allege that Ms. Pramaggiore controlled Exelon Corporation.

WHEREFORE, Defendant Anne Pramaggiore respectfully requests that this Court dismiss Lead Plaintiff's Complaint for Violations of the Federal Securities Laws in its entirety with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6) and the PSLRA.

Dated:  November 18, 2020

Respectfully submitted,

SIDLEY AUSTIN LLP

*/s/ David A. Gordon*
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 18, 2020, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

/s/ David A. Gordon
David A. Gordon