UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, ) ) | **CLASS ACTION** |
| vs. ) ) | Honorable Virginia M. Kendall |
| EXELON CORPORATION, et al., ) ) | |
| Defendants. ) ) ) | |

OPPOSITION TO THE EXELON AND COMED DEFENDANTS'
MOTION FOR LEAVE TO EXCEED PAGE LIMIT

4838-8551-4715.v1

Lead Plaintiff, by its counsel, submits this Opposition to the Exelon and ComEd Defendants' (the "Joint Defendants") Motion for Leave to Exceed Page Limit, ECF No. 86 (the "Motion"). The Motion should be denied for three reasons.

First, allowing a 20-page reply brief in support of a 15-page opening brief runs the risk of violating the rule that "'parties may not raise new arguments or present new facts in their reply, thus depriving their opponent of the opportunity to respond.'" *See, e.g.*, *Michel v. Credit Protection Ass'n L.P.*, 2017 WL 3620809, at *7 (N.D. Ill. Aug. 23, 2017) (Dow, J.). Granting more briefing now is likely to lead to requests for even more briefing later as Lead Plaintiff may seek to strike or seek leave to file a sur-reply with regard to any new arguments in the reply. *See, e.g.*, *Multi-Ad Servs., Inc. v. Nat'l Labor Relations Bd.*, 255 F.3d 363, 370 (7th Cir. 2001) (striking new arguments in reply).

Second, to discourage adding new arguments, reply briefs are generally much shorter, not longer, than opening briefs. *See, e.g.*, Minute Entry, *In re Local TV Advert. Antitrust Litig.*, 18-cv-06785 (N.D. Ill. Sept. 27, 2019), ECF No. 313 (granting 15 pages for opening and 7.5 pages for reply); Minute Entry, *Mortimer v. Diplomat Pharm.*, No. 19-cv-01735 (N.D. Ill. Feb. 3, 2020), ECF No. 87 (granting 25 pages for opening and 15 pages for reply). Allowing replies to be longer than opening briefs would only invite "sandbagging" or raising new arguments. *See, e.g.*, *Autotech Techs. Ltd. P'ship v. Automationdirect.com, Inc.*, 249 F.R.D. 530, 536 (N.D. Ill. 2008) (refusing to consider new arguments because "[r]eply briefs are for replying, not for raising . . . arguments that could have been advanced in the opening brief").

Third, this Court's case procedures, which the Joint Defendants do not cite, state that the 15-page limit "in Local Rule 7.1 shall be strictly enforced" and any "motion for leave to exceed that limit is looked upon with disfavor and shall not be granted except in unusual circumstances." The Joint Defendants' claim that the extension is warranted to respond to Lead Plaintiff's 30-page

- 1 -

opposition brief does not provide any "unusual circumstance." The Defendants collectively already have a 60-page to 30-page advantage in total briefing, and while they split their opening 30 pages among two briefs, they used all 30 pages and coordinated their efforts by incorporating arguments, relying on case law not relied on by the other, and making related but slightly different arguments. *See, e.g.*, ECF No. 76 at 8 n.5, 9 n.7 (incorporating arguments); ECF No. 82, ¶3 (citing examples of overlapping arguments); ECF No. 85 at 5-19, 21-25 (Lead Plaintiff addressing overlapping arguments). That coordination and overlap necessitated the filing of a single opposition, which the Court granted and Defendants did not oppose. ECF No. 84. Moreover, Lead Plaintiff's inclusion of an exhibit is not an "unusual circumstance" because it did not contain legal argument – it merely listed the alleged false and misleading statements from the Complaint for ease of reference since Defendants often cited only paragraphs of the Complaint, rather than the specific language they were challenging. *See, e.g.*, ECF No. 77 at 7, 9, 11. Thus, while Lead Plaintiff's counsel always looks to find agreement or extend appropriate courtesies, the Defendants can continue to coordinate their briefing in the cumulative 30 pages that are presently allowed while avoiding the risks that arise from the unusual circumstance of filing a reply that is longer than the opening brief.

For the foregoing reasons, the Motion should be denied.

DATED: February 10, 2021        ROBBINS GELLER RUDMAN
         & DOWD LLP
        JAMES E. BARZ (IL Bar # 6255605)
        BRIAN E. COCHRAN (IL Bar # 6329016)
        FRANK A. RICHTER (IL Bar # 6310011)
        GINA BUSCHATZKE (IL Bar # 6332510)


              s/ Frank A. Richter
              FRANK A. RICHTER

4838-8551-4715.v1

- 3 -

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

Lead Counsel for Lead Plaintiff

4838-8551-4715.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on February 10, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ Frank A. Richter
FRANK A. RICHTER

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)

E-mail:  frichter@rgrdlaw.com

4838-8551-4715.v1

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Evelyn Blacklock**
  Evelyn.Blacklock@kirkland.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com,jwheeler@Sidley.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Kyla Jackson**
  Kyla.Jackson@kirkland.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Jaran Ryal Moten**
  jaran.moten@kirkland.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

- **Mark E. Schneider**
  mark.schneider@kirkland.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)