UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Honorable Virginia M. Kendall |
| vs. | ) | |
| | ) | |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

MOTION TO STRIKE

4828-0492-6175.v1

Lead Plaintiff, by its counsel, moves this Court for an order striking the new arguments raised for the first time in the reply briefs filed by Defendants (ECF Nos. 89, 90). In support thereof, Lead Plaintiff states as follows:

1.      A "party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief." *See Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011). Here, Defendants raised at least three new grounds for dismissal that should be stricken and disregarded. *See Tovar Snow Pros. Inc. v. ACE Am. Ins. Co.*, 2020 WL 5658705, at *1-*2 (N.D. Ill. Sept. 23, 2020) (granting motion to strike and stating "it is 'well-settled that arguments first made in the reply brief are waived'").

2.      The first argument to be stricken relates to Defendant Pramaggiore's reply brief. In the opening brief in support of her motion to dismiss, Pramaggiore argued that the alleged false and misleading Code of Conduct statements should be dismissed against her because she only signed the Form 10-K for ComEd and the Code of Conduct purportedly "related specifically to Exelon." ECF No. 76 at 8-9, n.6. Lead Plaintiff refuted that argument in its opposition brief by showing that the Code of Conduct, incorporated into the ComEd Form 10-K that Pramaggiore signed, clearly applied and related to ComEd as well. ECF No. 85 at 13.

3.      In her reply brief, Pramaggiore advances a new ground for dismissing these statements by claiming she cannot be held liable for documents attached or incorporated into the Form 10-K by reference. ECF No. 89 at 7. Pramaggiore argues that by signing the Form 10-K she was the "maker" only of statements within it, not the incorporated documents. *Id.* This is a new ground for dismissal that is waived and to be disregarded. *See Tovar*, 2020 WL 5658705, at *1-*2; *Paramount Media Grp., Inc. v. Vill. of Bellwood*, 2015 WL 7008132, at *1 (N.D. Ill. Nov. 10, 2015)

- 1 -

(finding waiver and describing tactic as "[b]lind-siding, gamesmanship, and sandbagging" that "has no place in the judicial system").[1]

4. The second argument to be stricken is in the appendix to the Joint Defendants' reply. The Joint Defendants, like Pramaggiore, initially sought to dismiss the Code of Conduct statements against Defendants Dominguez and ComEd on the ground that they purportedly related only to Exelon. *See* ECF No. 77 at 4-5. As noted, Lead Plaintiff refuted that argument. ECF No. 85 at 13. As to Defendant Crane, the Joint Defendants admitted he was the "maker" of the Code of Conduct statements, citing ¶106 of the Complaint as an example. *See* ECF No. 77 at 4. However, Defendant Crane raised a new argument on reply, in the appendix no less, that he was not the "maker" of the Code of Conduct statements and he even claimed that Lead Plaintiff "appears to agree." *See* ECF No. 90-1 at 15-18. This new argument is also waived and there is no such agreement because the Complaint alleged that Exelon and Crane were makers of the March 2019 Code of Conduct statements in ¶106, and alleged that Exelon, ComEd, Crane, Dominguez, and Pramaggiore were makers of the February 2019 Code of Conduct statements. *See, e.g.*, ECF No. 65, ¶¶94, 97, 100, 103, 105-107, 114; ECF No. 85-1 at 1-2, n.3.

5. The third argument to be stricken also appears in the Joint Defendants' reply. In their opening brief, they made a conclusory claim that the Code of Conduct and Political Contributions Guidelines statements should be dismissed as inadequately alleged as false or misleading. *See* ECF No. 77 at 11-12. Lead Plaintiff responded that the motion to dismiss those statements should be

---

[1] The cases Pramaggiore cites in support of her new ground for dismissal are distinguishable as they involve press releases attached to Forms 8-K, not the disclosures mandated on Form 10-K that she signed. *See* ECF No. 89 at 5, 7; *cf. Sec. & Exch. Comm'n v. Das*, 2011 WL 4375787, at *6, *8 (D. Neb. Sept. 20, 2011) (holding defendant CFO was "maker" of statements within materials incorporated by reference into Forms 10-K and 10-Q that he signed); *see also* Sec. & Exch. Comm'n Release Notice, Release No. AS-279, 1980 WL 20863 (Sept. 2, 1980) (stating that directors were required to sign Forms 10-K so they "will be encouraged to devote the needed attention to reviewing the Form 10-K and to seek the involvement of other professionals to the degree necessary to give themselves sufficient comfort").

4828-0492-6175.v1

denied because they failed to cite supporting authority and undeveloped arguments are deemed waived. *See* ECF No. 85 at 10 & n.8. In their reply, the Joint Defendants cited five cases in support of dismissal. ECF No. 90 at 9 & n.11. That tactic has deprived Lead Plaintiff of the opportunity to distinguish those cases, for example, because they involved much more generic and aspirational code of conduct statements than those at issue in this case. *See* ECF No. 85 at 11-12 (citing comparable cases); ECF No. 65, ¶¶38-40, 95-97, 103. Thus, Joint Defendants' motion to dismiss should be denied as to all the Code of Conduct statements because arguments cannot be developed for the first time on reply. *See, e.g.*, *Johnson*, 812 F. Supp. 2d at 924 (rejecting argument where movant "d[id] not cite any authority in support" until reply); *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) (finding that "[a] skeletal 'argument' . . . does not preserve a claim").

WHEREFORE, Lead Plaintiff respectfully requests that the Court strike the new arguments and deny the motions to dismiss on the grounds raised for the first time in reply.

DATED: March 9, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA BUSCHATZKE (IL Bar # 6332510)


s/ James E. Barz
JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 3 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 9, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
    & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: jbarz@rgrdlaw.com

4828-0492-6175.v1

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Evelyn Blacklock**
  Evelyn.Blacklock@kirkland.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com,jwheeler@Sidley.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Kyla Jackson**
  Kyla.Jackson@kirkland.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Jaran Ryal Moten**
  jaran.moten@kirkland.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

Case: 1:19-cv-08209 Document #: 92 Filed: 03/09/21 Page 7 of 7 PageID #:2739

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

- **Mark E. Schneider**
  mark.schneider@kirkland.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)