**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>              Plaintiff,<br><br>    vs.<br><br>EXELON CORPORATION, et al.,<br><br>              Defendants. | Case No. 1:19-cv-08209<br><br>Hon. Virginia M. Kendall |

**EXELON AND COMED DEFENDANTS'**
**RESPONSE TO LEAD PLAINTIFF'S MOTION TO STRIKE**

Defendants Exelon Corporation, Commonwealth Edison Company, Christopher Crane, William Von Hoene, and Joseph Dominguez (collectively, the "Exelon and ComEd Defendants" or "Defendants") respectfully submit this response to Plaintiff's "Motion to Strike" (ECF No. 92).[1] Because the relief Plaintiff seeks has no basis in the rules and is otherwise unsupported as a matter of law, the Motion to Strike should be denied.

1.      On March 9, 2021, Plaintiff filed what it styled as a "motion to strike," aimed at having this Court disregard two arguments that Defendants made in their reply brief, which Plaintiff contends are "new," namely that: (1) Defendant Crane was not the "maker" of the Code of Conduct statements identified in paragraph 106 of the Complaint (Mot. to Strike ¶ 1); and (2) Defendants cited new cases in their reply brief seeking the dismissal of claims related to Code of Conduct and Political Contributions Guidelines statements (Mot. to Strike ¶ 5).

---

[1]    The Exelon and ComEd Defendants respond only to those portions of the Motion to Strike that address arguments made in the Exelon and ComEd Defendants' reply brief (ECF No. 90). (*See* Mot. to Strike ¶¶ 4-5.)

*Deny the Motion to Strike as Impermissible Under the Federal Rules*

2. Plaintiff's motion does not indicate the rule under which it is moving, and, in fact, Federal Rule of Civil Procedure 12(f) provides only for motions to strike certain matter from *pleadings*, not from (as is the case here) motions or briefs in support of motions. *See* Fed. R. Civ. P. 12(f) ("The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."); 2 James Wm. Moore, et al., Moore's Federal Practice § 12.37 (2021) ("Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."); *Martorana v. Vill. of Elmwood Park*, No. 12-cv-6051, 2013 WL 1686869, at *2 (N.D. Ill. Apr. 18, 2013) (refusing to strike statements from defendants' brief because "Rule 12(f) applies to pleadings, and memoranda in support of motions are not pleadings"). For this reason alone, the Motion to Strike fails.

*Deny the Motion to Strike on the Merits*

3. The Motion also fails on the merits. First, contrary to Plaintiff's assertion, Defendants did not suggest in their opening brief that Defendant Crane was the "maker" of the Code of Conduct statements identified in paragraph 106 of the Complaint, and Plaintiff's appendix also did not indicate that Plaintiff thought Crane was the maker. Second, Defendants are not prohibited from citing cases in their reply brief to respond to those cited by Plaintiff in opposition.

4. Plaintiff first argues that Defendants "raised a new argument on reply" that Defendant Crane was not the "maker" of the Code of Conduct statements identified in paragraph 106 of the Complaint, after having previously "admitted" that Crane was the "maker" of those Code of Conduct statements. Plaintiff then takes issue with Defendants' statement on reply that Plaintiff "appears to agree" that Crane was not the "maker" of the Code of Conduct statements identified in paragraph 106 of the Complaint. (Mot. to Strike ¶ 4.) Plaintiff is mistaken.

5.      In their opening brief, the Exelon and ComEd Defendants argued that Plaintiff engaged in improper and misleading pleading by (among other things) erroneously lumping the Individual Defendants together and attributing class-period statements to them collectively, rather than identifying which Individual Defendant "made" each challenged statement as required under the standard set forth in *Janus Capital Grp., Inc. v. First Derivative Traders*, 564 U.S. 135, 141-42 (2011).  (ECF No. 77 at 4.)  Defendants cited several paragraphs of the Complaint, including paragraph 106, as examples of instances where Defendant Crane made statements about Exelon.  (ECF No. 77 at 4-5.)  Paragraph 106 of the Complaint refers to the Exelon 2019 Proxy Statement, which the Complaint says both "quoted Defendant Crane" and, separately, "directed investors" to the Code of Conduct posted on Exelon's website.  (ECF No. 65 ¶ 106.)  Nothing in Defendants' opening brief suggested that Defendants took the position that Crane was the "maker" of the portion of the Proxy Statement that directed investors to the Code of Conduct posted on Exelon's website (as distinct from the portion that quoted Crane directly).

6.      Moreover, Plaintiff's appendix erroneously attributed many of the challenged statements to the Exelon and ComEd Defendants collectively.  In Defendants' appendix on reply, Defendants indicated (consistent with the arguments in their opening brief) that only Exelon was the "maker" of the Code of Conduct statements referred to in the 2019 Exelon Proxy Statement (identified in paragraph 106 of the Complaint), and only ComEd was the "maker" of the Code of Conduct statements referred to in the 2019 ComEd Proxy Statement (identified in paragraph 108 of the Complaint).  (ECF No. 90-1 at 18-19.)  Defendants observed that Plaintiff "appear[ed] to agree" with those assessments because, while Plaintiff's own appendix did not specify which Defendant it thought "made" those statements, Plaintiff's appendix stated that the Code of Conduct statements identified in paragraphs 106 and 108 of the Complaint were contained in Proxy

Statements that were "filed by Exelon" and "by ComEd." This statement in Plaintiff's appendix is consistent with Defendants' conclusion that only Exelon and ComEd made those statements. (ECF No. 85-1 at 2 n.3.) Plaintiff may now regret having left that part of its appendix ambiguous, but an unauthorized sur-reply brief disguised as a "motion to strike" is not the place to clarify.

7.      In short, there is nothing "new" about Defendants' position that Crane was not the "maker" of the Code of Conduct statements identified in paragraph 106 of the Complaint, nor is the argument "waived" or otherwise improper. (*Contra* Mot. to Strike ¶ 4.) Defendants' appendix on reply specifically responds to the erroneous position taken in Plaintiff's appendix and is consistent with the argument Defendants made in their opening brief. The Court should deny Plaintiff's request to "strike" that argument.

8.      Plaintiff next asks the Court to ignore Defendants' arguments about the standards of conduct and political contributions because Defendants supposedly "developed" those arguments "for the first time on reply" because they cited cases not referenced in their opening brief. (Mot. to Strike ¶ 5.) Again, Plaintiff's request is misguided.

9.      At the outset, Defendants' reply brief made *no new arguments* about the challenged statements. In both their opening and reply briefs, Defendants argued that the statements regarding standards of conduct and political contributions were not actionable because they merely provided guidelines and did not make representations about the actual state of Exelon's and ComEd's internal operations. (*See* ECF No. 77 at 11-12 ("Plaintiff ignores that the Code and Guidelines did not make representations about the actual state of Exelon's and ComEd's internal operations, but rather provided guidance to employees on best practices."); ECF No. 90 at 9-10 ("Contrary to Plaintiff's arguments, Exelon's Code of Conduct and Guidelines provide guidance but do not make

actionable representations.").) There was thus nothing new or surprising about the argument made in Defendants' reply brief. (*Contra* Mot. to Strike ¶ 5.)

10. Plaintiff's real complaint is that Defendants cited new cases in their reply brief in response to cases cited in Plaintiff's opposition (*see* ECF No. 85 at 11-12), thereby supposedly "depriv[ing]" Plaintiff of the "opportunity to distinguish those cases" (Mot. to Strike ¶ 5). Yet Plaintiff cites no authority (and there is none) for the proposition that arguments should be "stricken," and a motion to dismiss denied, where (as here) the arguments in the reply brief are not new, and the reply brief simply cites cases in response to cases cited in the opposition brief.

11. The only two cases Plaintiff cites in support of its "Motion to Strike" the Exelon and ComEd Defendants' arguments—a criminal case and a § 1983 case—certainly do not support Plaintiff's request. In *Johnson v. Root*, 812 F. Supp. 2d 914 (N.D. Ill. 2011), the defendant probation officer failed to put the "fundamental issue"—whether he was acting within the scope of his authority—"into doubt until his reply brief," thus denying the plaintiff the opportunity to respond. *Id.* at 924. The court therefore declined to determine whether the defendant acted within his authority until both parties had a chance to brief the issue. *Id.* Here, by contrast, Defendants argued in their opening brief that the statements about standards of conduct and political contributions were not actionable because they provided guidance and did not make representations. (*See* ECF No. 77 at 11-12.) In *United States v. Dunkel*, 927 F.2d 955 (7th Cir. 1991), the Seventh Circuit considered the government's argument that the defendant had waived an objection to the district court's ruling by "burying" it in a "passel" of other arguments, but determined that the government itself had waived its claim of waiver by failing to raise it sooner. *Id.* at 956. *Dunkel* has no relevance to this case, where Defendants made the same argument about non-actionable statements in both their opening and reply briefs.

5

12.     Moreover, by filing this "motion to strike" and arguing that Defendants' cases are distinguishable "because they involved much more generic and aspirational code of conduct statements than those at issue in this case" (Mot. to Strike ¶ 5), Plaintiff has in effect helped itself to an (unauthorized) sur-reply, thereby obviating the need for the relief it seeks.

13.     In sum, the two arguments Plaintiff identifies in Defendants' reply brief are not "new," and there is no basis to strike them.  The Court should deny the Motion to Strike.

Dated:  March 12, 2021

Respectfully submitted,

/s/ Mark E. Schneider
KIRKLAND & ELLIS LLP
Mark E. Schneider
Jaran R. Moten
300 North LaSalle
Chicago, IL 60654
Telephone: (312) 862-2000
Facsimile: (312) 862-2200
mark.schneider@kirkland.com
jaran.moten@kirkland.com

Sandra C. Goldstein (admitted *pro hac vice*)
Stefan Atkinson (admitted *pro hac vice*)
Kyla Jackson (admitted *pro hac vice*)
Evelyn Blacklock (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
Facsimile: (212) 446-4900
sandra.goldstein@kirkland.com
stefan.atkinson@kirkland.com
kyla.jackson@kirkland.com
evelyn.blacklock@kirkland.com

*Attorneys for Defendants Exelon
Corporation, Commonwealth Edison
Company, Christopher M. Crane, Joseph
Dominguez, and William A. Von Hoene, Jr.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2021, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

/s/ Mark E. Schneider
Mark E. Schneider