**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

JOSHUA FLYNN, Individually and on Behalf
of All Others Similarly Situated,

Plaintiff,

vs.

EXELON CORPORATION, et al.

Defendants.

Case No. 1:19-cv-08209

Hon. Virginia M. Kendall

**ANNE PRAMAGGIORE'S RESPONSE TO
PLAINTIFF'S MOTION TO STRIKE**

Plaintiff now twice has ignored Ms. Pramaggiore's straightforward argument requiring

dismissal of the claims against her: the unambiguous language of the relevant public filings

makes clear that Ms. Pramaggiore is not responsible for all of the statements in the 10-K, but

instead only for statements attributed to ComEd. The Code of Conduct, both as referenced in

and attached as an exhibit to the Form 10-K, is attributed explicitly to Exelon, not ComEd.

Ms. Pramaggiore signed the Form 10-K on behalf of ComEd, not Exelon. Ms. Pramaggiore

made this argument in her opening brief. (Dkt. 76 at 1, 6–9.) And, because Plaintiff chose not to

engage with the explicit language of the Form 10-K, Ms. Pramaggiore made this argument again

in her reply brief. (Dkt. 89 at 1, 7-8.) It is the same argument.

The motion to strike appears to be based on Plaintiff's unwillingness to address

Ms. Pramaggiore's central argument. Instead of grappling with the express attribution of the

statements in the public filings that form the basis of its claims, which demonstrate that

Ms. Pramaggiore was not the "maker" of the statements in the Code of Conduct, Plaintiff argued

1

in its opposition that the Code of Conduct "applied" to employees at ComEd as well as Exelon. (Dkt. 85 at 13.)[1] But the fact that the Code of Conduct may have applied to Ms. Pramaggiore missed the point. (Dkt. 89 at 8 n.6.) The Code of Conduct is an Exelon document, expressly attributed to the Exelon Board of Directors. Ms. Pramaggiore is not making a blanket statement that a signatory of a public filing can never be the maker of statements in incorporated documents. But here, the express attribution within the document itself indicates that Ms. Pramaggiore's signature on behalf of ComEd did not transform her into a "maker" of Exelon's statement.

To be clear, and for the third time: Exelon is the "maker" of the statements in the Code of Conduct. Ms. Pramaggiore is not. That is the argument Ms. Pramaggiore made in her opening brief, that is the argument she made in her reply, and that is the argument she is making now. There is no basis to strike this argument, and Plaintiff's motion should be denied.

---

[1] Plaintiff also used its motion to strike to make additional arguments about the meaning of Ms. Pramaggiore's signature on the Form 10-K. (*See* Dkt. 92 at 2 n.1.) Those arguments, which are effectively a sur-reply, lack merit, but Ms. Pramaggiore understands that it would be inappropriate to respond here. She stands ready to respond if the Court requests.

## **CONCLUSION**

For the foregoing reasons, Plaintiff's Motion to Strike should be denied.

Dated:  March 12, 2021

Respectfully submitted,

SIDLEY AUSTIN LLP

*/s/ David A. Gordon*
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

3

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 12, 2021, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

*/s/ David A. Gordon*
David A. Gordon