UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Honorable Virginia M. Kendall |
| vs. | ) | |
| | ) | |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |
| | ) | |

LEAD PLAINTIFF'S REPLY IN SUPPORT OF ITS MOTION TO STRIKE

4820-9237-6033.v1

Defendants' responses to the Motion to Strike (ECF No. 92) (the "Motion") only confirm the Motion should be granted.

**I.      Motion to Strike Argument from Defendant Pramaggiore's Reply**

Defendant Pramaggiore's initial argument for dismissal of her Code of Conduct statements was that it was an Exelon document that related only to Exelon.  ECF No. 76 at 8-9 & n.6.  Lead Plaintiff refuted, and did not "ignore," that argument in its opposition brief.  ECF No. 85 at 7-8, 13.  In her reply, Pramaggiore made a second argument for dismissal, that by signing the Form 10-K she was not the maker of documents incorporated therein.  ECF No. 89 at 7.  Lead Plaintiff moved to strike this new, second ground for dismissal raised in the reply.  ECF No. 92.  In response, Pramaggiore claims that her second argument is the "same argument" as the first.  ECF No. 96 at 1.  But that is not correct.  While both arguments seek to dismiss the Code of Conduct statements by arguing Pramaggiore did not make those statements, they argue different reasons – *i.e.*, the Code related only to Exelon versus it was incorporated into the Form 10-K.  Pramaggiore does not cite to anywhere in her opening brief either making the second argument or citing the two cases she offered in support in her reply.  *See* Motion, ¶¶2-3.  Thus, the new argument, that Pramaggiore is not the maker of the Code of Conduct statements because they were only incorporated into the Form 10-K, should be stricken.  *Paramount Media Grp., Inc., v. Vill. of Bellwood*, 2015 WL 7008132, at *1 (N.D. Ill. Nov. 10, 2015) (striking argument that "should have been raised in the opening brief").

**II.     Motion to Strike Arguments from the Joint Defendants' Reply**

The Joint Defendants argue the motion to strike should be denied for three reasons.  First, they claim Fed. R. Civ. P. 12(f) only permits a court to strike material from a pleading, not a brief.  ECF No. 95, ¶2.  But that is irrelevant, as the Joint Defendants observe that the Motion was not brought under Fed. R. Civ. P. 12(f).  *Id.*  Rather, courts have inherent authority to strike and disregard arguments raised for the first time on reply, and often do, as reflected in the cases cited by

- 1 -

Lead Plaintiff in support of the Motion. *See, e.g.*, Motion, ¶¶1, 3, 5 (citing cases); ECF No. 85 at 10 & n.8 (citing cases); *Tovar Snow Prof'ls Inc. v. ACE Am. Ins. Co*., 2020 WL 5658705, at \*1-\*2 (N.D. Ill. Sept. 23, 2020) (relying on Seventh Circuit authority to grant motion to strike argument raised on reply).

Second, the Joint Defendants claim that their argument that only Exelon, not Crane, is the maker of the Code of Conduct statements is not "new." ECF No. 95, ¶¶5-7; *see also* ECF No. 90-1 at 15-18. That is also incorrect. As alleged in the Complaint, the statements were made repeatedly during the Class Period within the 2018 Form 10-K, on Exelon's website, and in Exelon's Proxy Statement. *See, e.g.*, ECF No. 65, ¶¶94, 97, 106, 110. The Complaint alleged both Exelon and Crane were the maker of those Code of Conduct statements because, for example, Crane signed the Form 10-K, "approved" and was quoted within the Code of Conduct, and solicited the Proxy Statement to shareholders. *See, e.g.*, *id.*, ¶¶94-95, 100(a)-(b), 106-107, 114(a). The Joint Defendants' opening brief admitted that Crane "was the maker" of the statements "about Exelon" and cited ¶106 as an example. ECF No. 77 at 4-5. That paragraph contains the Code of Conduct statements, alleged to be false and misleading and made by Crane. ECF No. 65, ¶¶106-107. Yet, in the appendix to their reply brief, the Joint Defendants argued that Crane was not the maker of any of the Code of Conduct statements and claimed Lead Plaintiff agrees regarding ¶106. ECF No. 90-1 at 15-18. Lead Plaintiff never agreed, the new argument is contrary to the allegations in the Complaint, contrary to Lead Plaintiff's opposition brief and appendix, contrary to Joint Defendants' opening brief, and, in any event, was made for the first time in reply and therefore waived.

Third, the Joint Defendants' attempt to argue the Code of Conduct statements were not adequately alleged to be misleading was also waived. Motion, ¶5. Lead Plaintiff argued in its opposition brief that, since the Joint Defendants' opening brief only contained a conclusory argument unsupported by case law, the argument to dismiss the Code of Conduct statements was

waived (ECF No. 85 at 10 & n.8), as a "party cannot make conclusory and underdeveloped arguments in its opening brief and then deign to support and develop those arguments in his or her reply brief." *See Johnson v. Root*, 812 F. Supp. 2d 914, 924 (N.D. Ill. 2011); *see also* Motion, ¶5. The Joint Defendants attempted to cite five cases for the first time in their reply, but, as argued in the Motion, that is too late so that ground for dismissal was waived. Motion, ¶5. Finally, Lead Plaintiff did not "help[] itself" to a sur-reply by simply stating the five newly cited cases were distinguishable. ECF No. 95, ¶12. If the argument is not stricken, the Court could permit Lead Plaintiff to provide a fulsome explanation as to why they are distinguishable in a sur-reply. *Paramount*, 2015 WL 7008132, at \*2 (stating "a court must either invoke the waiver doctrine or allow the filing of a surreply" in response to new arguments raised in a reply).

DATED: March 19, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA BUSCHATZKE (IL Bar # 6332510)

s/ James E. Barz
JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 3 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on March 19, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
& DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: jbarz@rgrdlaw.com

4820-9237-6033.v1

Case: 1:19-cv-08209 Document #: 97 Filed: 03/19/21 Page 6 of 7 PageID #:2763

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Stefan Howard Atkinson**
  stefan.atkinson@kirkland.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Evelyn Blacklock**
  Evelyn.Blacklock@kirkland.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Sandra C Goldstein**
  sandra.goldstein@kirkland.com,sandra-goldstein-3843@ecf.pacerpro.com,kenymanagingclerk@kirkland.com,michelle.denny@kirkland.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com,jwheeler@Sidley.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Kyla Jackson**
  Kyla.Jackson@kirkland.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Jaran Ryal Moten**
  jaran.moten@kirkland.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

- **Mark E. Schneider**
  mark.schneider@kirkland.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)