## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-08209 |
| Plaintiff, | |
| v. | Hon. Virginia M. Kendall |
| EXELON CORPORATION et al., | |
| Defendants. | |

### DEFENDANT ANNE PRAMAGGIORE'S UNOPPOSED MOTION
### FOR LIMITED STAY OF TESTIMONIAL OBLIGATIONS

Defendant Anne Pramaggiore respectfully moves this Court for a limited stay of Ms. Pramaggiore's testimonial obligations in this case until seventy-five days before the close of fact discovery. In support of this unopposed motion, Ms. Pramaggiore submits a Memorandum of Law, which is fully incorporated by reference herein, and states as follows:

1. Plaintiff's Complaint alleges that Defendants, including Ms. Pramaggiore, made false or misleading statements in violation of the securities laws for failure to disclose alleged bribery. (*See generally* Dkt. 65, Lead Plaintiff's Complaint.) Many of Plaintiff's allegations are taken directly from a Deferred Prosecution Agreement ("DPA") entered by Commonwealth Edison related to the alleged bribery.

2. On November 18, 2020, the United States Attorney's Office for the Northern District of Illinois obtained an indictment against Ms. Pramaggiore based on substantially the same conduct described in the DPA. *See* Indictment, *United States v. McClain, et al.*, Case No. 20-CR-812 (N.D. Ill. Nov. 18, 2020), ECF No. 1.

3. To mitigate the substantial prejudice to her Fifth Amendment right against self-incrimination, Ms. Pramaggiore seeks a limited stay of definite duration relieving her of the obligation to furnish testimonial evidence in this matter. Specifically, Ms. Pramaggiore requests relief from her obligation to (1) answer the Complaint; (2) respond to written discovery implicating her Fifth Amendment right against self-incrimination (*e.g.*, interrogatories and requests to admit); and (3) submit to a deposition.

4. Ms. Pramaggiore requests that this stay remain in place until seventy-five days before the close of fact discovery, at which time Ms. Pramaggiore may seek an additional stay, invoke her Fifth Amendment right against self-incrimination, or waive her Fifth Amendment right and participate fully in the civil proceedings.

5. This stay will not impact Ms. Pramaggiore's ability to engage in other discovery that is non-testimonial, and it will not prevent the ability of the parties to adhere to the schedule set by the Court.

6. In advance of filing this motion, Ms. Pramaggiore sought concurrence from the other parties to this proceeding. Lead Plaintiff does not oppose the limited relief, applying to Ms. Pramaggiore only, requested in this motion. The other Defendants also do not oppose the relief requested.

Based on the foregoing, Ms. Pramaggiore respectfully requests a limited stay of her testimonial obligations until seventy-five days prior to the close of fact discovery.

Date: May 26, 2021

/s/ David A. Gordon

Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2021, a true and accurate copy of the

foregoing was electronically filed with the CM/ECF system of the United States District Court

for the Northern District of Illinois, which sends notice to counsel of record via e-mail.


*/s/ David A. Gordon*
David A. Gordon