**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | Civil Action No. 1:19-cv-08209 |
| Plaintiff, | |
| v. | Hon. Virginia M. Kendall |
| EXELON CORPORATION et al., | |
| Defendants. | |

**DEFENDANT ANNE PRAMAGGIORE'S MEMORANDUM OF LAW IN SUPPORT OF**
**UNOPPOSED MOTION FOR LIMITED STAY OF TESTIMONIAL OBLIGATIONS**

Defendant Anne Pramaggiore respectfully submits this Memorandum of Law in support of her motion for a limited stay of her testimonial obligations in this case. Ms. Pramaggiore is currently under indictment and also a defendant in this civil suit that is now in discovery. In light of the substantial prejudice that would result if Ms. Pramaggiore were to be forced to choose between fully defending herself in this action and invoking her Fifth Amendment right against self-incrimination, Ms. Pramaggiore requests a temporary deferral of her obligation to provide testimonial evidence in this matter until seventy-five days before the close of fact discovery. Ms. Pramaggiore would continue to participate in all discovery that does not implicate her Fifth Amendment right, and she in no way seeks to delay these proceedings. Nothing would prevent the other parties from pursuing complete discovery. And this narrowly tailored stay would not impact the schedule entered by the Court, nor would it prejudice the parties to this action.[1]

---

[1] Lead Plaintiff does not oppose the limited relief, applying to Ms. Pramaggiore only, requested in this motion. The other Defendants also do not oppose the relief requested.

**BACKGROUND**

In late 2019, Exelon Corporation ("Exelon") and its subsidiary, Commonwealth Edison ("ComEd"), disclosed that they had received inquiries from the United States Attorney's Office regarding their lobbying activities. A shareholder promptly brought suit, alleging that Exelon, ComEd, and others made false or misleading statements in violation of the securities laws by concealing the alleged misconduct related to lobbying activities. (Dkt. 1, Complaint.) In July 2020, ComEd entered into a Deferred Prosecution Agreement ("DPA") regarding the same underlying alleged misconduct. Lead Plaintiff amended its complaint shortly thereafter, incorporating the conduct described in the DPA into its complaint and naming Ms. Pramaggiore as a defendant for the first time. (Dkt. 65, Lead Plaintiff's Complaint ("Compl.").) Two months later, the United States Attorney's Office for the Northern District of Illinois obtained an indictment against Ms. Pramaggiore based on substantially the same allegations appearing in the DPA. *See* Indictment, *United States v. McClain, et al.*, Case No. 20-CR-812 (N.D. Ill. Nov. 18, 2020), ECF No. 1.[2]

**ARGUMENT**

Parallel civil and criminal proceedings can impose serious burdens on defendants. A defendant in a civil proceeding who is subject to criminal prosecution "will have to decide whether to claim the privilege against self-incrimination or to answer the complaint and, ultimately, respond to written discovery requests and questioning at a deposition." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008). If a defendant invokes her Fifth Amendment right in the civil matter, she faces the possibility of an adverse inference against her. *See Baxter v. Palmigiano*, 425 U.S. 308, 318 (1976); *Harris v. City of Chicago*, 266 F.3d 750,

---

[2] No trial date has been set in the criminal matter.

753 (7th Cir. 2001). This choice puts defendants in the "untenable position" of choosing between making statements in the civil case that could be used against them in criminal proceedings or possibly suffering an adverse inference by invoking the Fifth Amendment right against self-incrimination, having nothing to do with innocence or guilt, or liability or no liability. *SEC v. Salis*, 2016 WL 7239916, at \*2 (N.D. Ind. Dec. 14, 2016); *see also Chagolla*, 529 F. Supp. 2d at 947 ("[I]t is not at all rare for a person faced with criminal charges or a pending investigation to invoke the privilege even though he may have done nothing wrong, out of an abundance of caution prompted by a careful criminal defense lawyer."). "A civil defendant in this situation who is effectively backed into a corner in which he has no viable choice but to claim the privilege is forced to face a significant risk of unfair prejudice that may be virtually impossible to remedy." *Chagolla*, 529 F. Supp. 2d at 947.

When faced with parallel proceedings, the district court has discretion to "stay civil proceedings when the 'interests of justice' require such action." *Jones v. City of Indianapolis*, 216 F.R.D. 440, 450-51 (S.D. Ind. 2003) (internal citations omitted); *see also Cruz v. Cty. of DuPage*, 1997 WL 370194, at \*1 (N.D. Ill. June 27, 1997) (quoting *SEC v. Dresser Indus., Inc.*, 628 F.2d 1368, 1375 (D.C. Cir. 1980)) ("Nevertheless, a court may decide in its discretion to stay civil proceedings, postpone civil discovery, or impose protective orders and conditions when the interests of justice seem to require such action.") (internal quotation marks and alterations omitted). In evaluating whether a stay is appropriate, courts in this district look to a non-exhaustive list of six factors:

> (1) whether the civil and criminal proceedings involve the same subject matter; (2) whether the government has initiated both proceedings; (3) the posture of the criminal proceeding; (4) the effect on the public interest of granting or denying a stay; (5) the interest of Plaintiff in proceeding expeditiously, and the potential prejudice that Plaintiff may suffer from a delay; and (6) the burden

that any particular aspect of the civil case may impose on
Defendants if a stay is denied.

*Commodity Futures Trading Commission v. Nowak*, 2020 WL 3050225, at *3 (N.D. Ill June 8, 2020); *see also Hollinger Int'l v. Hollinger Inc.*, 2008 WL 161683, at *2 (N.D. Ill. Jan. 16, 2008). All but one of the relevant factors supports a limited stay in this action that would temporarily relieve Ms. Pramaggiore of her obligation to furnish testimonial evidence—that is, answer the complaint, respond to written discovery implicating her Fifth Amendment right (*e.g.*, interrogatories), and submit to a deposition.[3] This limited stay would permit the case to move forward under the schedule set by the Court while protecting Ms. Pramaggiore's substantial rights.

## I.      This Proceeding Involves Overlapping Subject Matter with the Indictment.

Although this case primarily turns on Defendants' alleged misstatements and failures to disclose under the federal securities laws, the conduct underlying those alleged misstatements and omissions arises from the allegations in the DPA and, by extension, the criminal prosecution. Plaintiff alleges that Defendants committed securities fraud when they "made false and misleading statements" to investors that "concealed the bribery scheme and instead touted" legitimate lobbying activities. (*See, e.g.*, Compl. ¶¶ 2, 57.) Many of Plaintiff's allegations are lifted directly from the DPA. (*See, e.g.*, *id.* ¶¶ 7–8, 40, 52, 56–69.) The indictment charges Ms. Pramaggiore with bribery, conspiracy, and violations of the Foreign Corrupt Practices Act based on the same alleged misconduct detailed in the DPA. *See generally* Indictment, *McClain*,

---

[3] Obviously, the government has not brought the instant proceeding. However, courts have ordered partial stays of discovery in civil proceedings brought by non-government plaintiffs, including private securities suits. *See, e.g.*, *Caremark Int'l, Inc. Securities Litig.*, 1995 WL 557496, at *3 (N.D. Ill. Sept. 14, 1995) (extending a partial stay permitting plaintiffs to "conduct discovery only by means of document requests and limited interrogatories, specifically excluding questions going to the heart of the alleged wrongdoing"); *Baker v. SeaWorld Entertainment, Inc.*, 2017 WL 6059121, at *3 (S.D. Cal. Dec. 7, 2017) (extending temporary partial stay of discovery in federal securities case).

4

Case No. 20-CR-812. The substantial overlap between the proceedings weighs in favor of a stay. *Nowak*, 2020 WL 3050225, at *3 (citing *Doe v. City of Chicago*, 360 F. Supp. 2d 880, 881 (N.D. Ill. 2005)).

## II. Ms. Pramaggiore Is Under Indictment in the Criminal Proceedings.

The fact that an indictment already has been returned against Ms. Pramaggiore also weighs strongly in favor of granting a stay. *See Cruz*, 1997 WL 370194, at *3 ("While it is unclear as to when the criminal defendants will go to trial, the fact that indictments have been issued suggests a stay would be appropriate."); *Nowak*, 2020 WL 3050225, at *3 (citing *Salcedo v. City of Chicago*, 2010 WL 2721864, at *3 (N.D. Ill. July 8, 2010)) ("Generally, once an indictment is handed down, as is the case here, a stay is appropriate.") (internal quotation marks omitted); *Hollinger*, 2008 WL 161683, at *2 ("The strongest case for granting a stay is where a party under criminal indictment is required to defend a civil proceeding involving the same matter.").

## III. The Interests of the Parties and the Public Support Entry of a Limited Stay of Definite Duration.

The limited stay Ms. Pramaggiore seeks balances the interests and rights of the parties and the public while avoiding prejudice. The primary interests at stake are: (1) the parties' and the public's interest in the "prompt disposition of civil litigation"; and (2) the substantial burden imposed on Ms. Pramaggiore if she must choose between waiving her Fifth Amendment right and suffering an adverse inference.[4] *Nowak*, 2020 WL 3050225, at *3–4; *see also Chagolla*, 529

---

[4] The public also has an interest in avoiding "duplication of efforts and [ ] waste of judicial time and resources." *Nowak*, 2020 WL 3050225, at *3–4. Though parallel proceedings always raise the risk of redundant or inefficient discovery, *id.*, adopting Ms. Pramaggiore's modest proposal would not result in duplicative discovery in the civil matter, nor would it alter the discovery schedule set by the Court.

5

F. Supp. 2d at 946–47; *Cruz*, 1997 WL 370194, at *3. Both of these interests would be protected by a limited stay of definite duration.

Ms. Pramaggiore is only one of several defendants in this complex securities matter. Recognizing that a complete stay of all proceedings pending the resolution of the criminal matter would impose a significant delay in this multiparty case, Ms. Pramaggiore seeks much more limited relief: a stay only of her obligation to answer the complaint and respond to written and oral discovery implicating her Fifth Amendment right until seventy-five days before the close of fact discovery. With this more limited stay, Ms. Pramaggiore would engage in document discovery and otherwise participate in the case without being compelled to choose between defending herself in this case and preserving her constitutional right against self-incrimination. The other parties would not be prejudiced, as they would be able to substantially complete discovery promptly "before memories fade, computer files corrupt, and documents are lost." *Nowak*, 2020 WL 3050225, at *2; *see also Jones*, 216 F.R.D. at 451 (finding limited prejudice to a plaintiff where she could "continue to proceed with discovery, including additional depositions of fact witnesses not involved in the [overlapping criminal investigation].").

Critically, Ms. Pramaggiore's proposal would allow the Court to revisit the issue of the stay seventy-five days prior to the close of fact discovery. The duration of the stay would serve two purposes. First, it would allow time for both the criminal and civil matters to develop further[5] such that Ms. Pramaggiore may be in a better position to assess whether to seek an additional stay, invoke her Fifth Amendment right against self-incrimination, or waive her Fifth Amendment right and participate fully in the civil proceedings. Second, in the event that no

---

[5] For example, a trial date may be set in the criminal matter, Lead Plaintiff may file an amended complaint in this matter, or this Court may rule on Lead Plaintiff's class certification motion, among other things.

6

additional stay is appropriate, the duration of the stay would provide the parties sufficient time to seek supplemental discovery from Ms. Pramaggiore while still adhering to the schedule set by the Court. The narrow stay Ms. Pramaggiore seeks would ensure that the civil matter would move forward in a timely fashion with limited modifications while at the same time avoiding significant prejudice to Ms. Pramaggiore.

## CONCLUSION

For the foregoing reasons, Ms. Pramaggiore respectfully requests a partial stay of limited duration. Specifically, Ms. Pramaggiore seeks relief from her obligations to provide testimonial evidence, including (1) answering the complaint; (2) responding to written discovery that implicates her Fifth Amendment rights; and (3) giving a deposition. Ms. Pramaggiore requests this stay until seventy-five days before the close of fact discovery, at which time the Court may assess whether a continued stay is appropriate.

Date: May 26, 2021

/s/ David A. Gordon
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
SIDLEY AUSTIN LLP
One South Dearborn St.
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne
Pramaggiore*

7

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on May 26, 2021, a true and accurate copy of the foregoing was electronically filed with the CM/ECF system of the United States District Court for the Northern District of Illinois, which sends notice to counsel of record via e-mail.

*/s/ David A. Gordon*
David A. Gordon