UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No.: 1:19-cv-08209 |
| | ) | CLASS ACTION |
| Plaintiff, | ) ) | Honorable Virginia M. Kendall |
| vs. | ) | |
| EXELON CORPORATION et al., | ) ) | |
| Defendants. | ) ) ) | |

AGREED CONFIDENTIALITY ORDER

The parties to this Agreed Confidentiality and Rule 502(d) Order (the "Parties")[1] have agreed, by and through their respective undersigned counsel, to the terms of this Order; accordingly, it is ORDERED:

1.     **Scope.**  All Discovery Material (defined below) produced or adduced in the course of discovery in the above-captioned action, *Flynn v. Exelon Corp.*, No. 1:19-cv-08209 (the "Action") shall be subject to this Order. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods. This Order shall become effective as a Stipulation among the Parties immediately upon its execution, even if not yet entered by the Court.

2.     **Definition of Discovery Material.**  Any information provided in the course of discovery in this Action, including, but not limited to, initial disclosures, responses to discovery requests and documents produced pursuant thereto, deposition testimony and exhibits, and information derived directly therefrom.

3.     **Definition of Designated Discovery Material.**     Any Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Order.

4.     **Confidential Discovery Material.**  Any party or non-party producing Discovery Material (the "Producing Party") may designate as "Confidential" subject to this Order any Discovery Material as the Producing Party believes in good faith falls within one or more of the following categories: (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) competitively or commercially sensitive research, technical, business, commercial or financial information or communications that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information;

---

[1]     The Parties are concurrently submitting a redline version comparing this Agreed Confidentiality and Rule 502(d) Order to the Court's model Confidentiality Order (Form LR 26.2).

(f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; (g) personnel or employment records of a person who is not a party to the case; (h) information that the Producing Party is under a preexisting contractual or other obligation to a party or third-party to treat as confidential; (i) information of a personal or intimate nature regarding any individual; or (j) any other category of information hereinafter given confidential status by the Court. Discovery Material that is available to the public may not be designated as Confidential Information. Nothing in this Order prejudices in any way any objection to, or position concerning, production of the foregoing.

5. **Highly-Confidential Discovery Material.** Any Producing Party may designate as "Highly Confidential" subject to this Order any Discovery Material as the Producing Party believes in good faith consists of information that is of such a commercially or competitively sensitive nature that a substantial risk of competitive, economic, reputational, or financial harm would be created if the Discovery Material were disclosed to persons other than those identified in paragraph 11 of this Order, such as highly-confidential correspondence with government agencies regarding regulatory inquiries. Discovery Material that is available to the public may not be designated as Highly Confidential. Nothing in this Order prejudices in any way any objection to, or position concerning, production of the foregoing.

6. **Designation.** A party may designate Discovery Material as Confidential or Highly Confidential for protection under this Order by placing or affixing the words "Confidential" or "Highly Confidential" on the Discovery Material and on all copies in a manner that will not interfere with the legibility or audibility, or with respect to documents produced in native format, by producing a one-page tagged image file format place-holder stating "Confidential" or "Highly Confidential." As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Designated Discovery Material. The markings

- 2 -

described above shall be applied prior to or at the time of the documents are produced or disclosed. Applying the markings described above to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked as described above shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential or Highly Confidential Discovery Material are not required to be marked.

7.      The designation of Discovery Material as Confidential is a certification by an attorney or a party appearing pro se that the document contains Confidential Discovery Material as defined in this Order.  The designation of Discovery Material as Highly Confidential is a certification by an attorney or a party appearing pro se that the document contains Highly Confidential Discovery Material as defined in this Order.[2]

8.      To the extent that a party is requested to produce in the Action Discovery Material that it has previously produced in another action, investigation, inquiry, or regulatory proceeding, the party may choose to reproduce in the Action the Discovery Material with the same confidentiality designation that it bore in the other action, investigation, inquiry, or proceeding, and the Discovery Material shall be treated as Confidential or Highly Confidential in this Action, based on its previous designation, unless it is reproduced with a new confidentiality designation, at which time it will be treated according to the new confidentiality designation.

---

[2]    An attorney who reviews the documents and designates them as Confidential or Highly Confidential must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents Confidential or Highly Confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

9. **Depositions.** Unless all Parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Discovery Material until 30 days after the designating party receives the final transcript, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to the testimony that is designated Confidential or Highly Confidential, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential or Highly Confidential, unless otherwise ordered by the Court.

10. **Protection of Designated Discovery Material.**

(a) **General Protections.** Unless otherwise agreed by the Parties, Designated Discovery Material shall not be used or disclosed by the Parties, counsel for the Parties or any other persons identified in subparagraph (b) for any purpose whatsoever other than in this Action, including any appeal thereof. In a putative class action, Designated Discovery Material may be disclosed only to the Lead Plaintiff and any named plaintiff(s) as described below and not to any other member of the putative class unless and until a class including the putative member has been certified.

(b) **Disclosure of Confidential Discovery Material .** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Confidential Discovery Material:

> **(1) Counsel.** Counsel retained for this Action and the paralegals, employees, and other staff of such counsel who have responsibility for the Action;

- 4 -

**(2)**     **Parties.** The Parties to this Action;

**(3)**     **The Court and its personnel**;

**(4)**     **Court Reporters and Vendors.** Court reporters and recorders engaged for depositions, and other professional vendors to whom disclosure is reasonably necessary for this Action;

**(5)**     **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(6)**     **Consultants and Experts.** Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(7)**     **Witnesses at depositions.** During their depositions, witnesses in this Action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(8)**     **Author or recipient.** The author, addressee, or recipient of the document (not including a person who received the document in the course of litigation);

**(9)**     **Mediator.** Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

**(10)**     **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

11.     **Disclosure of Highly Confidential Discovery Material.** The Parties and counsel for the Parties shall not disclose or permit the disclosure of any Highly Confidential Discovery Material to any third person or entity except as set forth in subparagraphs (1)-(10) below. Subject to these requirements, the following categories of persons may be allowed to review Highly Confidential Discovery Material:

**(1)** **Counsel.** Counsel retained for this Action and the paralegals, employees, and other staff of such counsel who have responsibility for the Action;

**(2)** **The Court and its personnel**;

**(3)** **Court Reporters and Vendors.** Court reporters and recorders engaged for depositions, and other professional vendors to whom disclosure is reasonably necessary for this Action;

**(4)** **Contractors.** Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

**(5)** **Consultants and Experts.** Consultants, investigators, or experts, along with their staff, employed by the Parties or counsel for the Parties to assist in the preparation and trial of this Action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

**(6)** **Witnesses at depositions.** During their depositions, witnesses in this Action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Highly Confidential Discovery Material, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Highly Confidential pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

**(7)** **Author or recipient.** The author, addressee, or recipient of the document (not including a person who received the document in the course of litigation);

**(8)** **Mediator.** Any mediator, arbitrator, or other person engaged for the purpose of alternative dispute resolution of this Action; and

**(9)** **Limited Party Disclosure.** Counsel for the Court-appointed Lead Plaintiff may disclose Highly Confidential Discovery Material to Lead Plaintiff, to the extent reasonably necessary to be informed of the proceedings. Lead Plaintiff shall not retain a copy of documents containing Highly Confidential Discovery Material.

**(10)** **Others by Consent.** Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

12.     **Non-Parties.**  Non-parties who are requested to produce documents or things or provide testimony in this Action may avail themselves of the provisions of this Order and may designate and produce documents, things, or testimony as containing Confidential or Highly Confidential information in accordance with its provisions without further Action by the Court.

13.     **Control of Documents.**  Counsel for the Parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Designated Discovery Material. Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

14.     **Inadvertent Failure to Designate.**  An inadvertent failure to designate a document as Confidential or Highly Confidential does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. If a party designates a document as Confidential or Highly Confidential after it was initially produced, the receiving party, on notification of the designation, must make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential or Highly Confidential, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential or Highly Confidential.

15.     **Privileged Material Disclosure and Rule 502(d) Order.**  If a Producing Party discloses to a receiving party information subject to a claim of attorney-client privilege or attorney work product protection that would otherwise apply, such disclosure shall not constitute or be deemed a waiver or forfeiture of any privilege or work product protection with respect to the specific disclosed Discovery Material that is being claimed as privileged or protected.

16.     **Time For Asserting Privilege and Protection.**  The Producing Party may assert privilege or protection over produced Discovery Material at any time by notifying the receiving party in writing of the assertion of privilege or protection, except that:

(a)     affirmative use of the Discovery Material by the Producing Party in the Action waives privilege and protection with respect to it, and of other Discovery Material to the extent provided by Federal Rules of Evidence, Rule 502(a); and

(b)     upon use in the Action by another of Discovery Material that is being claimed as privileged or protected that was produced by a party, that Producing Party must promptly assert any claimed privilege and/or protection over it and request return or destruction thereof.

17.     **Disputing Claims of Privilege/Protection Over Produced Documents.**  Upon notification from the Producing Party that Discovery Material that is being claimed as privileged or protected has been produced, the receiving party will:

(a)     to whatever extent it contests the assertion of privilege or protection, promptly so notify the Producing Party, and maintain the contested Discovery Material in confidence pending resolution of the contest by the Court (in the event of a contested assertion of privilege or protection over produced Discovery Material that cannot be resolved amicably after meeting and conferring in good faith pursuant to LR 37.2, either party may bring the contest to the attention of the Court by motion); and

(b)     to whatever extent the receiving party does not contest the assertion of privilege or protection, make no use of or otherwise disclose the Discovery Material that is being claimed as privileged or protected, and promptly certify in writing to the Producing Party that it has returned or destroyed the applicable Discovery Material, and has made reasonably diligent efforts to (i) delete any electronic versions from any data source or any database it maintains; (ii)

- 8 -

retrieve all electronic and paper copies provided to any third parties, including experts; and (iii) destroy any notes that reveal the substance of the claimed privileged or protected information.

18. **Filing of Confidential Information.** This Order does not, by itself, authorize the filing of any document under seal. Any party wishing to file Designated Discovery Material in connection with a motion, brief or other submission to the Court must comply with LR 26.2.

19. **No Greater Protection of Specific Documents.** Except on privilege grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

20. **Challenges by a Party to Designation as Confidential or Highly Confidential.** The designation of any Discovery Material as "Confidential" or "Highly Confidential" is subject to challenge by any party. The following procedure shall apply to any such challenge.

    (a) **Meet and Confer.** A party challenging the designation of Discovery Material as Confidential or Highly Confidential must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

    (b) **Judicial Intervention.** A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the

designating party. Until the Court rules on the challenge, all Parties shall continue to treat the Discovery Material as Confidential or Highly Confidential under the terms of this Order.

21. **Action by the Court.** Applications to the Court for an order relating to materials or documents designated Confidential or Highly Confidential shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

22. **Use of Designated Discovery Material at Trial.** Nothing in this Order shall be construed to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Designated Discovery Material at a hearing or trial shall bring that issue to the Parties' and Court's attention by motion or in a pretrial memorandum without disclosing the Confidential or Highly Confidential Discovery Material. Upon raising the issue, and if reasonably possible, the Parties shall meet and confer and promptly inform the Court whether or not the Parties propose an agreed way to produce or redact the Designated Material so that the material may be offered or otherwise used by any party. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

23. **Designated Discovery Material Subpoenaed or Ordered Produced in Other Litigation.**

(a) If a receiving party is served with a subpoena, order, or request issued in other litigation or proceeding that would compel disclosure of any Designated Discovery Material, the receiving party must so notify the designating party, in writing, immediately and in no event more than three business days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

- 10 -

(b)      The receiving party also must immediately inform in writing the party who caused the subpoena, order, or request to issue in the other litigation or proceeding that some or all of the material covered by the subpoena, order, or request is the subject of this Order. In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena, order, or request to issue.

(c)      The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Designated Discovery Material in the litigation or proceeding from which the subpoena, order, or request issued. The designating party shall bear the burden and the expense of seeking protection in that court of its Designated Discovery Material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this Action to disobey a lawful directive from another court. The obligations set forth in this paragraph remain in effect while the party has in its possession, custody or control Designated Discovery Material by the other party to this case.

24.      **Challenges by Members of the Public to Sealing Orders.** A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

25.      **Obligations on Conclusion of Litigation.**

(a)      **Order Continues in Force.** Unless otherwise agreed or ordered, this Order shall remain in force after settlement, discontinuance, dismissal, judgment, or any other disposition of the Action.

(b)      **Obligations at Conclusion of Litigation.** Within sixty-three days after dismissal or entry of final judgment not subject to further appeal, all  Discovery Material

- 11 -

designated as "Confidential" or "Highly Confidential," and all copies thereof, shall be promptly returned to the Producing Party, or destroyed, at the receiving party's discretion. At that time, each receiving party will certify to the Producing Party via email that they have complied with this paragraph.

(c) **Work Product and Archival Copy.** Notwithstanding the above requirements to return or destroy documents, counsel may retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Designated Discovery Material under this Order.

(d) **Deletion of Documents filed under Seal from Electronic Case Filing (ECF) System.** Filings under seal shall be deleted from the ECF system only upon order of the Court.

26. **Order Subject to Modification**. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

27. **No Prior Judicial Determination.** This Order is entered based on the representations and agreements of the Parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated as Confidential or Highly Confidential by counsel or the Parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

28. **Other Objections.** Nothing in this Order shall be deemed a waiver of any right that a Party would otherwise have to object to disclosing or producing any document or information in this Action or any other proceeding. This Order shall not constitute a waiver of the right of any Party to claim in this Action or otherwise that any documents, or any portion thereof,

is privileged or otherwise non-discoverable (including, without limitation, on the basis of relevance, burden, expense, privilege, or other evidentiary immunity), or is not admissible in evidence in this Action or any other proceeding. Nothing in this Order is intended to alter the presumption of public access to court records, and this Order shall not constitute a waiver of the right of any Party to move for relief from the limitations of this Order at any future time.

29. **Persons Bound.** This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the Parties, and persons made subject to this Order by its terms. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

DATED: May 27, 2021          Respectfully submitted,

ROBBINS GELLER RUDMAN & DOWD LLP

*/s/ Frank A. Richter*
James E. Barz (IL Bar # 6255605)
Brian E. Cochran (IL Bar # 6329016)
Frank A. Richter (IL Bar # 6310011)
Gina Buschatzke (IL Bar # 6332510)
Cameran Gilliam (IL Bar # 6332723)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com
cgilliam@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

- 14 -

RILEY SAFER HOLMES & CANCILA
LLP

*/s/ Matthew C. Crowl*
Matthew C. Crowl, #6201018
Brian O. Watson, #6304248
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
mcrowl@rshc-law.com
bwatson@rshc-law.com

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh
Edmund Polubinski III
Mari Byrne
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835
rouhandeh@davispolk.com
edmund.polubinski@davispolk.com
mari.byrne@davispolk.com

*Attorneys for Defendants Exelon*
*Corporation, Commonwealth Edison*
*Company, Christopher M. Crane, William A.*
*Von Hoene, Jr., and Joseph Dominguez*

- 15 -

- 16 -

SIDLEY AUSTIN LLP

*/s/ David A. Gordon*
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*


**O R D E R**

IT IS SO ORDERED.

DATED:   _June 1, 2021__

_____
THE HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

**ATTACHMENT A**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, ) ) | CLASS ACTION |
| vs. ) ) | Honorable Virginia M. Kendall |
| EXELON CORPORATION et al., ) ) ) | |
| Defendants. ) ) ) | |

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

- 17 -

- 18 -

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated

_____ in the above-captioned action and attached hereto, understands the terms

thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the

United States District Court for the Northern District of Illinois in matters relating to the

Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her

to use Designated Discovery Material in accordance with the Order solely for the purposes of the

above-captioned action, and not to disclose any such Designated Discovery Material to any other

person, firm or concern.

The undersigned acknowledges that violation of the Confidentiality Order may result in

penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____    Signature:_____