UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXELON CORPORATION, et al.,<br><br>Defendants. | Case No.: 1:19-cv-08209<br><br><u>CLASS ACTION</u><br><br>Honorable Virginia M. Kendall |

LEAD PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR CERTIFICATION
FOR AN INTERLOCUTORY APPEAL OF THIS COURT'S APRIL 21, 2021 ORDER

4813-8226-7630.v1

**TABLE OF CONTENTS**

<div align="right"><b>Page</b></div>

I.     INTRODUCTION .................................................................................................1

II.    ARGUMENT......................................................................................................2

       A.    Legal Standards.........................................................................................2

       B.    Whether Items 105 and 303 Can Form the Basis of a §10(b) Claim Is Not Contestable...................................................................................................3

       C.    Defendants' Second Issue Is Not a Question of Law ..............................5

       D.    Interlocutory Appeal Will Not Speed Resolution of the Litigation........6

III.    CONCLUSION..................................................................................................10

4813-8226-7630.v1

## I.      INTRODUCTION

Defendants' motion for certification of two questions for an interlocutory appeal should be denied.[1]  As to the first question Defendants seek to certify, while there is a split of authority, the issue of whether Items 105 and 303 can form the basis for a §10(b) claim is not "contestable."  *See Shah v. Zimmer Biomet Holdings, Inc.*, 2019 WL 762510, at *6 (S.D. Ind. Feb. 20, 2019) (denying interlocutory appeal of order denying motion to dismiss Item 303 claim and finding that, despite split in authority, issue was "not particularly contestable").

The second question raised by Defendants also fails to meet the standard for interlocutory appeal because it is not a question of law, but of the application of facts to law.  Defendants seek to review whether there is "an affirmative duty to disclose *any and all* regulatory noncompliance" (Defs. Br. at 1) which simply takes issue with the Court's application of the alleged facts to the Items 105 and 303 standards.  *See United States v. Shanrie Co.*, 2007 WL 1749220, at *3 (S.D. Ill. June 15, 2007) (denying certification for appeal where the issues "were *not* 'pure' questions of law" but "involved an application of the law to the facts" and "[t]he Seventh Circuit has made it clear that this type of fact-intensive determination is not appropriate for interlocutory appeal") (emphasis in original).

Finally, and most importantly, both questions fail to meet the stringent standard for interlocutory appeal because an appeal will not speed resolution of the case but will only slow down resolution and delay discovery on issues that are already several years old.  This case arises from Defendants' concealment of an eight-year bribery scheme, which they had a duty to disclose both (i) under Items 105 and 303, and (ii) because the statements they chose to make were misleading in

---

[1]  "Defendants" refers to all the defendants in the case – those initially seeking interlocutory appeal, *see* ECF No. 115 ("Defs. Br."), and defendant Anne Pramaggiore, who joined the motion, *see* ECF No. 121.  Citations are omitted and emphasis added throughout unless otherwise indicated.

- 1 -

light of the omitted facts. *See* ECF No. 100 (the "Order") at 15-19. Defendants concede that their omission of the bribery scheme is at the core of both the Item 303 and false statement §10(b) claims. *See* Defs. Br. at 3, 13. That admission proves that any interlocutory appeal will not speed disposition of the case as, just one day before this brief was due, a court in this District held that interlocutory appeal could not "speed up [the] litigation for the simple reason that there are remaining claims in the lawsuit. . . ." *Siegal v. GEICO Casualty Co.*, 2021 WL 2413155, at *3 (N.D. Ill. June 14, 2021). An appeal will not speed resolution of the litigation because Defendants face the same basic claim, discovery burdens, and liability under both bases for liability. *See id.*; *see also F.D.I.C. v. Mahajan*, 2013 WL 3771419, at *4 (N.D. Ill. July 16, 2013) (denying motion for interlocutory appeal because it would not speed resolution of the litigation as "liability of the Defendants remains fully at issue and an [appeal] will not truncate litigation"). Disposing of Items 105 and 303 will not dismiss any defendant, alter the Class Period, or reduce the discovery burdens or damages exposure for the false and misleading statements, so it cannot materially advance resolution of the litigation or even settlement negotiations.

Thus, Defendants' motion should be denied.

## II.     ARGUMENT

### A.      Legal Standards

Interlocutory appeals "should be granted 'sparingly and with discrimination.'" *Whitmore v. Symons Int'l Grp., Inc.*, 2012 WL 3308990, at *1 (S.D. Ind. Aug. 13, 2012). They are not intended as a "second bite at the apple" for a party to reargue issues that the court already has addressed and rejected. *Republic Tobacco Co. v. N. Atl. Trading Co., Inc.*, 381 F.3d 717, 728 (7th Cir. 2004). In short, "[c]ertification is the exception and not the rule." *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995). Interlocutory appeal "is especially rare in the early stages of litigation," and particularly with regard to motions to dismiss securities class

- 2 -

actions. *See In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 533 (S.D.N.Y. 2013)* ("*Facebook II*") ("Securities actions in the motion to dismiss stage often cannot be resolved by pure questions of law, and resolution of pure questions of law by the appellate court does not obviate subsequent applications of fact to the determined law.").

Within that context, under 28 U.S.C. §1292(b), there are four criteria for an interlocutory appeal: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis omitted). Even if "all four requirements have been met, an interlocutory appeal is not mandatory but is instead still within the discretion of the trial court." *Zimmer Biomet*, 2019 WL 762510, at *2 (quoting *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("'Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.'")). In contrast, an interlocutory appeal must not be granted unless all four criteria "'are satisfied.'" *Mahajan*, 2013 WL 3771419, at *3. Granting interlocutory appeal when all four criteria have not been met "'is merely to waste [the appellate court's] time and delay the litigation in the district court, since the proceeding in that court normally grinds to a halt.'" *Id.* (quoting *Ahrenholz, 219 F.3d at 675-76*).

### B. Whether Items 105 and 303 Can Form the Basis of a §10(b) Claim Is Not Contestable

Defendants main question for interlocutory appeal – whether violations of Items 105 and 303 can form the basis of a §10(b) claim – fails to meet the third criteria for interlocutory appeal.[2] Defendants rely solely on the fact that there is a split of authority, but that does not alone make it "contestable" for interlocutory appeal. *See Zimmer Biomet*, 2019 WL 762510, at *3-*7 (denying

---

[2] Lead Plaintiff does not concede that any of the four criteria are met, but since all four must be met, Lead Plaintiff focuses its argument on the criteria that are most clearly lacking.

- 3 -

interlocutory appeal despite split of authority); *Facebook II*, 986 F. Supp. 2d at 541 (denying interlocutory appeal and holding that the """"mere presence of a disputed issue that is a question of first impression, standing alone, is insufficient""""). Defendants rehash their prior merits arguments and recycle the same out-of-circuit and older decisions, but fail to cite any cases granting interlocutory appeal and finding the Item 303 issue is "contestable." *See* Defs. Br. at 4-9. Defendants' inability to do so speaks volumes and undermines their argument that they have met the applicable standard.

In contrast, a court recently denied interlocutory appeal of this very issue and found it was "not particularly contestable" in the Seventh Circuit. *Zimmer Biomet*, 2019 WL 762510, at *6. In *Zimmer Biomet*, the court denied defendants' motion to dismiss a §10(b) claim based on Item 303. *Id.* at *3. Defendants sought certification for interlocutory appeal, and the court denied the request. *Id.* at *3-*7. The court acknowledged that there was a circuit split on the issue but stated that it "firmly believe[s] that the Second Circuit's approach [upholding the claim] is a much sounder approach, and it is one the Seventh Circuit is likely to take." *Id.* at *5. The court reasoned that the Seventh Circuit had already signaled its "receptivity to Item 303 as a basis for disclosure." *Id.* (citing *Gallagher v. Abbott Laby's*, 269 F.3d 806, 810 (7th Cir. 2001)). Moreover, in upholding the Item 303 allegations in this case, this Court cited the two most recent decisions deciding the issue from this District, both in 2020, which also upheld such claims. Order at 16. Tellingly, the defendants in each of those two recent cases did not even seek interlocutory appeal of the Item 303 ruling, even though one of them sought interlocutory appeal on other issues. *See Holwill v. AbbVie Inc.*, 2021 WL 1540998 (N.D. Ill. Apr. 19, 2021) (denying motion for certification for interlocutory appeal).

Defendants have failed to meet their "heavy burden" of showing it is a "contestable" issue within the Seventh Circuit, and their motion should be denied.

- 4 -

4813-8226-7630.v1

### C.     Defendants' Second Issue Is Not a Question of Law

Defendants' second issue for appeal, "whether Items 105 and 303 'impose a duty [on a company] to disclose *any* regulatory noncompliance in its SEC forms – specifically, whether they impose a duty to disclose where such noncompliance was uncharged and unadjudicated" (Defs. Br. at 6 (alteration and emphasis in original)), is not a question of law.  Thus, it fails to meet the first requirement for interlocutory appeal.  *See Ahrenholz*, 219 F.3d at 675.[3]

A question of law goes to "the meaning of a statutory or constitutional provision, regulation or common law doctrine." *GEICO*, 2021 WL 2413155, at *1.  Recognizing the uphill battle they face, Defendants attempt to twist the application of fact to law into a broad legal holding by suggesting the Court held companies must always "disclose *any* regulatory noncompliance in its SEC forms." *See* Defs. Br. at 1.  That is not accurate.  *See* Order at 16.  The Court only found that, at the motion to dismiss stage, the facts alleged *in this case* were sufficient to state a claim.  *See id. at 16-17*.  Thus, Defendants cannot appeal the application of facts to law.  *See, e.g.*, *Snap-On Inc. v. Robert Bosch, LLC*, 2013 WL 12313328, at *2 (N.D. Ill. Sept. 6, 2013) (rejecting certification of appeal on motion to dismiss and holding that the "Court's application of the facts to the applicable law . . . is not considered a question of law").

For example, in *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 487, 513 (S.D.N.Y. 2013) ("*Facebook I*"), the court denied a motion to dismiss, finding that Item 303 required the defendants to disclose a negative trend they had identified during the quarter leading up to the filing of their initial public offering.  Defendants moved to certify for appeal the broadly framed question of whether "companies must provide updates *whenever* a disclosed trend or risk appears to be having an intra-quarter impact on revenues." *Facebook II*, 986 F. Supp. 2d at 538.  However

---

3    Since it is not a question of law, it necessarily cannot be a controlling question of law nor a "contestable" one either. *Id.*

broadly framed, the defendants were seeking to appeal, just as in this case, merely the application of facts (the particular negative intra-quarter impact in that case) to law. *See also* Defs. Br. at 6. Interlocutory appeal was denied because it was "a 'fact-specific inquiry'" that is "inappropriate for interlocutory review as 'Section 1929(b) is not . . . a mechanism for "securing early resolution of disputes concerning whether the trial court properly applied the law to the facts."'" *Facebook II, 986 F. Supp. 2d at 537*. The same is true here and Defendants do not cite any support that their second question is a "question of law." *See* Defs. Br. at 6-9; *see also GEICO, 2021 WL 2413155, at *2* (rejecting defendants' argument that it was raising a question of law because the "argument amounts to a disagreement in how the Court applied the law to the facts of this case").

### D. Interlocutory Appeal Will Not Speed Resolution of the Litigation

Defendants face liability for omission of the bribery scheme under both the (i) Items 105 and 303 and (ii) false and misleading statements theories of liability, which this Court has upheld. Order at 15-19. Defendants have not argued, nor could they, that their discovery burdens or damages will be reduced by elimination of Items 105 and 303. *See* Defs. Br. at 14-15. Absent an impact on discovery or damages, there is no way to speed resolution or settlement, as the relative strengths and weaknesses of the case will not be materially impacted. *See Zimmer Biomet, 2019 WL 762510, at *6* (denying interlocutory appeal of order denying motion to dismiss Item 303 claim because it would not speed resolution of the case in light of pending false statement claims). In contrast, an appeal is certain to delay resolution of the litigation and increase the burdens on the parties as they brief and argue an appeal. *See, e.g.*, *Snap-On, 2013 WL 12313328, at *1* (stating that the "Seventh Circuit has indicated that interlocutory appeals are disfavored" because "they interrupt the progress of a case and prolong its disposition").

Unable to argue that their discovery burdens will be materially reduced or their damages exposure curtailed, Defendants make conclusory arguments that, if the Items 105 and 303 bases for

- 6 -

liability were dismissed on appeal, then Plaintiff would face a tougher burden of certifying a class and proving Defendants' statements were false or misleading. Defs. Br. at 9-15. But conclusions do not satisfy the showing required. *See also Bank of Am. N.A. v. River W. Plaza-Chicago LLC*, 2010 WL 2837196, at *2 (N.D. Ill. July 15, 2010) (denying certification for interlocutory appeal where movant "offer[ed] little more than conclusory assertions"). Both arguments are without merit.

As to class certification, Defendants offer no factual or legal support for their conclusory assertion. Instead, they merely assert that class certification is much easier under the *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128 (1972) presumption of reliance available for Item 303 and much harder under the *Basic Inc. v. Levinson*, 485 U.S. 224, 247 (1988) presumption of reliance available for the false statements. Defs. Br. at 9-13. In doing so, Defendants overlook that class certification reportedly was "denied in only 1% of securities class actions resolved between 2011 and 2020." *See* Jared Gerber and Allison Kim, Law360.com, "Justices Must Weigh Class Cert. Denial Stats in Goldman Case" (May 18, 2021), *available at* https://www.law360.com/articles/1385883/justices-must-weigh-class-cert-denial-stats-in-goldman-case. This is so because securities fraud cases are ideal candidates for class certification. *See Schleicher v. Wendt*, 618 F.3d 679, 682 (7th Cir. 2010) (noting that "common questions predominate and class certification is routine" in securities class actions); *see also In re Allstate Corp. Sec. Litig.*, 2020 WL 7490280, at *7 (N.D. Ill. Dec. 21, 2020) (granting class certification and applying *Basic* presumption); *Pub. Emps.' Ret. Sys. of Miss. v. TreeHouse Foods, Inc.*, 2020 WL 919249, at *10 (N.D. Ill. Feb. 26, 2020) (same). In fact, defendants in a securities case tried to get the U.S. Supreme Court to undo the *Basic* presumption of reliance, with the support of numerous amicus briefs from corporate interests making the very argument that class certification was granted under the *Basic* presumption so routinely. *See Halliburton Co. v. Erica P. John Fund, Inc.,* Brief for Chamber of Commerce of the U.S.A., *et al.*, as Amici Curia, 2013 WL 5652546, at *8 (S. Ct. Oct. 11, 2013)

- 7 -

4813-8226-7630.v1

(arguing that under *Basic*, "plaintiffs claiming securities fraud obtain class certification as a matter of course in nearly any case where the relevant security was traded in large volumes on an established exchange"). However, the Supreme Court rejected those arguments and kept the presumption in place. *See Halliburton Co. v. Erica P. John Fund, Inc.*, 573 U.S. 258, 274-77 (2014).[4] Thus, an interlocutory appeal will not have any material impact on class certification.

As to Defendants' argument that it will be much harder for Lead Plaintiff to prove its case without Items 105 and 303, that argument is without merit for two reasons. The jury will evaluate whether the concealment of the bribery scheme was a material omission made with scienter, regardless of Items 105 and 303. *See* Order at 7-14, 17-19 (denying motion to dismiss for misleading statements omitting bribery scheme). Moreover, Defendants incorrectly assume that evidence of the Items 105 and 303 violation would be excluded if it were held not to be an independent basis for liability. *See* Defs. Br. at 11. For example, in moving to dismiss, Defendants placed primary reliance upon the Ninth Circuit's decision in *NVIDIA* that held Item 303 cannot form an independent basis for a §10(b) claim. Defs. Br. at 5-6. But even *NVIDIA* did not foreclose the use of an Item 303 violation as evidence relevant to whether a statement made was false or misleading. *See In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1056 (9th Cir. 2014) (discussing *Kafenbaum v. GTECH Holdings Corp.*, 217 F. Supp. 2d 238, 249 (D.R.I. 2002), which found an Item 303 violation can be relevant evidence). Thus, dismissal of Items 105 and 303 as a basis for liability will not reduce discovery, not make proving falsity more difficult, nor "speed up" the litigation. *See GEICO*, 2021 WL 2413155, at *3 (finding appeal of denial of motion to dismiss as to one claim would not speed litigation because claims based upon same statute remained).

---

[4]    Defendants rely on *Costello v. BeavEx, Inc.*, which is distinguishable because the issue there did go to whether the claim was even "suitable for class resolution." 2014 WL 12775669, at *3 (N.D. Ill. Dec. 1, 2014). Here, even without *Affiliated Ute*, Lead Plaintiff would still have the presumption under *Basic* which routinely leads to certification. *See supra.*

Again, this case is like *Zimmer Biomet*, which found that the litigation would not be expedited by an interlocutory appeal on the issue of liability under Item 303. The court began by observing that "[i]nterlocutory appeals are discouraged because they bog down the efficient movement of litigation" and the "bar is set very high to obtain one." *Zimmer Biomet*, 2019 WL 762510, at *2. The court then found that the litigation would not be advanced by resolution of the Item 303 claim because there would still "be live claims unaffected by elimination of Item 303 as a basis for liability" just as there are in this case. *Id.* at *6. Moreover, the court considered the "practical" issue that "from a case management or discovery perspective" the case would not be narrowed because "[t]here is simply too much overlap between" the Item 303 claim and the false statement claims. *Id.* Like the defendants in *Zimmer Biomet*, Defendants in this case have been unable to "identify any witnesses, categories of documents, or subject matter which would no longer be relevant solely as a result of axing the Item 303-based Section 10(b) claims." *Id.*; *see also Mahajan*, 2013 WL 3771419, at *4 (denying §1292(b) certification where "liability of the Defendants [would] remain[] fully at issue and interlocutory appeal will not truncate litigation").[5]

Thus, having failed to meet their "heavy burden," Defendants' motion should be denied. *See CMB Exp., LLC v. Atteberry*, 2017 WL 2766440, at *2 (C.D. Ill. June 26, 2017) (denying interlocutory appeal and stating the party seeking it "bears a heavy burden, as only 'exceptional

---

[5]    Defendants rely on distinguishable cases that involved issues that could dispose of causes of action, alter the class size, or limit damages and thereby materially impact settlement. *See, e.g.*, *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (finding that appeal of plaintiff's "main claim" would advance litigation because "the litigation will take longer" and presence of the claim "may delay settlement"); *Thrasher-Lyon v. CCS Commercial, LLC*, 2012 WL 5389722, at *2 (N.D. Ill. Nov. 2, 2012) (finding appeal could "circumscribe" the scope of the class, eliminate the individual claim, and "effectively terminate this entire case"); *Nat'l Resource Def. Counsel v. Ill. Power Resources LLC*, 2016 WL 9650981, at *5 (N.D. Ill. Nov. 2, 2016) (finding appeal could eliminate a cause of action and "encourage settlement and compromise about the damages").

- 9 -

circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgment'" (citation omitted)).

## III.    CONCLUSION

For all these reasons, Defendants' motion for certification for interlocutory appeal should be denied.

DATED:  June 15, 2021

<div style="margin-left:40%">

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA BUSCHATZKE (IL Bar # 6332510)
CAMERAN GILLIAM (IL Bar # 6332723)


       s/ James E. Barz
       JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com
cgilliam@rgrdlaw.com

Lead Counsel for Lead Plaintiff

</div>

- 10 -

4813-8226-7630.v1

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on June 15, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
 & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: jbarz@rgrdlaw.com

4813-8226-7630.v1

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mari Byrne**
  mari.byrne@davispolk.com,ecf.ct.papers@davispolk.com,daniel.magy@davispolk.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Charles Crowl**
  mcrowl@rshc-law.com,docketdept@rshc-law.com,ssluch@rshc-law.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com,jwheeler@Sidley.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Edmund Polubinski , III**
  Edmund.polubinski@davispolk.com,ecf.ct.papers@davispolk.com,james.rouhandeh@davispolk.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **James P Rouhandeh**
  rouhandeh@davispolk.com,ecf.ct.papers@davispolk.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

- **Brian O'Connor Watson**
  bwatson@rshc-law.com,docketdept@rshc-law.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Jeanne M. Jones
,

Joseph Nigro
,