UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, Plaintiff,<br><br>v.<br><br>EXELON CORPORATION et al., Defendants | No. 19 CV 8209<br><br>Hon. Virginia M. Kendall |

**GOVERNMENT'S MOTION TO INTERVENE
AND FOR A LIMITED STAY OF DISCOVERY**

The UNITED STATES OF AMERICA, by and through its attorney, JOHN R. LAUSCH, JR., United States Attorney for the Northern District of Illinois, respectfully seeks leave to intervene in the above-captioned matter under Federal Rule of Civil Procedure 24 and 28 U.S.C. § 517, and moves for a limited stay of discovery for sixty days, or until a protective order is issued, whichever is earlier. The government further requests an immediate stay of discovery while this motion is pending. For the reasons stated below, a limited stay is needed to prevent civil discovery in this case from impeding a pending criminal case and an ongoing federal investigation.[1] The government has conferred with the parties' counsel, who indicated that they will not take a position until after reviewing the government's motion.

---

[1] The government is prepared to file a statement of interest at the Court's request if the Court seeks additional information on the government's interest, and would seek leave to file it *ex parte,* under seal, and as a "highly sensitive document," as defined in U.S. District Court for the Northern District of Illinois Amended General Order 21-0003 dated April 7, 2021.

## BACKGROUND

On November 18, 2020, a federal grand jury in this district returned a nine-count indictment against Mike McClain, Anne Pramaggiore, John Hooker, and Jay Doherty, charging, among other violations, conspiring to commit an offense against the United States in violation of 18 U.S.C. § 371, federal program bribery in violation of 18 U.S.C. § 666(a)(2), and making false books and records in violation of 15 U.S.C. § 78m(b)(5) & 78ff(a). *United States v. McClain et al.*, No. 20 CR 812 (N.D. Ill.), Dkt. 1. Those charges are based on those defendants' efforts, between 2011 and 2019, to confer a stream of benefits on Public Official A, the Speaker of the Illinois House of Representatives, intending to corruptly influence and reward Public Official A's efforts to assist Commonwealth Edison Company ("ComEd") with respect to legislation affecting ComEd's business. The benefits included jobs, vendor contracts and subcontracts, and monetary payments for Public Official A's associates and allies. *Id.* The criminal case has been set for trial on September 12, 2022. *Id.*, Dkt. 51.

The government also entered into a deferred prosecution agreement with ComEd, a defendant in the above-captioned civil case, concerning its participation in the conduct alleged in the criminal case. As part of that agreement, ComEd admitted that between 2011 and 2019, the company gave, offered, and agreed to give things of value, namely jobs, vendor subcontracts, and associated monetary payments to Public Official A's associates, intending to influence and reward Public Official A to assist ComEd in connection with legislation affecting its business. *See United States v.*

2

*Commonwealth Edison Co.*, No. 20 CR 368 (N.D. Ill.), Dkt. 3.

The amended complaint in the above-captioned putative class action arises out of the same factual allegations as these criminal cases. The amended complaint alleges that the civil defendants—including ComEd and its former chief executive officer Anne Pramaggiore—engaged in bribery that they failed to disclose in securities filings. Dkt. 65. According to the complaint, defendants made false and misleading statements and misrepresentations concerning the same bribery scheme alleged in the *McClain* indictment, thereby violating the Securities Exchange Act and causing harm to a purchasers of Exelon common stock. Dkt. 65 ¶¶ 221-23.

In April 2021, this Court denied defendants' motion to dismiss the amended complaint. Dkt. 100. The Court ordered document discovery substantially completed by November 5, 2021, and fact discovery completed by June 30, 2022. Dkt. 109.

In June 2021, the government learned that plaintiffs had served discovery requests on defendant Pramaggiore, seeking information related to the criminal investigation. Thereafter, the government learned that plaintiffs had served civil subpoenas to various third parties that requested documents, including:

- "All documents produced, provided, or received by you in connection with any of the Investigations or Criminal Actions," with "Investigations" defined to include "all investigations or inquiries by the USAO concerning any of the conduct alleged in the complaint."

- "All documents, including recordings or transcripts, relating to any depositions, testimony, or witness interviews given to any Investigating Agency or in connection with any of the Investigations or Criminal Actions," with "Investigating Agency" defined to include the U.S. Attorney's Office for the Northern District of Illinois.

3

- "All communications between you and any of the Investigating Agencies relating to Exelon, ComEd, any of the Individual Defendants, or any of the Investigations or Criminal Actions."

- "All documents concerning any of the Investigations or Criminal Actions, the [Deferred Prosecution Agreement in *United States of America v. Commonwealth Edison Company*, No. 1:20-cr-00368 (N.D. Ill.)], or any other subpoenas, investigations, or inquiries regarding you, any of the Defendants, any of the Exelon and ComEd Lobbyists, or any of the Political Individuals."

The U.S. Attorney's Office is aware of multiple subpoenas that include nearly identical requests, and plaintiffs' counsel has represented that they have served over 40 subpoenas.

On August 25, 2021, the undersigned asked plaintiffs' counsel to withdraw their requests for materials related to any pending grand jury investigation and refrain from asking questions at depositions that would reveal the scope or direction of, or matters occurring before, the grand jury. While discussions are ongoing, the government has not yet been able to reach an agreement with the parties regarding the terms of a proposed protective order.

The government now moves to intervene and seek a limited stay of discovery, to prevent undue interference with the pending criminal litigation and to protect the secrecy and integrity of a pending grand jury proceeding. The government is not requesting that any party return any documents that have already been produced, nor does the government contend that documents are not discoverable in the civil case merely because they were produced to the government pursuant to a grand jury subpoena. Rather, the government is seeking a limited sixty-day discovery stay, to

4

allow time to negotiate an agreed protective order, or to pursue a motion for a protective order if an agreement cannot be reached, that protects grand jury material subject to Federal Rule of Criminal Procedure 6(e) from discovery.

## ARGUMENT

### A. Intervention Is Appropriate.

Rule 24 authorizes two forms of intervention: intervention as of right and permissive intervention. Here, intervention is appropriate under both provisions. *See, e.g., Tajonera v. Black Elk Energy Offshore Operations, L.L.C.*, No. 13-0366, 2015 WL 893447, at *7 (E.D. La. Mar. 2, 2015) (allowing government to intervene to stay discovery pending a criminal indictment under both provisions of Rule 24). The government is also entitled to intervene pursuant to 28 U.S.C. § 517.

*Intervention of Right*: Rule 24(a)(2) allows for "intervention of right" in a civil action if (1) the application to intervene is timely, (2) the applicant has an interest in the subject matter of the action, (3) disposition of the action may impede the applicant's ability to protect that interest, and (4) the applicant's interest is not adequately represented by existing parties to the litigation. *Sec. Ins. Co. of Hartford v. Schipporeit, Inc.*, 69 F.3d 1377, 1380 (7th Cir. 1995). The government meets all four requirements for intervention as of right under Rule 24(a)(2).

First, the motion to intervene is timely under the factors set forth in *South v. Rowe*, 759 F.2d 610, 612 (7th Cir. 1985). Plaintiffs would not suffer undue prejudice from the timing of the government's motion. *See Smith v. L.A. Unified Sch. Dist.*, 830

5

F.3d 843, 857 (9th Cir. 2016) ("the only 'prejudice' that is relevant under this factor is that which flows from a prospective intervenor's failure to intervene after he knew, or reasonably should have known, that his interests were not being adequately represented . . . ." (internal quotation marks and alterations omitted)). The government filed a motion to intervene just nine days after plaintiffs' counsel initially responded to the government's request to withdraw its subpoenas seeking sensitive grand jury material, and the government has continued to confer with plaintiffs' counsel. The small amount of time it took to assemble this motion will not prejudice the existing parties. By contrast, the government and the grand jury's investigation would be significantly prejudiced were this motion to intervene denied.

Second and third, the government has a significant interest in ensuring the integrity of an ongoing grand jury investigation and minimizing the extent to which civil discovery can be used to circumvent criminal discovery in the pending criminal litigation. *See SEC v. Salis*, No. 16-cv-231, 2016 WL 7239916, at *2 (N.D. Ind. Dec. 14, 2016); *SEC v. Mutuals.com, Inc.*, No. CIV.A.3:03-CV-2912-D, 2004 WL 1629929, at *2 (N.D. Tex. July 20, 2004). Indeed, the United States has intervened in situations where a criminal investigation is proceeding in parallel with civil litigation. *See, e.g., In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, ECF Nos. 2302, 3153, 3356 (N.D. Ill. June 27, 2019) (granting DOJ's motion to intervene and stay discovery based on a pending grand jury investigation, and later extending stay); *SEC v. Fleming*, No.

17-cv-7049, ECF No. 32 (N.D. Ill. Nov. 20, 2017) (granting motion by U.S. Attorney's Office to intervene and stay all proceedings in a civil case brought by the SEC).

Fourth, the parties to this litigation do not adequately represent the government's interests. The defendants are in the position of defending their alleged conduct, while the government's interest lies in investigating and prosecuting the same or similar conduct. And the plaintiffs are pursuing requests for sensitive grand jury material and communications with the government, which threatens to disclose the nature and scope of a pending grand jury investigation and impede a pending criminal case.

*Permissive Intervention*: In the alternative, the Court should permit the government to intervene under Rule 24(b)(1)(B), which allows for "permissive intervention" where the intervenor "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B). This litigation shares "common question[s] of law or fact," Rule 24(b)(1)(B), with the grand jury investigation and the *McClain* case, as both are premised on the same bribery scheme. *See SEC v. Downe*, No. 92-cv-4092, 1993 WL 22126, at *11 (S.D.N.Y. 1993) ("It is well-established that the United States Attorney may intervene in a federal civil action to seek a stay of discovery when there is a parallel criminal proceeding, which is anticipated or already underway, that involves common questions of law or fact."); *SEC v. Mersky*, No. 93-5200, 1994 WL 22305, at *1 (E.D. Pa. Jan. 25, 1994).

7

*28 U.S.C. § 517*: The government is also entitled to intervene pursuant to 28 U.S.C. § 517, which provides that "any officer of the Department of Justice, may be sent by the Attorney General to any State or district in the United States to attend to the interests of the United States in a suit pending in a court of the United States. . . ." *E.g., Ye v. Zemin*, 383 F.3d 620, 623 (7th Cir. 2004); *Hegna v. Islamic Republic of Iran*, 380 F.3d 1000, 1005 (7th Cir. 2004).

**B. The Court Should Exercise Its Inherent Power to Stay Discovery.**

The Court has the inherent power to stay civil discovery pending the completion of a criminal proceeding "if the interests of justice require it." *Chagolla v. City of Chicago*, 529 F. Supp. 2d 941, 945 (N.D. Ill. 2008) (citing *United States v. Kordel*, 397 U.S. 1, 12 n.27 (1970)); *see also Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936). Courts have granted similar stays pending a grand jury investigation. *See, e.g., Downe*, 1993 WL 22126, at *12-13 ("where a party or witness in a civil case is cooperating with a grand jury investigation relating to the subject matter of the civil suit, there is a compelling reason to stay discovery of the civil case pending resolution of the criminal investigation").

Courts examine a variety of factors to determine whether to stay civil proceedings, including: (1) the effect on the public interest of granting or denying a stay; (2) the effect on the trial court and the efficient use of judicial resources; (3) whether the civil and criminal matters overlap; (4) whether the governmental entity that has initiated the criminal case or investigation is also a party in the civil case;

8

(5) the posture of the criminal proceeding; (6) the interest of the civil plaintiff in proceeding expeditiously, and the potential prejudice the plaintiff may suffer from a delay; and (7) the burden that any particular aspect of the civil case may impose on defendants if a stay is denied. *See, e.g., Cruz v. City of Chicago*, No. 08-cv-2087, 2011 WL 613561, at *2 (N.D. Ill. Feb. 15, 2011); *Chagolla*, 529 F. Supp. 2d at 945. These factors favor a limited stay.

*Public Interest*: Of all the factors above, the public's interest in effective criminal law enforcement—and the government's interest in protecting the integrity of the grand jury's investigation and pending criminal litigation—should be afforded "substantial weight." *Benevolence Int'l Found., Inc. v. Ashcroft*, 200 F. Supp. 2d 935, 942 (N.D. Ill. 2002) (quoting *Campbell v. Eastland*, 307 F.2d 478, 487 (5th Cir. 1962)). Courts have acknowledged the "great weight to be accorded the United States' interest in obtaining a stay of civil discovery pending the resolution of criminal proceedings," including a grand jury investigation. *Mersky*, 1994 WL 22305 at *4-6. Although the public has an interest in the "prompt disposition of civil litigation," that interest may be outweighed by the public's interest in effective criminal law enforcement. *Chagolla*, 529 F. Supp. 2d at 946-47; *Salis*, 2016 WL 7239916, at *2-3.

If discovery were to proceed without modification, the parties would be able to obtain documents and deposition testimony from the government's witnesses in the *McClain* case, which could have an adverse impact on the criminal case. In addition, and even more significantly, civil discovery would threaten the secrecy of pending

9

grand jury proceedings. The Supreme Court has "consistently [ ] recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Douglas Oil Co. of California v. Petrol Stops Nw.*, 441 U.S. 211, 218 (1979). One of the primary concerns motivating grand jury secrecy is that witnesses who appear before the grand jury would be reluctant to come forward if they knew that their testimony could be disclosed to others. *Id.* at 219; *see also Lucas v. Turner*, 725 F.2d 1095, 1100 (7th Cir. 1984). Based on these concerns, "the Supreme Court has consistently held that a strong showing of particularized need is required before any grand jury materials are disclosed." *Lucas*, 725 F.2d at 1101.

Plaintiffs' expansive discovery requests go to the core of the grand jury's investigation. These requests threaten to reveal witnesses who have testified before the grand jury or been interviewed by law enforcement, as well as the direction of the grand jury's investigation. Courts in this district have barred similar efforts to obtain in civil discovery documents related to the scope or direction of an ongoing grand jury investigation. *See In re Broiler Chicken Antitrust Litig.*, No. 16 C 8637, 2020 WL 1046784, *1-2 (N.D. Ill. Mar. 4, 2020) (request for all documents defendants produced to a grand jury violated Rule 6(e)); *In re Sulfuric Acid Antitrust Litig.*, No. 1536, 2004 WL 769376, at *3-5 (N.D. Ill. Apr. 9, 2004) (request for all documents produced in response to a grand jury subpoena would disclose matters occurring before the grand jury in violation of Rule 6(e)); *In re Caremark Int'l, Inc. Sec. Litig.*, No. 94 C 4751, 1995 WL 557496, at *3 (N.D. Ill. Sept. 14, 1995) (barring disclosure in a civil lawsuit

of materials received from the grand jury, related to a grand jury investigation, or prepared by law enforcement for use before the grand jury).[2] For all of these reasons, the public interest weighs strongly in favor of a stay of discovery.

*Judicial Resources and Overlap*: Considerations of judicial economy and the public interest in the efficient use of judicial resources also favor a stay. Where, as here, there is substantial overlap between the civil and criminal matters, staying discovery in the civil matter that seeks information related to the criminal proceedings promotes efficient use of judicial resources. In sixty days, the government may have fewer objections to plaintiffs' subpoenas, which would reduce the need for the Court to rule on narrow discovery disputes involving over 40 subpoena recipients. *See United States v. All Meat & Poultry Prods.*, No. 02-cv-5145, 2003 WL 22284318, at *5 (N.D. Ill. Oct. 2, 2003). Although the requested stay may cause some short-term delay, granting the stay may significantly enhance judicial economy.

*Whether the Government is a Party*: Because the government is not seeking to participate in written discovery or depositions, there is no risk that the government might use civil discovery to circumvent discovery limitations in the criminal cases. However, a related risk is that individuals who have been criminally charged or are

---

[2] Consistent with these decisions, the government will seek a protective order with the following restriction: "Parties in the civil case may not seek discovery or testimony that includes or refers directly or indirectly to communications with prosecutors, law enforcement agents, or the grand jury, including but not limited to copies of grand jury subpoenas, copies of grand jury statements (whether in draft of final form), search warrants, Title III materials, correspondence with the government, productions to the government, materials produced or provided by the government in the context of any criminal case or investigation, and law enforcement interview reports, notes, or other memoranda."

11

under investigation may "use the civil discovery process to ferret out the particulars of the prosecuting authorities' case against them, an opportunity they would not have if no civil case were pending." *Chagolla*, 529 F. Supp. 2d at 946.

*Posture of the Criminal Proceeding*: One factor courts often examine is whether the criminal matter has ripened into an indictment or remains an investigation. *See, e.g., Trustees of Plumbers and Outfitters National Fund v. Transworld Mechanics. Inc.*, 886 F. Supp. 1134, 1139 (S.D.N.Y. 1995) ("A stay of a civil case is most appropriate where a party to the civil case has already been indicted for the same conduct."). Here, criminal charges are currently pending against one of the civil defendants, Pramaggiore. Courts have also granted discovery stays before the grand jury has returned an indictment, in order to protect an ongoing grand jury investigation. *See, e.g., Downe*, 1993 WL 22126, at *13; *SEC v. Offhill*, No. 3:07-cv-1643-D, 2008 WL 958072, at *2 (N.D. Tx. Apr. 9, 2008) ("[W]hen the government seeks a stay of civil discovery, the justification for obtaining the stay is often strongest before an indictment is handed down.").[3]

In this case, a limited, sixty-day stay of discovery is appropriate because of the substantial overlap of facts and witnesses between the pending civil and criminal cases and the grand jury's investigation.

---

[3] *See also e.g., Lee v. Ackal*, No. 15-cv-00754, 2016 WL 1690319, at *3 (W.D. La. Apr. 25, 2016); *Chao v. Fleming*, 498 F. Supp. 2d 1034, 1038-39 (W.D. Mich. 2007); *Ashworth*, 229 F.R.D. at 533; *Jones v. City of Indianapolis*, 216 F.R.D. 440, 451-52 (S.D. Ind. 2003).

12

*Plaintiffs' and Defendants' Interests*: Document discovery is not yet complete, and thus the proposed limited stay would not unduly prejudice the plaintiffs. As to the defendants, denying a stay would impose a burden on the subjects of the criminal investigation in that it would force subjects to defend two cases simultaneously and could force subjects to choose between invoking their Fifth Amendment right against self-incrimination and risking an adverse inference in this civil case, and testifying or otherwise responding to civil discovery and having their responses used against them in the criminal case. *See Chagolla*, 529 F. Supp. 2d at 947. Although the Court granted defendant Pramaggiore's motion requesting a limited stay of her testimonial obligations in this case (Dkt. 118), granting a limited discovery stay would further mitigate this dilemma.

## CONCLUSION

The government respectfully requests that the Court immediately enter an order: (1) staying all discovery while the government's motion is pending, and (2) directing any party that has served any discovery request (including but not limited to subpoenas) to serve a copy of the Court's order on all recipients within three days.

In addition, the government respectfully requests that the Court enter an order: (1) staying all discovery for sixty days or until a protective order is issued, whichever is earlier; (2) directing parties to serve a copy of the Court's order on all recipients of that party's discovery requests (including but not limited to subpoena

13

recipients) within three days and to direct the recipients not to respond to subpoenas until further notice.

                                        Respectfully submitted.

                                        JOHN R. LAUSCH, JR.
                                        United States Attorney

By:    */s/ Julia K. Schwartz*
           Amarjeet S. Bhachu
           Sarah Streicker
           Julia K. Schwartz
           Assistant United States Attorneys
           219 South Dearborn Street, Fifth Floor
           Chicago, Illinois 60604