UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | <u>CLASS ACTION</u> |
| vs. | Honorable Virginia M. Kendall |
| EXELON CORPORATION, et al., | |
| Defendants. | |

**LEAD PLAINTIFF'S RESPONSE TO GOVERNMENT'S MOTION TO INTERVENE AND FOR A LIMITED STAY OF DISCOVERY**

The government has filed a motion seeking three forms of relief: (1) leave to intervene; (2) a limited stay of discovery in this civil case so the government can pursue a protective order, either through agreement with the parties or motion; and (3) a requirement that the parties serve a copy of any stay order on all recipients of discovery requests within three days. *See* ECF No. 127 at 4-5, 13-14. In response, Lead Plaintiff ("Plaintiff") states as follows:

1. Plaintiff does not oppose the government's intervention. Likewise, Plaintiff does not oppose the requested limited stay, so long as all current deadlines set forth in the Scheduling Order (ECF No. 109) are also stayed and extended. And, while Plaintiff does not oppose an order requiring notice be provided to recipients of discovery requests, Plaintiff requests that this Court enter a more practical order for providing such notice, as set forth below.

2. By way of background, while the government's case and this action may not completely overlap, both the government and Plaintiff are pursuing claims related to the same bribery scheme. *See* ECF No. 127 at 3. It necessarily follows that both the government and Plaintiff have sought, or will be seeking, much of the same evidence from many of the same people in order to establish or fully investigate their respective claims. As the government notes, it reached out to undersigned counsel to discuss certain concerns that Plaintiff's discovery requests could potentially interfere with an ongoing criminal investigation. In response, Plaintiff's counsel has made clear that it has no intention of interfering with the government's criminal case or ongoing grand jury investigation, but does need to pursue all relevant evidence to the claims in its case, whether that evidence was also sought by the government or not. More specifically, Plaintiff's counsel has highlighted two main points.

3. First, this case is different than more typical situations involving parallel civil and criminal actions. In those cases, for example, the government and civil plaintiffs might pursue their respective claims and serve requests for the underlying evidence, and have no need to see the other's

- 1 -

various forms of requests for information. Here, however, Plaintiff has alleged that Defendants made false and misleading statements downplaying the government's investigation of the Company. *See, e.g.*, ECF No. 65, ¶¶116, 118, 119, 121(a), 212. Thus, Plaintiff will need to obtain discovery and present evidence of certain communications between the government and Defendants in order to support both that the alleged misrepresentations by Defendants were misleading and that they were made with scienter. Such evidence may not be relevant, for instance, in a case where a securities plaintiff is merely pursuing claims relating to the same underlying conduct alleged by the government in a parallel action without the additional claim that the defendants misrepresented to investors the nature of the government's inquiries.

4. Second, there are cost considerations to be considered. Plaintiff understands the government's concern that Plaintiff's requests for all of the documents produced to the government could unintentionally lead to the production of documents unrelated to the claims in this case, the publicly disclosed Deferred Prosecution Agreement, or the publicly disclosed indictments, and instead relate only to irrelevant or presently non-public matters. However, there is a confidentiality order in this case and some third parties have suggested that it would be cheaper and less burdensome to re-produce to Plaintiff the documents they produced to the government than to pay attorneys to redo the collection and review process. *See* Fed. R. Civ. P. 45(d)(1) (requiring issuing party to take steps to "avoid imposing undue burden or expense" on third parties). Plaintiff believes that this option should not be completely foreclosed.

5. Despite these and other differences between the respective positions, Plaintiff is optimistic that the government and the parties can reach an amicable agreement that might satisfy all, or at least a significant part, of the government's concerns while preserving Plaintiff's access to necessary discovery to which it is entitled.

6.　　　Thus, Plaintiff is not opposed to the government's three requested forms of relief with minor modifications as follows:

(a)　　　As to intervention, Plaintiff does not oppose the government's intervention.

(b)　　　As to the stay, Plaintiff does not oppose the requested 60-day (or until a protective order is issued) stay of all discovery in this case, on the condition that all case deadlines also be stayed and extended because completion of document discovery is necessary to the remaining deadlines. Plaintiff's counsel conferred with Defendants' counsel, who indicated that they would also not oppose the requested stay and would seek an extension of all deadlines in light of a discovery stay. The parties propose to submit a joint proposed amended scheduling order after the relief sought by the government is resolved, reflecting an extension of deadlines commensurate with the length of the stay.

(c)　　　Finally, the government has asked for an order directing parties "to serve a copy of the Court's order on all recipients of that party's discovery requests . . . within three days and to direct the recipients not to respond to subpoenas until further notice." ECF No. 127 at 13-14. The subpoenas issued by Plaintiff are in various stages: some recipients have been served but not responded, while others are working on responses, collecting documents, and/or conferring with counsel. Plaintiff is not opposed to the government's request, but, for clarity on timing and service, Plaintiff proposes that the order direct that: (1) within three *business* days of any such order, the issuing party will send a notice, attaching the order and stating that no response (or no further

- 3 -

response) should be made until further notice by (2) either: (a) ***sending an email to counsel*** for any subpoena recipient for which ***counsel is known***; or (b) ***sending a letter to the address*** where service was made for any subpoena recipient for which counsel is not known.

DATED:  September 14, 2021

ROBBINS GELLER RUDMAN
  & DOWD LLP
JAMES E. BARZ (IL Bar # 6255605)
BRIAN E. COCHRAN (IL Bar # 6329016)
FRANK A. RICHTER (IL Bar # 6310011)
GINA BUSCHATZKE (IL Bar # 6332510)
CAMERAN GILLIAM (IL Bar # 6332723)


                              s/ James E. Barz
                          JAMES E. BARZ

200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  312/674-4674
312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
gbuschatzke@rgrdlaw.com
cgilliam@rgrdlaw.com

Lead Counsel for Lead Plaintiff

- 4 -

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on September 14, 2021, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
 & DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674
312/674-4676 (fax)

E-mail: jbarz@rgrdlaw.com

Case: 1:19-cv-08209 Document #: 128 Filed: 09/14/21 Page 7 of 8 PageID #:3052

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amy C. Andrews**
  aandrews@rshc-law.com,docketdept@rshc-law.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Gina Buschatzke**
  gbuschatzke@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **Mari Byrne**
  mari.byrne@davispolk.com,ecf.ct.papers@davispolk.com,daniel.magy@davispolk.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Charles Crowl**
  mcrowl@rshc-law.com,docketdept@rshc-law.com,ssluch@rshc-law.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,lhoeksema@cohenmilstein.com,efilings@cohenmilstein.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com,jwheeler@Sidley.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tcrockett@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Edmund Polubinski , III**
  Edmund.polubinski@davispolk.com,ecf.ct.papers@davispolk.com,james.rouhandeh@davispolk.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com

- **James P Rouhandeh**
  rouhandeh@davispolk.com,ecf.ct.papers@davispolk.com

- **Jared Matthew Schneider**
  jschneider@pomlaw.com

Case: 1:19-cv-08209 Document #: 128 Filed: 09/14/21 Page 8 of 8 PageID #:3053

- **Julia Kathryn Schwartz**
  julia.schwartz@usdoj.gov

- **United States of America**
  julia.schwartz@usdoj.gov

- **Brian O'Connor Watson**
  bwatson@rshc-law.com,docketdept@rshc-law.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Jeanne M. Jones
,

Joseph Nigro
,