UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, Plaintiff,<br><br>v.<br><br>EXELON CORPORATION et al., Defendants | No. 19 CV 8209<br><br>Hon. Virginia M. Kendall |

## **AMENDMENT TO THE AGREED CONFIDENTIALITY ORDER**

The Agreed Confidentiality Order [Dkt. 119], hereafter the "Initial Order," is hereby amended as follows:

1. The term "Parties" includes the United States of America.

2. The term "Discovery Material" includes any materials or written responses produced by Parties and third parties in the Action.

3. The term "Producing Party" includes any individual or entity that is served or has been served a subpoena related to the Action.

4. The Assistant United States Attorneys listed below shall be permitted to request copies of deposition transcripts during the 30-day period after receipt of the final transcript, during which transcripts are treated as Confidential Discovery Material, pursuant to Paragraph 9 of the Initial Order. Within five business days of the conclusion of every deposition in the Action, counsel for the party who noticed the deposition shall notify the Assistant United States Attorneys listed below of the name of the deponent and the court reporting service used during the deposition.

1

5. The Parties to the Action may not seek Discovery Material or testimony that includes or refers directly or indirectly to communications with prosecutors, law enforcement agents, or the grand jury, including but not limited to copies of grand jury subpoenas, copies of grand jury statements (whether in draft of final form) and attachments or exhibits thereto, search warrants, Title III materials, correspondence with the government, productions to the government, materials produced or provided by the government in connection with any criminal case or investigation, and law enforcement interview reports, notes, or other memoranda, except to the extent any of the materials above appear in a public record. In addition, the Parties to the Action may not through subpoenas or otherwise request: (1) a Producing Party to identify materials it produced to the government, unless the fact of that production already appears in a public record; or (2) a Producing Party to produce any items provided to the Producing Party by the government, including items that are subject to a protective order in any pending criminal case, provided, however, that a Producing Party may produce a copy of items that the Producing Party had in its possession prior to production by the government and items seized from the Producing Party by the government pursuant to a search warrant as described in Paragraph 7 below.

6. A requesting Party must inform Producing Parties, by serving this Amendment as set forth in Paragraph 9 below, that they should not identify what materials have been requested by or produced to the government. In addition, requesting Parties should not ask any Producing Party to provide information about what was produced to the government. If a Producing Party asks whether it is

permissible to produce the same materials in this Action that were produced to the government related to any criminal matter, the requesting Party should respond that the Parties are not permitted to request such information pursuant to this Amendment, but that the Producing Party may make a production that is responsive to the civil subpoena.

7. Discovery Material may be produced, even if it was produced to the government related to a criminal investigation, subject to the limitations in this Amendment. Discovery Material may be produced, even if it was seized pursuant to a search warrant by the government related to a criminal investigation (including if it was seized from the Producing Party by the government and then produced or provided back to the Producing Party by the government), subject to the limitations in this Amendment. Nothing in this Amendment shall prohibit the Parties to this Action from discussing and negotiating search terms or custodians, subject to the limitations set forth in this Amendment.

8. This Amendment, including the limitations set forth in Paragraph 5, shall cease and expire on February 15, 2022. The government may, either individually or jointly with the Parties, move this Court for an extension at any time prior to February 15, 2022.

9. The issuing Party shall notify all Producing Parties of the restriction set forth in Paragraph 5 above by serving a copy of this Amendment to the Initial Order on all Producing Parties. With respect to subpoenas that have already been served, the issuing Party shall send this notice within three business days of this

Amendment. With respect to subpoenas that are served in the future, this notification shall occur contemporaneously with any discovery request or subpoena served on a Producing Party. Notice under this paragraph can be made by: (a) sending an email to counsel for any Producing Party for which counsel is known; or (b) sending a letter to the address of any Producing Party for which counsel is not known.

10. In the event any of the Discovery Material that is subject to the limitations of Paragraph 5 above has been produced or is produced, the Discovery Material shall be treated as Highly Confidential Discovery Material, without regard to whether the Producing Party designated the materials. The Discovery Material that is subject to the limitations of Paragraph 5 above does not need to be designated with the markings described in Paragraph 6 of the Initial Order.

11. The United States of America shall be considered the "Designating Party" for any of the Discovery Materials described in Paragraph 10 of this Amendment to the Initial Order.

DATED: _____ Respectfully submitted.
ROBBINS GELLER RUDMAN & DOWD LLP

*/s/ Frank A. Richter*
James E. Barz (IL Bar # 6255605)
Brian E. Cochran (IL Bar # 6329016)
Frank A. Richter (IL Bar # 6310011)
Cameran Gilliam (IL Bar # 6332723)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 312/674-4674 312/674-4676 (fax)
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

RILEY SAFER HOLMES & CANCILA LLP

*/s/ Matthew C. Crowl*
Matthew C. Crowl, #6201018
Brian O. Watson, #6304248
Amy C. Andrews, #6226692
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
mcrowl@rshc-law.com
bwatson@rshc-law.com
aandrews@rshc-law.com

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh, #2211837
Edmund Polubinski III, #3022332
Mari Byrne, #5074893
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835
rouhandeh@davispolk.com
edmund.polubinski@davispolk.com
mari.byrne@davispolk.com

*Attorneys for Defendants Exelon Corporation, Commonwealth Edison Company, Christopher M. Crane, William A. Von Hoene, Jr., and Joseph Dominguez*

6

SIDLEY AUSTIN LLP

*/s/ David A. Gordon*
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*


JOHN R. LAUSCH, JR.
United States Attorney

By: */s/ Julia K. Schwartz*
Amarjeet S. Bhachu
Sarah Streicker
Julia K. Schwartz
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604

**ORDER**

IT IS SO ORDERED.

DATED: __11/16/2021__

_____
HON. VIRGINIA M. KENDALL
U.S. DISTRICT COURT JUDGE