IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and On Behalf of All Others Similarly Situated, | ) ) ) |
| *Plaintiff,* | ) No. 19 C 8209 ) |
| v. | ) Judge Virginia M. Kendall ) ) |
| EXELON CORPORATION et al., | ) ) |
| *Defendants.* | ) ) |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants' Motion under 28 U.S.C. § 1292(b) to certify an interlocutory appeal from the Court's denial of Defendants' motion to dismiss. (Dkt. 114).[1] This Court recently denied in large part Defendants' Motions to Dismiss (Dkt. 100), finding that Plaintiff has met the heightened pleading standard for federal securities fraud claims and adequately alleged a violation of § 10(b) of the Exchange Act and Securities and Exchange Commission ("SEC") Rule 10b-5, as well as § 20(a) of the Exchange Act. The Court found that Plaintiff's allegations regarding Defendant Anne Pramaggiore's statements during the August 2019 conference call did not satisfy the requirements of the PSLRA and those claims were dismissed. Defendants now move for certification for an interlocutory appeal on two grounds: (1) whether alleged violations of Items 105 and 303 of SEC Regulation S-K can give rise to a private right of action under Section 10(b) of the Securities Exchange Act of 1934; and (2) whether Items

---

[1] "Defendants" refers to all the defendants in the case. Defendants Exelon Corporation ("Exelon") and its controlled subsidiary the Commonwealth Edison Company ("ComEd"); Exelon's Chief Executive Officer Christopher M. Crane; Exelon's Chief Strategy Officer ("CSO"), William A. Von Hoene, Jr.; and ComEd's CEO, Joseph Dominguez initially moved for certification of interlocutory appeal (Dkt. 115), and Exelon's former CEO of Exelon Utilities, Anne Pramaggiore, joined the motion later. (*See* Dkts. 117, 121).

1

105 and 303 impose an affirmative duty to disclose any and all regulatory noncompliance. Because Defendants have failed to meet their burden under § 1292(b), the Court declines to grant certification of an interlocutory appeal.

## BACKGROUND

The Court assumes familiarity with the facts as they were outlined in its previous Memorandum Opinion & Order. (Dkt. 100). In that Opinion, the Court determined that Plaintiff pleaded with the requisite particularity to attribute the allegedly false statements to each Defendant, (*id.* at 7–14); that Plaintiff adequately pleaded that Defendants were under a duty to disclose, (*id.* at 15–18); and that Plaintiff adequately pleaded scienter, (*id.* at 19–22). The Court dismissed Plaintiff's claims as to Defendant Pramaggiore's statements during the August 2019 conference call because these statements did not satisfy the requirements of the PSLRA. (*Id.* at 14–15). Defendants now seek an interlocutory appeal of that decision.

## LEGAL STANDARD

Section 1292(b) allows the Court to certify for immediate interlocutory appeal otherwise unappealable orders that involve "a controlling question of law as to which there is substantial ground for difference of opinion" and where "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). There are four requirements: "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000). Unless all these criteria are satisfied, the district court may not certify its order for an immediate appeal under § 1292(b). *See id.* The decision of whether to allow an immediate interlocutory appeal of a non-final order pursuant to § 1292(b) is within the discretion of the district court. *Swint v. Chambers Cty. Comm'n*, 514 U.S. 35, 47 (1995); *see also*

*Shenzhen Buxiang Network Technology Co., LTD v. Bodum USA, Inc.*, 20-cv-1726, 2021 WL 243574, *1 (N.D. Ill. Jan. 25, 2021).

## DISCUSSION

The Court will analyze each requirement for interlocutory appeals in turn.[2]

### I. A Controlling Question of Law

The first issue is whether the questions presented for certification create a controlling question of law. "A question of law is controlling if its resolution is likely to affect the course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc.*, 86 F.3d 656, 658 (7th Cir. 1996)). The question of law must be a "pure" question, "something the court of appeals could decide quickly and cleanly without having to study the record," such as "a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676–77. The Seventh Circuit has instructed to "remember that 'question of law' means an abstract legal issue rather than an issue of whether summary judgment should be granted." *Id.* at 677.

The parties do not dispute in their briefing that Defendants' first question – whether alleged violations of Items 105 and 303 of Regulation S-K can give rise to a private right of action under Section 10(b) – is a controlling question of law. The Plaintiff takes issue with the second question, however, arguing that the issue of whether Items 105 and 303 impose a duty to disclose any regulatory noncompliance in a company's SEC forms is a question of fact, and not of law. Plaintiff compares the instant case to the denial of certification of an interlocutory appeal in *In re Facebook, Inc. IPO Sec. & Derivative Litig.*, 986 F. Supp. 2d 524, 638 (S.D.N.Y. 2013). In *In re Facebook*,

---

[2] Plaintiff advises that "Lead Plaintiff does not concede that any of the four criteria are met, but since all four must be met, Lead Plaintiff focuses its argument on the criteria that are most clearly lacking." (Dkt. 124 at 3 n.2). Therefore, the Court only addresses Plaintiff's arguments as to each of the two questions Defendants have presented in their Motion.

the district court denied a motion to certify an interlocutory appeal finding that the defendants were seeking to appeal the application of facts to law and not a pure question of law.

A question is one "of law" where it "has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine." *Ahrenholz*, 219 F.3d at 676. Defendants' second question is one of regulatory interpretation, asking whether the language of Items 105 and 303 impose a duty to disclose any regulatory noncompliance in their SEC Forms. Resolution of this question would not require the Seventh Circuit to dig into the record or to grapple with the facts before this Court. That the facts of this case will eventually turn upon this regulatory interpretation does not immediately make it a mixed issue of fact and law. As the Defendants have presented it, their second question is one of pure law as it seeks to resolve the interpretation of a regulation that is before the Court. Therefore, Defendants satisfy the "controlling question of law" requirement.

## II. A Contestable Question of Law

The parties dispute whether Defendants' first question – whether violations of Items 105 and 303 can form the basis of a § 10(b) claim – meets the "contestable" standard for an interlocutory appeal. The issue of what constitutes "contestable" is itself one open to interpretation. *Van Straaten v. Shell Oil Prod. Co., LLC*, 813 F. Supp. 2d 1005, 1020 (N.D. Ill. 2011), *rev'd and remanded on other grounds*, 678 F.3d 486 (7th Cir. 2012) ("Courts have adopted different definitions of 'contestable.' "). Ultimately, a district court's order is contestable "if there are substantial conflicting decisions regarding the claimed controlling issue of law, or the question is not settled by controlling authority and there is a substantial likelihood that the district court ruling will be reversed on appeal." *Calvin v. Sheriff of Will Cty.*, No. 03-cv-3086, 2006 WL 1005141, at *4 (N.D. Ill. Apr. 14, 2006) (quoting *United States v. Moglia*, No. 02-cv-6131, 2004

4

WL 1254128, at *3 (N.D. Ill. June 7, 2004)). *See also Feit Electric Co., Inc. v. CFL Tech. LLC*, 13-cv-09339, 2019 WL 7020496, at *2 (N.D. Ill. Dec. 20, 2019) (citing *In re Brand Name Prescription Drugs Antitrust Litig.*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (explaining that the contestability element requires movants to "demonstrate that a 'substantial likelihood' exists that the district court ruling will be reversed if appealed" where a controlling court of appeals has not decided an issue). The likelihood of reversal is greater where there are a substantial number of decisions conflicting with the district court's order regarding the controlling question of law. *Id.* (citing *In re Kmart Corp.*, No. 04-cv-4978, 2004 WL 2222265, at *2 (N.D. Ill. Oct. 1, 2004)).

Defendants have not met this heavy burden. Defendants' primary basis for seeking an interlocutory appeal is this Court's statement in its Opinion that "the Seventh Circuit has yet to rule on this issue." (Dkt. 114 at 5 (citing Dkt. 100 at 16)). They correctly note that there is currently a Circuit split on the matter. In response, Plaintiff points out that a district court within this Circuit recently analyzed this very issue when presented with a motion for interlocutory appeal in *Shah v. Zimmer Biomet Holdings, Inc.*, No. 3:16-cv-815-PPS-MGG, 2019 WL 762510 (S.D. Ind. Feb. 20, 2019). The *Zimmer* court analyzed the Circuit split and ultimately denied the motion, finding that the question presented was "not particularly contestable." *Zimmer*, 2019 WL 762510, at *3–7. Defendants counter that *Zimmer* applied the wrong standard. They assail *Zimmer*'s reasoning that the Seventh Circuit would "likely" adopt what the *Zimmer* court itself deemed to be the "more persuasive" side of a circuit split. (Dkt. 126 at 4).

In the end, the *Zimmer* court's reasoning is sound. The fact that there is a circuit split on the matter does not necessarily make it contestable. *See, e.g.*, *Hall v. Zenk*, 692 F.3d 793, 799 (7th Cir. 2012) (explaining that a circuit split does not always preclude a finding that the law is "clearly established"); *Falcon v. City of Chicago*, No. 17-cv-5991, 2018 WL 3853988, at *2 (N.D. Ill. Aug.

5

13, 2018). Furthermore, Defendants have failed to show that "a 'substantial likelihood' exists that the district court ruling will be reversed if appealed." *Feit Electric Co., Inc.*, 2019 WL 7020496 at *2. Defendants have not proffered any argument to indicate that this Court's earlier ruling would be reversed – let alone an argument as to the likelihood of such an event. The Court therefore denies certification of an interlocutory appeal as to the question of whether violations of Items 105 and 303 can form the basis of a § 10(b) claim because the issue does not reach the high threshold of contestability.

### III.   Speed of Litigation

Finally, the Court looks to the speed of litigation. Interlocutory appeals should only be certified when "immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Alternatively stated, the interlocutory appeal must "promise to *speed up* the litigation." *Ahrenholz*, 219 F.3d at 675 (emphasis in original). The Seventh Circuit has stated that § 1292(b) must be used sparingly "lest interlocutory review increase the time and expense required for litigation." *Asher v. Baxter Int'l., Inc.*, 505 F.3d 736, 741 (7th Cir. 2007). Interlocutory appeals are "frowned on in the federal judicial system," *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012), because they "too frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system." *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998), *rev'd on other grounds*, 530 U.S. 211 (2000).

Defendants argue that certifying the interlocutory appeal would speed up litigation as it would resolve issues that could potentially streamline class certification. Defendants argue that resolving the two questions in Defendants' favor, "thereby removing plaintiff's Items 105 and 303 claims from the case, would preclude plaintiff from relying on the *Affiliated Ute* presumption of

6

reliance to obtain class certification.[3]  If plaintiff must rely only on the more onerous fraud-on-the-market presumption, it will be less likely to have a class certified, in whole or in part." (Dkt. 115 at 15).  Even under Defendants' best argument, however, only a minor question as to *one* part of the overarching litigation – namely, class certification – would potentially be resolved.  Moreover, even if Plaintiff were to be precluded from relying on the *Affiliated Ute* presumption, Defendants acknowledge that Plaintiff could still obtain class certification under a different theory. (Dkt. 114 at 2 ("[I]f defendants prevail on either issue, plaintiff would be categorically unable to rely at the class certification stage on one of the two presumptions of reliance that it invokes in its complaint.")).

It is true that "[t]he promise to speed up the litigation does not require that the interlocutory appeal resolve the matter in its entirety; it is sufficient that an interlocutory appeal would remove uncertainty about the status of a claim that might delay settlement or resolution." *F.D.I.C. v. Mahajan*, No. 11-cv-7590, 2013 WL 3771419, at *3 (N.D. Ill. July 16, 2013) (citing *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012)).  Yet even under a generous interpretation of Defendants' arguments, there is only the potential that resolving the issues in Defendants' favor could bear upon class certification and there are still other arguments under which Plaintiffs could proceed toward that same end.  This case is already proceeding towards discovery and there is no argument that resolving the two questions presented for interlocutory appeal would bear upon the remaining issues of the case. As Plaintiff points out, dismissal of Items 105 and 303 as a basis for liability will not reduce discovery, make proving falsity more difficult,

---

[3] In *Affiliated Ute*, the Supreme Court held that in securities cases "involving primarily a failure to disclose, positive proof of reliance is not a prerequisite to recovery." *Affiliated Ute Citizens of Utah v. United States*, 406 U.S. 128, 153 (1972).  Instead, in certain cases, what must be shown to establish that defendant's conduct was the cause of plaintiff's purchase is that "the facts withheld [are] material in the sense that a reasonable investor might have considered them important in the making of [his] decision." *Id.* at 153–54.  *See also Wright v. Heizer Corp.*, 560 F.2d 236, 249 (7th Cir. 1977) (citing *Affiliated Ute*, 406 U.S. 128 at 153).

nor "speed up" the litigation. (Dkt. 124 at 8 (citing *Siegal v. GEICO Casualty Co.*, 20-cv-04306, 2021 WL 2413155, at *3 (N.D. Ill. June 14, 2021))). The fact that the resolution of these issues could potentially impact class certification does not meet the high burden of showing that their resolution could "head off protracted, costly litigation." *Ahrenholz*, 219 F.3d at 677. Indeed, the risk appears much greater that *granting* the interlocutory appeal would protract the litigation. Defendants all but openly admit that there are other avenues for class certification even if the Seventh Circuit resolved the two questions in Defendants' favor, and there would still remain further claims and questions for this Court to determine moving forward. Certification would do nothing more than needlessly elongate this litigation and waste the resources of an already overburdened judicial system. *See Herdrich v. Pegram*, 154 F.3d at 368. The Court denies certification of an interlocutory appeal on this ground.

**CONCLUSION**

Defendants have presented two questions for certification of interlocutory appeal: (1) whether alleged violations of Items 105 and 303 of Regulation S-K can give rise to a private right of action under Section 10(b) of the Securities Exchange Act of 1934; and (2) whether Items 105 and 303 impose an affirmative duty to disclose any and all regulatory noncompliance. Defendants have not met their burden of meeting the requisites for certification of appeal. In particular, they have failed to demonstrate that certification of an interlocutory appeal would speed up the litigation. In fact, certification would greatly slow litigation down with little impact on the ultimate resolution of the case. Therefore, Defendants' Motion for Certification for Interlocutory Appeal [Dkt. 114] is denied.

_____
Virginia M. Kendall
United States District Judge

Date: January 28, 2022

9