UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JOSHUA FLYNN, Individually and on
Behalf of All Others Similarly Situated,
Plaintiff,

v.

EXELON CORPORATION et al.,
Defendants

No. 19 CV 8209

Hon. Virginia M. Kendall

## THIRD AMENDMENT TO THE AGREED CONFIDENTIALITY ORDER

The Agreed Confidentiality Order [Dkt. 119], hereafter the "Initial Order," is hereby amended as follows:

1. This Third Amendment replaces the Second Amendment to the Agreed Protective Order of November 16, 2021 [Dkt. 152], which is no longer in effect.

2. The term "Parties" includes the United States of America.

3. The term "Discovery Material" includes any materials or written responses produced by Parties and third parties in the Action.

4. The term "Producing Party" includes any individual or entity that is served or has been served a document request or subpoena related to the Action or has received a notice of deposition, other than a government agency or individual whose relationship to the Action is based on current or former government service.

5. The Assistant United States Attorneys listed below shall be permitted to request copies of deposition transcripts during the 30-day period after receipt of the final transcript, during which transcripts are treated as Confidential Discovery Material, pursuant to Paragraph 9 of the Initial Order. Within five business days of

1

the conclusion of every deposition in the Action, counsel for the party who noticed the deposition shall notify the Assistant United States Attorneys listed below of the name of the deponent and the court reporting service used during the deposition.

6.     The Parties to the Action may not seek Discovery Material or testimony that includes copies of grand jury subpoenas, copies of grand jury statements (whether in draft of final form) and attachments or exhibits thereto, search warrants received or obtained by a Producing Party after December 31, 2019, Title III recordings or court filings, or materials produced by the government in a criminal case, except to the extent any of the materials above appear in a public record. The Parties to the Action also may not seek Discovery Material that includes communications with prosecutors or law enforcement agents discussing a criminal investigation after December 31, 2019, although the Parties may seek discovery of the following, even if such information is included in communications with prosecutors or law enforcement agents after December 31, 2019: (1) the facts underlying Attachment A, "Statement of Facts," to the Deferred Prosecution Agreement in *United States v. Commonwealth Edison*, Case No. 20 CR 368; and (2) factual information provided by a Producing Party to the government, such as information obtained from an internal investigation and conveyed to the government. For the avoidance of doubt, the Parties may not seek Discovery Material from after December 31, 2019 reflecting plea negotiations involving the U.S. Attorney's Office for the Northern District of Illinois.

2

7. In addition, the Parties to the Action may not through subpoenas or otherwise request: (1) a Producing Party to identify materials it produced to the government, unless the fact of that production already appears in a public record; or (2) a Producing Party to produce any items provided to the Producing Party by the government, including items that are subject to a protective order in any pending criminal case, provided, however, that a Producing Party may produce a copy of items that the Producing Party had in its possession prior to production by the government and items seized from the Producing Party by the government pursuant to a search warrant.

8. Discovery Material may be produced, even if it was produced to the government related to a criminal investigation, subject to the limitations in this Third Amendment. Discovery Material may be produced, even if it was seized pursuant to a search warrant by the government related to a criminal investigation (including if it was seized from the Producing Party by the government and then produced or provided back to the Producing Party by the government), subject to the limitations in this Third Amendment. If a Producing Party produces such documents, this Third Amendment does not require the Producing Party to modify or remove Bates numbering or other document identifiers used in other proceedings. Nothing in this Third Amendment shall prohibit the Parties to this Action from discussing and negotiating search terms or custodians, subject to the limitations set forth in this Third Amendment.

3

9. This Third Amendment, including the limitations set forth in Paragraph 6, shall cease and expire on May 15, 2023. The government may, either individually or jointly with the Parties, move this Court for an extension at any time prior to May 15, 2023.

10. Any Discovery Material that relates to communications from the government or to materials obtained by the government as part of a criminal investigation are presumptively designated as Confidential. In addition, Discovery Material described in this Paragraph may not be publicly filed or otherwise publicly disclosed until after the conclusion of the criminal trial in *United States v. McClain et al.*, 20 CR 812 (N.D. Ill.).

11. In the event any of the Discovery Material that is subject to the limitations of Paragraph 6 above has been produced or is produced, the Discovery Material shall be treated as Highly Confidential Discovery Material, without regard to whether the Producing Party designated the materials. The Discovery Material that is subject to the limitations of Paragraph 6 above does not need to be designated with the markings described in Paragraph 6 of the Initial Order.

4

DATED: October 14, 2022

Respectfully submitted.

ROBBINS GELLER RUDMAN & DOWD LLP

*/s/ Frank A. Richter*

James E. Barz (IL Bar # 6255605)
Brian E. Cochran (IL Bar # 6329016)
Frank A. Richter (IL Bar # 6310011)
Cameran Gilliam (IL Bar # 6332723)
200 South Wacker Drive, 31st Floor
Chicago, IL 60606
Telephone: 630/696/4107
jbarz@rgrdlaw.com
bcochran@rgrdlaw.com
frichter@rgrdlaw.com
cgilliam@rgrdlaw.com

*Lead Counsel for Lead Plaintiff*

5

RILEY SAFER HOLMES & CANCILA LLP

*/s/ Matthew C. Crowl*
Matthew C. Crowl, #6201018
Brian O. Watson, #6304248
Amy C. Andrews, #6226692
70 W. Madison Street, Suite 2900
Chicago, Illinois 60602
Telephone: (312) 471-8700
Facsimile: (312) 471-8701
mcrowl@rshc-law.com
bwatson@rshc-law.com
aandrews@rshc-law.com

DAVIS POLK & WARDWELL LLP
James P. Rouhandeh, #2211837
Edmund Polubinski III, #3022332
Mari Byrne, #5074893
450 Lexington Avenue
New York, NY 10017
Telephone: (212) 450-4000
Facsimile: (212) 701-5835
rouhandeh@davispolk.com
edmund.polubinski@davispolk.com
mari.byrne@davispolk.com

*Attorneys for Defendants Exelon Corporation, Commonwealth Edison Company, Christopher M. Crane, William A. Von Hoene, Jr., and Joseph Dominguez*

6

SIDLEY AUSTIN LLP

/s/ *David A. Gordon*
Scott R. Lassar
David A. Gordon
Jennifer M. Wheeler
One South Dearborn
Chicago, IL 60603
Telephone: (312) 853-7000
Facsimile: (312) 853-7036
slassar@sidley.com
dgordon@sidley.com
jwheeler@sidley.com

*Attorneys for Defendant Anne Pramaggiore*


JOHN R. LAUSCH, JR.
United States Attorney

By:  /s/ *Julia K. Schwartz*
Amarjeet S. Bhachu
Sarah Streicker
Julia K. Schwartz
Assistant United States Attorneys
219 South Dearborn Street, Fifth Floor
Chicago, Illinois 60604


**ORDER**

IT IS SO ORDERED.

DATED:  10-14-22

HON. VIRGINIA M. KENDALL
U.S. DISTRICT COURT JUDGE

7