# EXHIBIT 3

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No. 1:19-cv-07665 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Matthew F. Kennelly |
| GRUBHUB INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

ORDER PRELIMINARILY APPROVING SETTLEMENT
AND PROVIDING FOR NOTICE

WHEREAS, a class action is pending before the Court entitled *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665 (the "Litigation");

WHEREAS, the Settling Parties having made an application, pursuant to Federal Rule of Civil Procedure 23(e), for an order preliminarily approving the settlement of this Litigation, in accordance with a Stipulation of Settlement, dated October 7, 2022 (the "Stipulation"), which, together with the Exhibits annexed thereto, sets forth the terms and conditions for a proposed Settlement of the Litigation and for dismissal of the Litigation on the merits and with prejudice upon the terms and conditions set forth therein; and the Court having read and considered the Stipulation and the Exhibits annexed thereto; and

WHEREAS, all defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein;

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement**. The Court does hereby preliminarily approve the Stipulation and the Settlement set forth therein, subject to further consideration at the Final Approval Hearing described below.

2. The Court preliminarily finds that the proposed Settlement should be approved as: (i) the result of informed, extensive arm's-length and non-collusive negotiations between experienced counsel, including mediation under the direction of an experienced mediator, Robert A. Meyer of JAMS; (ii) falling within a range of reasonableness warranting final approval; (iii) having no obvious deficiencies; and (iv) warranting notice of the proposed Settlement to Class Members and further consideration of the Settlement at the fairness hearing described below.

3. **Settlement Hearing**. A telephonic hearing (the "Final Approval Hearing") shall be held before this Court on January 12, 2023, at 9:00 a.m. The call-in number is 888-684-8852, access code 746-1053. During the Final Approval Hearing, the Court shall: (i) determine whether the

proposed Settlement of the Litigation on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class and should be approved by the Court; (ii) determine whether a Judgment as defined in ¶1.16 of the Stipulation should be entered herein; (iii) determine whether the proposed Plan of Allocation should be approved; (iv) consider Lead Counsel's application for an award of attorneys' fees and expenses and application for an award to Lead Plaintiff pursuant to 15 U.S.C. §78u-4(a)(4) directly related to its representation of the Class; (v) hear any objections by Class Members to the Settlement, Plan of Allocation, or Lead Counsel's or Lead Plaintiff's application(s); and (vi) consider such other matters the Court deems appropriate. The Court may adjourn the Final Approval Hearing without further notice to Members of the Class.

4.     **Class Certification**.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this Settlement only, a Class of all Persons who purchased Grubhub, Inc. ("Grubhub" or the "Company") common stock between April 25, 2019 and October 28, 2019, inclusive, and were damaged thereby.  Excluded from the Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.  Pursuant to Rule 23, and for purposes of settlement only, the Court hereby preliminarily certifies Lead Plaintiff as Class Representative and Robbins Geller Rudman & Dowd LLP as Class Counsel.

5.     **Class Findings**.  With respect to the Class, this Court preliminarily finds, for purposes of effectuating this Settlement only, that (i) the Members of the Class are so numerous that joinder of all Class Members in the Litigation is impracticable; (ii) there are questions of law and fact common to the Class which predominate over any individual questions; (iii) the claims of the

Lead Plaintiff are typical of the claims of the Class; (iv) Lead Plaintiff and Lead Counsel have fairly and adequately represented and protected the interests of all Class Members; and (v) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (a) the interests of the Members of the Class in individually controlling the prosecution of the separate actions; (b) the extent and nature of any litigation concerning the controversy already commenced by Members of the Class; (c) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (d) the difficulties likely to be encountered in the management of the class action.

6. **Approval of Form and Content of Notice**. The Court approves, as to form and content, the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), the Proof of Claim and Release form (the "Proof of Claim") and the Summary Notice ("Summary Notice"), annexed hereto as Exhibits A-1, A-2 and A-3, respectively, and finds that the mailing and distribution of the Notice and publishing of the Summary Notice, substantially in the manner and form set forth in ¶7 of this Notice Order meet the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995, and due process, and is the best notice practicable under the circumstances and shall constitute due and sufficient notice to all Persons entitled thereto.

7. **Retention of Claims Administrator and Manner of Notice**. Lead Counsel is hereby authorized to retain Gilardi & Co. LLC ("Claims Administrator") to supervise and administer the notice procedure as well as the processing of claims as more fully set forth below:

(a) Within ten (10) calendar days of entry of the Notice Order, Grubhub shall provide to the Claims Administrator, at no cost to Lead Plaintiff or the Class, reasonably available transfer records in electronic searchable form, such as Excel, containing the names and addresses of

purchasers of record of Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive;

(b)    Not later than November 4, 2022 (the "Notice Date"), the Claims Administrator shall commence mailing a copy of the Notice and the Proof of Claim, substantially in the forms annexed hereto, by First-Class Mail to all Class Members who can be identified with reasonable effort and to be posted on its website at www.GrubhubSecuritiesLitigation.com;

(c)    Not later than November 11, 2022, the Claims Administrator shall cause the Summary Notice to be published once in a national news publication, and once over a national newswire service;

(d)    Not later than November 11, 2022, the Claims Administrator shall cause the Stipulation and its Exhibits to be posted on the following website: www.GrubhubSecuritiesLitigation.com; and

(e)    On or before January 5, 2023, Lead Counsel shall cause to be served on Defendants' counsel and filed with the Court proof, by affidavit or declaration, of such mailing, publishing, and posting.

8.    All reasonable expenses incurred in identifying and notifying Class Members, as well as administering the Settlement Fund, shall be paid as set forth in the Stipulation.  In the event the Settlement is not approved by the Court, or otherwise fails to become effective, neither the Lead Plaintiff nor Lead Counsel shall have any obligation to repay any amounts actually and properly incurred and/or disbursed from the Settlement Fund in connection with administering the Settlement, as provided in the Stipulation.

9.    **Nominee Procedures**.  Nominees who hold or held Grubhub common stock purchased between April 25, 2019 and October 28, 2019, inclusive, for the beneficial ownership of another Person, shall send the Notice and the Proof of Claim to such beneficial owners of such

Grubhub common stock within ten (10) calendar days after receipt thereof, or send a list of the names and addresses of such beneficial owners to the Claims Administrator within ten (10) calendar days of receipt thereof, in which event the Claims Administrator shall promptly mail the Notice and the Proof of Claim to such beneficial owners. Lead Counsel shall, if requested, reimburse banks, brokerage houses or other nominees solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners who are Class Members out of the Settlement Fund, which expenses would not have been incurred except for the sending of such notice, subject to further order of this Court with respect to any dispute concerning such compensation. Nominees who do not intend to comply with the provisions of this paragraph shall be requested to notify the Claims Administrator of that fact.

10.     **Participation in the Settlement**.  All Members of the Class (except Persons who request exclusion pursuant to ¶12 below) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, including, but not limited to, the releases provided for therein, whether favorable or unfavorable to the Class, regardless of whether such Persons seek or obtain by any means, including, without limitation, by submitting a Proof of Claim or any similar document, any distribution from the Settlement Fund or the Net Settlement Fund.

11.     Class Members who wish to participate in the Settlement shall complete and submit Proofs of Claim in accordance with the instructions contained therein.  Unless the Court orders otherwise, all Proofs of Claim must be postmarked or submitted electronically no later than February 2, 2023.  Any Class Member who does not submit a Proof of Claim within the time provided for (a) shall be bound by all determinations and judgments in the Litigation concerning the Settlement, whether favorable or unfavorable to the Class, including, without limitation, the Judgment and the releases provided for therein; (b) shall be barred from commencing, maintaining or prosecuting any of the Released Claims against any of the Released Parties, as more fully described

- 5 -

in the Stipulation; and (c) shall be barred from sharing in the distribution of the proceeds of the Net Settlement Fund, unless otherwise ordered by the Court or allowed by the Stipulation. Notwithstanding the foregoing, Lead Counsel shall have the discretion (but not the obligation) to accept late-submitted claims for processing by the Claims Administrator so long as distribution of the Net Settlement Fund is not materially delayed thereby. No Person shall have any claim against Lead Plaintiff, Lead Counsel or the Claims Administrator by reason of the decision to exercise such discretion whether to accept late-submitted claims.

12. **Exclusion from the Class**. Any Person who purchased Grubhub common stock during the Class Period may, upon request as set forth below, be excluded or "opt out" from the Class. Any Person who desires to request exclusion from the Class shall do so within the time set forth and in the manner described in the Notice. Upon receiving any request(s) for exclusion, the Claims Administrator shall promptly notify Lead Counsel and counsel for Defendants of such request(s) and provide them copies of such request(s) and the documentation accompanying them by facsimile or electronic mail.

13. All Persons who submit valid and timely requests for exclusion in the manner set forth in the Notice shall have no rights under the Stipulation, shall not share in the distribution of the Net Settlement Fund, and shall not be bound by the Stipulation or the Judgment entered in the Litigation.

14. **Appearance and Objections at Settlement Hearing**. Any Member of the Class may enter an appearance in the Litigation, at his, her or its own expense, individually or through counsel of his, her or its own choice. If he, she or it does not enter an appearance, he, she or it will be represented by Lead Counsel.

15. Any Class Member may file a written objection to the proposed Settlement and show cause why the proposed Settlement of the Litigation should or should not be approved as fair,

reasonable, and adequate, why the Judgment should or should not be entered thereon, why the Plan of Allocation should or should not be approved, or why attorneys' fees and expenses should or should not be awarded to Lead Counsel or Lead Plaintiff; provided, however, that no Class Member or any other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, or, if approved, the Judgment to be entered thereon approving the same, or the order approving the Plan of Allocation, or the attorneys' fees and expenses to be awarded to Lead Counsel or Lead Plaintiff, unless that Person has mailed or delivered said objections, papers, and briefs to the Clerk of the United States District Court for the Northern District of Illinois, on or before December 22, 2022, and delivered copies of any such papers to Robbins Geller Rudman & Dowd LLP, Theodore J. Pintar, 655 West Broadway, Suite 1900, San Diego, CA 92101, and Kirkland & Ellis LLP, Stefan Atkinson, 601 Lexington Avenue, New York, NY 10022, such that they are received on or before the same date. To object, you must send a letter saying that you object to the Settlement in *Azar v. Grubhub Inc., et al.*, No. 1:19-cv-07665. You must include your name, address, telephone number, your signature, documentation establishing your membership in the Class, including the number of shares of Grubhub common stock you (i) owned as of the opening of trading on April 25, 2019, and (ii) purchased between April 25, 2019 and October 28, 2019, inclusive, the number of any shares sold, the dates and prices of purchases and of any sales, and the reasons you object. The objection must contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, you must identify any other class action settlement(s) in which you or your attorney has objected. Any Class Member who does not make his, her or its objection in the manner provided in this Notice Order shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness or adequacy of the proposed Settlement as set forth in the

Stipulation, to the Plan of Allocation, or to the award of attorneys' fees and expenses to Lead Counsel or Lead Plaintiff, unless otherwise ordered by the Court.

16.     At or after the Final Approval Hearing, the Court shall determine whether the Plan of Allocation proposed by Lead Counsel, and whether any application for attorneys' fees or expenses shall be approved.

17.     **Settlement Fund**.  All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

18.     **Supporting Papers**.  All opening papers in support of the Settlement, the Plan of Allocation, and the application for attorneys' fees and expenses shall be filed and served on or before December 8, 2022.  Any reply papers in response to objections shall be filed and served on or before January 5, 2023.

19.     Defendants shall not have any responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees or expenses submitted by Lead Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

20.     **Use of this Order**.  Neither this Notice Order nor the proposed Settlement (including the Stipulation), nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by Defendants of the truth of any of the allegations in the Litigation, or of any liability, fault, or wrongdoing of any kind and shall not be construed as, or deemed to be evidence of, or an admission or concession that Lead Plaintiff or any Class Members have suffered any damages, harm, or loss.

21.     **Termination**.   In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or the Effective Date does not occur, or in the event that the Settlement Fund, or any portion thereof, is returned to the Defendants pursuant to the Stipulation, then this Notice Order shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated and, in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation.

22.     **Stay of Proceedings**.   All proceedings in the Litigation are stayed until further order of this Court, except as may be necessary to implement the Settlement or comply with the terms of the Stipulation.   Pending final determination of whether the Settlement should be approved, neither Lead Plaintiff nor any Class Member, either directly, representatively, or in any other capacity shall commence or prosecute against any Released Party any action or proceeding in any court or tribunal asserting any of the Released Claims.

23.     The Court reserves the right to adjourn the date of the Final Approval Hearing without further notice to Members of the Class, and retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.   The Court may approve the Settlement, with such modifications as may be agreed to by the Settling Parties, if appropriate, without further notice to the Class.

DATED: Oct. 14, 2022

_____
THE HONORABLE MATTHEW F. KENNELLY
UNITED STATES DISTRICT JUDGE

- 9 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) | Case No.  1:19-cv-07665 |
| | ) | |
| Plaintiff, | ) ) | CLASS ACTION |
| | ) | |
| | ) | Judge Matthew F. Kennelly |
| vs. | ) | Magistrate Judge Jeffrey Cole |
| | ) | |
| GRUBHUB INC., et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

EXHIBIT A-1

*IF YOU PURCHASED GRUBHUB, INC. ("GRUBHUB" OR THE "COMPANY")*
*COMMON STOCK BETWEEN APRIL 25, 2019 AND OCTOBER 28, 2019, INCLUSIVE,*
*YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*[1]

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have. If you are a Member of the Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**: Grubhub common stock (CUSIP No. 400110102) purchased between April 25, 2019 and October 28, 2019, inclusive.

**Settlement Fund**: $42,000,000 in cash. Your recovery will depend on the number of shares of Grubhub common stock you purchased between April 25, 2019 and October 28, 2019, inclusive, and the timing of your purchases and any sales. If claims are submitted for 100% of the eligible shares of Grubhub common stock, the estimated average recovery per share of common stock will be approximately $1.38 before deduction of Court-approved fees and expenses. The actual amount per share you could receive will depend on a number of factors, which are explained in the Plan of Allocation contained below.

**Class**: The Court has conditionally certified a Class of all purchasers of Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive. Excluded from the Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to this Notice.

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated October 7, 2022 (the "Stipulation"), which is available on the website established for the Settlement at www.GrubhubSecuritiesLitigation.com.

- 1 -

**Reasons for Settlement**: The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a benefit to the Class now.

**If the Case Had Not Settled**: The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. A trial is a risky proposition and the Lead Plaintiff might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws or otherwise engaged in any wrongdoing; (2) whether the statements alleged by Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) whether the various facts alleged by the Lead Plaintiff influenced the trading prices of Grubhub common stock during the relevant period; (4) the method for determining whether the prices of Grubhub common stock were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses**: Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of the Lead Plaintiff and the Class. Lead Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Amount and expenses in an amount not to exceed $265,000 to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.42, making the estimated average recovery per share after fees and expenses, approximately $0.96 if claims are submitted for 100% of the eligible shares of Grubhub common stock. In addition, Lead Plaintiff may request an award not to exceed $10,000 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Class.

Claims Administrator:  
Gilardi & Co. LLC  
P.O. Box 6198  
Novato, CA 94948-6198

Lead Counsel:  
Greg Wood  
c/o Shareholder Relations Department  
Robbins Geller Rudman & Dowd LLP  
655 West Broadway, Suite 1900  
San Diego, CA 92101  
Telephone: 1-800-449-4900

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment. If you are a Class Member, and do not exclude yourself from the Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and the other "Released Parties" (as defined below). Proof of Claim and Release forms ("Proof of Claim" or "Claim Form") must be postmarked (if mailed) or received (if submitted online) on or before February 2, 2023. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you to participate in another lawsuit against the Defendants or the other Released Parties relating to the Released Claims being released in this case. Should you elect to exclude yourself from the Class, you should understand that Defendants and the other Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. Exclusions must be postmarked on or before December 22, 2022. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Class. Objections must be received by the Court and counsel for the Settling Parties on or before December 22, 2022. |
| **ATTEND A HEARING ON JANUARY 12, 2023, AT 9:00 A.M.** | Submitting a written objection and notice of intention to appear by December 22, 2022, allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |

---

[2] The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.GrubhubSecuritiesLitigation.com.

- 3 -

**DO NOTHING**    If you are a Member of the Class and you do not submit a Proof of Claim by February 2, 2023, you will not be eligible to receive any payment from the Settlement Fund.  You will, however, remain a Member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the action.

• These rights and options – *and the deadlines to exercise them* – are explained in this Notice.

• The Court in charge of this case must decide whether to approve the Settlement.  Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved.  Please be patient.

## BASIC INFORMATION

### 1. Why Did I Receive This Notice Package?

You or someone in your family may have purchased Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement.  If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665.  The institution that sued, City of Pontiac Reestablished General Employees' Retirement System and City of Pontiac Police & Fire Retirement System, is called the Lead Plaintiff.  Grubhub and the individuals that the Lead Plaintiff sued, Matthew Maloney and Adam DeWitt, are called the Defendants.

### 2. What Is This Lawsuit About?

This case was brought as a class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class of all purchasers of Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive. Among other things, the Complaint alleges violations of the Exchange Act premised on alleged false and misleading statements allegedly concealed from investors that, in expanding into new territories, Grubhub was failing to build adequate restaurant density necessary to attract high-quality and profitable diners, the Company was attracting lower-quality and less-profitable diners, and the Company's business strategy and enterprise customer contracts were hurting profitability. Lead Plaintiff alleges that the false and misleading statements artificially inflated Grubhub's stock price and when the truth was eventually disclosed, the price of Grubhub stock declined, resulting in substantial damages to the Class. Thus, Lead Plaintiff alleges that Class Members overpaid for Grubhub common stock during the relevant time period. Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

### 3. What Has Happened So Far in This Case?

The operative complaint in the Litigation, Lead Plaintiff's Complaint for Violations of the Federal Securities Laws (the "Complaint"), was filed on July 24, 2020. On November 11, 2020, Defendants moved to dismiss the Complaint. Lead Plaintiff opposed the motion. On September 7, 2021, the Court denied Defendants' motion to dismiss in full.

In April 2022, the parties to the Litigation commenced mediation efforts presided over by Robert A. Meyer of JAMS. The parties participated in an all-day mediation session with Mr. Meyer on April 6, 2022, but did not reach an agreement. On August 23, 2022, the parties participated in another mediation session with Mr. Meyer, but again did not reach an agreement. On September 9,

- 5 -

2022, following continued discussions, Mr. Meyer issued a "mediator's proposal" to settle the Litigation for $42 million, which the parties accepted.

### 4.      Why Is This a Class Action?

In a class action, a class representative (in this case the Court-appointed Lead Plaintiff City of Pontiac) sues on behalf of people who have similar claims.  Here, all these people are called the Class or Class Members.  One court resolves the issues for all Class Members, except for those who timely and validly exclude themselves from the Class.  Judge Matthew F. Kennelly is presiding over this class action.

### 5.      Why Is There a Settlement?

The Court did not decide in favor of Lead Plaintiff or Defendants.  Instead, both sides agreed to a settlement.  That way they avoid the cost and uncertainty of a trial, and eligible Class Members who submit valid claims will receive compensation.  Lead Plaintiff and Lead Counsel think the Settlement is best for all Class Members.

## WHO IS IN THE SETTLEMENT

To see if you will receive money from this Settlement, you first have to determine if you are a Class Member.

### 6.      How Do I Know if I Am Part of the Settlement?

The Class includes *all purchasers of Grubhub common stock during the Class Period, which is between April 25, 2019 and October 28, 2019, inclusive*.

### 7.      What Are the Exceptions to Being Included?

You are not a Class Member if you are a Defendant, a current or Class Period officer or director of the Company, a member of the immediate family or legal representative, affiliate, heir, successor-in-interest, or assign of any such excluded party, or an entity in which such excluded

- 6 -

person has or had a controlling interest.  You are also not a Class Member if you timely and validly request exclusion from the Class pursuant to this Notice.

If you sold Grubhub common stock during the Class Period, that alone does not make you a Class Member.  You are a Class Member only if you purchased Grubhub common stock during the Class Period.

**8.    I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help.  You can contact a representative of Lead Counsel: Greg Wood, Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com for more information.  Or you can fill out and return the Claim Form described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.    What Does the Settlement Provide?**

Defendants have agreed to cause to be paid $42 million in cash.  The balance of this fund after payment of Court-approved attorneys' fees and expenses and any award to Lead Plaintiff and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, and Taxes and Tax Expenses (the "Net Settlement Fund"), will be divided among all eligible Class Members who send in valid Claim Forms.

**10.    How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Claim Forms that Class Members send in, compared to the amount of your claim, as calculated under the Plan of Allocation described below.

## WHAT IS THE PROPOSED PLAN OF ALLOCATION?

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation.  The Claims Administrator shall determine each Claimant's *pro rata* share of the Net Settlement Fund based upon the "Recognized Claim" formula described below  This plan was developed in consultation with Lead Counsel's damages expert.  The Plan of Allocation, however, is not a formal damages analysis.  The Plan of Allocation is not intended to estimate the amount a Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Class Members pursuant to the Settlement.  The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated among Authorized Claimants.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue.  In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Class Period which allegedly artificially inflated the price of Grubhub common stock.  It is alleged that corrective information released to the market on October 28, 2019 impacted the market price of Grubhub common stock in a statistically significant manner and removed the alleged artificial inflation from the share price on October 29, 2019.  Accordingly, in order to have a compensable loss in this Settlement, shares of Grubhub common stock must have been purchased or otherwise acquired during the Class Period and held through the alleged corrective disclosure date listed above.

Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase of Grubhub common stock during the Class Period that is listed in the Claim Form

and for which adequate documentation is provided. The "Recognized Loss Amount" will be calculated for each share of Grubhub common stock purchased during the Class Period. The calculation of a Recognized Loss Amount will depend upon several factors, including when the Grubhub common stock was purchased and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

**For each share of Grubhub common stock purchased or acquired from April 25, 2019 through and including October 28, 2019, and**:

    A.  Sold before October 29, 2019, the Recognized Loss Amount for each such share shall be zero.

    B.  Sold during the period from October 29, 2019 through January 24, 2020, the Recognized Loss Amount for each such share shall be *the least of*:

        1.  $24.89; or

        2.  the actual purchase/acquisition price of each such share *minus* the average closing price from October 29, 2019, up to the date of sale as set forth in **Table 1** below; or

        3.  the purchase/acquisition price *minus* the sale price.

    C.  Held as of the close of trading on January 24, 2020, the Recognized Loss Amount for each such share shall be *the lesser of*:

        1.  $24.89; or

        2.  the purchase price *minus* $44.66.[3]

---

[3] Pursuant to Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the Exchange Act, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Grubhub common stock during the "90-day look-back period," October 29, 2019 through January 24, 2020. The mean (average) closing price for Grubhub common stock during this 90-day look-back period was $44.66.

**TABLE 1**

**Grubhub Common Stock Closing Price and Average Closing Price**
**October 29, 2019 – January 24, 2020**

| Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown | Date | Closing Price | Average Closing Price Between October 29, 2019 and Date Shown |
|---|---|---|---|---|---|
| 10/29/2019 | $ 33.11 | $ 33.11 | 12/11/2019 | $ 40.21 | $ 38.94 |
| 10/30/2019 | $ 34.00 | $ 33.56 | 12/12/2019 | $ 42.58 | $ 39.05 |
| 10/31/2019 | $ 34.06 | $ 33.72 | 12/13/2019 | $ 43.54 | $ 39.19 |
| 11/1/2019 | $ 33.72 | $ 33.72 | 12/16/2019 | $ 45.02 | $ 39.36 |
| 11/4/2019 | $ 35.01 | $ 33.98 | 12/17/2019 | $ 45.79 | $ 39.54 |
| 11/5/2019 | $ 35.64 | $ 34.26 | 12/18/2019 | $ 46.48 | $ 39.73 |
| 11/6/2019 | $ 36.14 | $ 34.53 | 12/19/2019 | $ 48.50 | $ 39.97 |
| 11/7/2019 | $ 34.61 | $ 34.54 | 12/20/2019 | $ 48.98 | $ 40.21 |
| 11/8/2019 | $ 36.19 | $ 34.72 | 12/23/2019 | $ 48.63 | $ 40.42 |
| 11/11/2019 | $ 37.16 | $ 34.96 | 12/24/2019 | $ 48.58 | $ 40.63 |
| 11/12/2019 | $ 37.31 | $ 35.18 | 12/26/2019 | $ 49.06 | $ 40.83 |
| 11/13/2019 | $ 36.63 | $ 35.30 | 12/27/2019 | $ 49.06 | $ 41.03 |
| 11/14/2019 | $ 38.50 | $ 35.54 | 12/30/2019 | $ 48.30 | $ 41.20 |
| 11/15/2019 | $ 39.79 | $ 35.85 | 12/31/2019 | $ 48.64 | $ 41.37 |
| 11/18/2019 | $ 40.99 | $ 36.19 | 1/2/2020 | $ 47.24 | $ 41.50 |
| 11/19/2019 | $ 40.06 | $ 36.43 | 1/3/2020 | $ 47.17 | $ 41.62 |
| 11/20/2019 | $ 40.57 | $ 36.68 | 1/6/2020 | $ 49.25 | $ 41.78 |
| 11/21/2019 | $ 41.74 | $ 36.96 | 1/7/2020 | $ 48.63 | $ 41.93 |
| 11/22/2019 | $ 42.72 | $ 37.26 | 1/8/2020 | $ 54.75 | $ 42.19 |
| 11/25/2019 | $ 42.67 | $ 37.53 | 1/9/2020 | $ 55.73 | $ 42.46 |
| 11/26/2019 | $ 42.34 | $ 37.76 | 1/10/2020 | $ 52.38 | $ 42.65 |
| 11/27/2019 | $ 43.24 | $ 38.01 | 1/13/2020 | $ 53.69 | $ 42.87 |
| 11/29/2019 | $ 43.12 | $ 38.23 | 1/14/2020 | $ 54.68 | $ 43.09 |
| 12/2/2019 | $ 42.26 | $ 38.40 | 1/15/2020 | $ 55.19 | $ 43.31 |
| 12/3/2019 | $ 42.91 | $ 38.58 | 1/16/2020 | $ 56.25 | $ 43.55 |
| 12/4/2019 | $ 42.53 | $ 38.73 | 1/17/2020 | $ 55.98 | $ 43.77 |
| 12/5/2019 | $ 40.15 | $ 38.78 | 1/21/2020 | $ 55.68 | $ 43.98 |
| 12/6/2019 | $ 41.01 | $ 38.86 | 1/22/2020 | $ 56.37 | $ 44.19 |
| 12/9/2019 | $ 39.57 | $ 38.89 | 1/23/2020 | $ 57.74 | $ 44.42 |
| 12/10/2019 | $ 39.04 | $ 38.89 | 1/24/2020 | $ 58.57 | $ 44.66 |

- 10 -

In the event a claimant has more than one purchase/acquisition of Grubhub common stock, during the Class Period, all such purchases/acquisitions and sales shall be matched on a First-In, First-Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

A purchase/acquisition of Grubhub common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. All purchases/acquisitions shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Grubhub common stock during the Class Period shall not be deemed a purchase of Grubhub common stock for the calculation of a claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Grubhub common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of Grubhub common stock.

With respect to all of a claimant's transactions in Grubhub common stock during the Class Period, the Claims Administrator will determine if each claimant had a "market gain" or "market loss."[4] If a claimant had an overall market gain, the value of the claimant's "Recognized Claim" shall be zero and such claimants shall be bound by the Settlement. If the claimant had an overall market loss, the value of the claimant's Recognized Claim shall be the lesser of the (a) overall market loss; and (b) the sum total of the claimant's aggregate Recognized Loss Amounts based on the calculations above.

---

[4] After matching on a FIFO basis as explained above, market gains and losses for Class Period purchases/acquisitions will be calculated based on purchase/acquisition price minus (i) the sale price, if sold prior to October 29, 2019, (ii) the average closing price from October 29, 2019, up to the date of sale as set forth in **Table 1** above, if sold between October 29, 2019 and January 24, 2020, or (iii) $44.66, if held as of the close of trading on January 24, 2020.

The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has retained jurisdiction to allow, disallow, or adjust the claim of any Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Class Members who fail

to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

**HOW YOU OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM**

### 11.    How Will I Obtain a Payment?

To qualify for payment, you must be an eligible Class Member, send in a timely and valid Claim Form, and properly document your claim as requested in the Claim Form.  A Claim Form is enclosed with this Notice, or it may be downloaded at www.GrubhubSecuritiesLitigation.com.  Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is postmarked no later than February 2, 2023, or submit it online by no later than February 2, 2023.  Claim Forms may be completed and submitted online at www.GrubhubSecuritiesLitigation.com.

### 12.    When Will I Receive My Payment?

The Court will hold a telephonic hearing on January 12, 2023, at 9:00 a. m., to decide whether to approve the Settlement.  The call-in number is 888-684-8852, access code 746-1053.  If Judge Kennelly approves the Settlement, there may be appeals.  It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years.  Please be patient.

### 13.    What Am I Giving Up to Receive a Payment or Stay in the Class?

Unless you timely and validly exclude yourself, you are a Member of the Class, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or any of the other Released Parties about the Released Claims in this case.  It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the

- 13 -

merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and any other Released Parties.

"**Released Claims**" shall mean any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise, (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Lead Plaintiff or any other Class Member, against any of the Released Parties, which arise out of, are based on, or relate to both (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, acquisition, or sale of Grubhub common stock by any members of the Class during the Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the Settlement.

"**Unknown Claims**" means collectively any Released Claims that Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of

- 14 -

common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party**.

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of the Defendants, and each and all of their respective Related Parties.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns,

- 15 -

spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Lead Plaintiff and each of the Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against the Released Parties, whether or not such Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund. It is an important element of the Defendants' participation in the Settlement, which Lead Plaintiff has acknowledged, that the Released Parties obtain the fullest possible legally enforceable release from further liability to any Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Lead Plaintiff and all Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any other Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Class. This is called excluding yourself or is sometimes referred to as opting out of the Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

**14. How Do I Get Out of the Class?**

To exclude yourself from the Class you must send a letter by mail stating that you want to be excluded from *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665. You must include your name, address, telephone number, your signature, and the number of shares of Grubhub common stock you purchased between April 25, 2019 and October 28, 2019, inclusive, the dates of your purchases, the purchase prices, and the dates and sale prices of any sales. You must mail your exclusion request postmarked no later than December 22, 2022, to:

> *Grubhub Securities Litigation*
> Claims Administrator
> EXCLUSIONS
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

You cannot exclude yourself on the phone or by e-mail. If you properly ask to be excluded, you cannot submit a Claim Form as you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**15.** **If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and certain other Released Parties for the Released Claims in this Settlement. If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is December 22, 2022.

**16.** **If I Exclude Myself, Can I Receive Money From This Settlement?**

No. If you exclude yourself, do not send in a Claim Form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and the other Released Parties.

**THE LAWYERS REPRESENTING YOU**

**17.** **Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Class Members. These lawyers are called Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.** **How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 30% of the Settlement Amount and for expenses in an amount not to exceed $265,000, plus interest that is incurred. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Class. To date, Lead Counsel has not been paid for its

services in conducting this Litigation on behalf of the Lead Plaintiff and the Class, nor for its expenses. The fees requested will compensate counsel for its work in achieving the Settlement Fund. The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665. You must include your name, address, telephone number, your signature, documentation establishing your membership in the Class, including the number of shares of Grubhub common stock you (i) owned as of the opening of trading on April 25, 2019, and (ii) purchased between April 25, 2019 and October 28, 2019, inclusive, the number of any shares sold, the dates and prices of purchases and of any sales, and the reasons you object. The objection must contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Class, or to the entire Class. In addition, you must identify any other class action settlement(s) in which you or your attorney has objected. Any objection ***must*** be mailed or delivered such that it is **received** by *each* of the following no later than December 22, 2022:

- 19 -

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Counsel for Lead Plaintiff:*

Theodore J. Pintar
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

Stefan Atkinson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022

**Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation or Lead Counsel's request for an award of attorneys' fees and expenses.  Class Members do not need to appear at the Final Approval Hearing or take any other action to indicate their approval**.

**20.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Class.  Excluding yourself is telling the Court that you do not want to be part of the Class.  If you exclude yourself, you have no basis to object because the case no longer affects you.

**THE COURT'S FAIRNESS HEARING**

The Court will hold a hearing to decide whether to approve the Settlement.  You may attend and you may ask to speak, but you do not have to.

- 20 -

**21.      When and Where Will the Court Decide Whether to Approve the Settlement?**

The Court will hold a telephonic fairness hearing at 9:00 a.m., on January 12, 2023.  The call-in number is 888-684-8852, access code 746-1053.  During this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.[5]  The Court may move the date or time of the fairness hearing to a later date and/or time without further written notice to you.  If the date or time of the fairness hearing is changed, the new date and/or time will be posted at www.GrubhubSecuritiesLitigation.com.  If there are objections, the Court will consider them.  Judge Kennelly will listen to people who have asked to speak at the hearing.  At or after the fairness hearing, the Court will decide whether to approve the Settlement, the request for attorneys' fees and expenses, and the Plan of Allocation.  The Court may decide these issues at the hearing or take them under consideration.  We do not know how long these decisions will take.

**22.      Do I Have to Come to the Hearing?**

No.  Lead Counsel will answer any questions Judge Kennelly may have.  But, you are welcome to come at your own expense.  If you send an objection, you do not have to come to Court to talk about it.  As long as you submitted your written objection on time, the Court will consider it.  You may also pay your own lawyer to attend, but it is not necessary.

**23.      May I Speak at the Hearing?**

If you have timely filed an objection, you may ask the Court for permission to speak at the fairness hearing.  To do so, you must send a letter saying that it is your intention to appear in *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665.  You must include your name, address, telephone number, your signature, and the number of shares of Grubhub common stock you purchased between April 25, 2019 and October 28, 2019, inclusive.  Your notice of intention to appear must be ***received***

---

[5]      The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense application will be submitted to the Court no later than December 8, 2022, and posted on the Settlement website www.GrubhubSecuritiesLitigation.com.

no later than December 22, 2022, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 19. If you intend to present evidence or witnesses, you must disclose that information and explain it in your letter. You cannot speak at the hearing if you exclude yourself from the Class.

## IF YOU DO NOTHING

**24.    What Happens If I Do Nothing at All?**

If you do nothing, you will be a Class Member. However, you will not receive any money from this Settlement unless you submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any other Released Parties about the Released Claims.

## GETTING MORE INFORMATION

**25.    Are There More Details About the Settlement?**

This Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement. More details are in the Stipulation dated October 7, 2022. You can obtain a copy of the Stipulation by going to www.GrubhubSecuritiesLitigation.com, or by writing to or calling the Claims Administrator: Gilardi & Co. LLC, P.O. Box 6198, Novato, CA 94948-6198, 1-888-758-6707, a representative of Lead Counsel: Greg Wood, c/o Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, or from the Clerk's office at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois 60604, during regular business hours.

**26.    How Do I Get More Information?**

You can call 1-800-449-4900 or email settlementinfo@rgrdlaw.com or write to Greg Wood, c/o Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway,

Suite 1900, San Diego, CA 92101, or visit the following website: www.GrubhubSecuritiesLitigation.com.

### *DO NOT TELEPHONE THE DEFENDANTS OR THE COURT*

### *REGARDING THIS NOTICE*

### SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES

The Court has ordered that if you hold or held any Grubhub common stock purchased between April 25, 2019 and October 28, 2019, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at notifications@gilardi.com or:

> *Grubhub Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 6198
> Novato, CA 94948-6198

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. If you do not intend to comply with the provisions of this section, you are requested to notify the Claims Administrator of that fact at the address listed above.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for, or advancement of, reasonable administrative costs actually incurred or expected to be incurred in connection with forwarding the Notice and which would not have been incurred but for the obligation to forward the Notice, upon submission of appropriate documentation to the Claims Administrator.

DATED: _____

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

- 23 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

ROEI AZAR, Individually and on Behalf of   )   Case No.  1:19-cv-07665
All Others Similarly Situated,     )
    )   <u>CLASS ACTION</u>
           Plaintiff,   )
    )   Judge Matthew F. Kennelly
    vs.            )   Magistrate Judge Jeffrey Cole
    )
GRUBHUB INC., et al.,     )
    )
          Defendants.   )
    )
    )

PROOF OF CLAIM AND RELEASE

EXHIBIT A-2

## II.   GENERAL INSTRUCTIONS

1.     To recover as a Member of the Class based on your claims in the action entitled *Azar v. Grubhub, Inc., et al.*, No. 1:19-cv-07665 (the "Litigation"), you must complete and, on page __ hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form").[6] If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.     Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.     YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE FEBRUARY 2, 2023, ADDRESSED AS FOLLOWS:

> *Grubhub Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 6198
> Novato, CA  94948-6198
> Online Submissions: www.GrubhubSecuritiesLitigation.com

If you are NOT a Member of the Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

4.     If you are a Member of the Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.     It is important that you completely read and understand the Notice that accompanied this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the

---

[6]     This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated October 7, 2022 ("Stipulation"), which can be obtained at www.GrubhubSecuritiesLitigation.com.

Notice.  The Notice describes the proposed Settlement, how Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court.  The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim.  By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided herein.

6.      The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## III.    CLAIMANT IDENTIFICATION

1.      If you purchased Grubhub common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record holder.  If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.      You are a Class Member if you purchased Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive.  Excluded from the Class are: Defendants, the current and Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Class are those Persons who timely and validly request exclusion from the Class pursuant to the Notice.

3.      Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial owner of such Grubhub common stock that forms the basis of this claim.  THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL

- 2 -

OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S), OF SUCH GRUBHUB COMMON STOCK UPON WHICH THIS CLAIM IS BASED. Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by the entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Grubhub common stock during the Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

4.      All joint owners (or a Person authorized to act on the owner's behalf) must sign this Claim Form. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this Claim Form on behalf of Persons represented by them and their authority must accompany this Claim Form and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## IV.     CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Grubhub Common Stock" to supply all required details of your transaction(s) in Grubhub common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases and *all* of your sales of Grubhub common stock that took place at any time between

- 3 -

April 25, 2019 and January 24, 2020, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Grubhub common stock you held at the close of trading on April 24, 2019, October 28, 2019, and January 24, 2020. Failure to report all such transactions may result in the rejection of your claim.

3. List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4. The date of covering a "short sale" is deemed to be the date of purchase of Grubhub common stock. The date of a "short sale" is deemed to be the date of the sale of Grubhub common stock. A purchase or sale of Grubhub common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5. Broker confirmations or other documentation of your transactions in Grubhub common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

7. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be

- 5 -

made after any appeals are resolved, and after the completion of all claims processing. The claims processing will take substantial time to complete fully and fairly. Please be patient.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.GrubhubSecuritiesLitigation.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity and the complete name of the beneficial owner(s) of the securities must be considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

*Azar v. Grubhub, Inc., et al.*,

No. 1:19-cv-07665

PROOF OF CLAIM AND RELEASE

Must Be Postmarked (if mailed) or Received (if submitted online) No Later Than:

February 2, 2023

Please Type or Print

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN GRUBHUB COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

PART I.                CLAIMANT IDENTIFICATION

Beneficial Owner's Name (First, Middle, Last)

_____

Street Address

| | | |
|---|---|---|
| City | State | Zip Code |

| | |
|---|---|
| Foreign Province | Foreign Country |

|   |   |
|---|---|
| | Individual |
| Social Security Number or Taxpayer Identification Number | Corporation/Other |
| | (work) |
| Area Code | Telephone Number |
| | (home) |
| Area Code | Telephone Number |

- 6 -

Record Holder's Name (if different from beneficial owner listed above)

PART II.            SCHEDULE OF TRANSACTIONS IN GRUBHUB COMMON STOCK

    A.     Number of shares of Grubhub common stock held at the close of trading on April 24, 2019: _____

    B.     Purchases of Grubhub common stock (April 25, 2019 – January 24, 2020, inclusive):

| Trade Date<br>Month Day Year | Number of Shares Purchased | Total<br>Purchase Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    IMPORTANT:

        (i)     If any purchase listed covered a "short sale," please mark Yes: ☐ Yes

        (ii)    If you received shares through an acquisition, or merger, please

identify the date, the share amount, and the company acquired.

    ☐ ☐ / ☐ ☐ / ☐ ☐ ☐ ☐  _____  _____
    M  M   D  D   Y  Y  Y  Y    Merger Shares    Company

    C.     Sales of Grubhub common stock (April 25, 2019 – January 24, 2020, inclusive):

| Trade Date<br>Month Day Year | Number of<br>Shares Sold | Total<br>Sales Price |
|---|---|---|
| 1._____ | 1._____ | 1._____ |
| 2._____ | 2._____ | 2._____ |
| 3._____ | 3._____ | 3._____ |

    D.     Number of shares of Grubhub common stock held at the close of trading on October 28, 2019: _____

    E.     Number of shares of Grubhub common stock held at the close of trading on January 24, 2020: _____

If you require additional space, attach extra schedules in the same format as above.  Sign and print your name on each additional page.

YOU MUST READ AND SIGN THE RELEASE ON PAGE __.  FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.

### V.      SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation, described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, with respect to my (our) claim as a Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein.  I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation.  I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so.  I (We) have not submitted any other claim covering the same purchases of Grubhub common stock during the Class Period and know of no other Person having done so on my (our) behalf.

### VI.      RELEASE

24.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their respective "Related Parties."  The term "Related Parties" as defined herein means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity

in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

25. "Released Claims" shall mean any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise, (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), to the fullest extent that the law permits their release in this action, by or on behalf of Lead Plaintiff or any other Class Member, against any of the Released Parties, which arise out of, are based on, or relate to both (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, events, representations, or omissions involved, set forth, alleged or referred to in the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase, acquisition, or sale of Grubhub common stock by any members of the Class during the Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the Settlement.

26. "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of

- 9 -

common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

27. This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

28. I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

29. I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Grubhub common stock that occurred during the Class Period as well as

the number of shares of Grubhub common stock held by me (us) at the close of trading on April 24, 2019, October 28, 2019, and January 24, 2020.

30.     I (We) hereby warrant and represent that I am (we are) not excluded from the Class, as defined in the Notice.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this _____ day of _____
                                                        (Month/Year)

in _____, _____
                (City)                                    (State/Country)


_____
(Sign your name here)


_____
(Type or print your name here)


_____
(Capacity of person(s) signing, *e.g.*,
Beneficial Owner, Executor or Administrator)


ACCURATE CLAIMS PROCESSING TAKES A

SIGNIFICANT AMOUNT OF TIME.

THANK YOU FOR YOUR PATIENCE

**Reminder Checklist:**

1.     Please sign the above release and acknowledgment.

2.     Remember to attach supporting documentation, if available.

3.     Do not send original stock certificates.

4.     Keep a copy of your Claim Form for your records.

5.     If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6.     If you move, please send us your new address.

- 11 -

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| ROEI AZAR, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.  1:19-cv-07665 |
| Plaintiff, | ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) ) | Judge Matthew F. Kennelly Magistrate Judge Jeffrey Cole |
| GRUBHUB INC., et al., | ) ) ) | |
| Defendants. | ) ) ) | |

SUMMARY NOTICE

EXHIBIT A-3

TO:     ALL PERSONS WHO PURCHASED GRUBHUB, INC. ("GRUBHUB") COMMON STOCK BETWEEN APRIL 25, 2019 AND OCTOBER 28, 2019, INCLUSIVE

**THIS NOTICE WAS AUTHORIZED BY THE COURT.  IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT**.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that (i) the above-captioned litigation (the "Litigation") has been preliminarily certified as a class action on behalf of a class of all Persons who purchased Grubhub common stock between April 25, 2019 and October 28, 2019, inclusive, except for certain Persons excluded from the Class as defined in the full printed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is available as described below; and (ii) Lead Plaintiff and Defendants in the Litigation have reached an agreement to settle the Litigation for $42,000,000 in cash (the "Settlement").  If the Settlement is approved it will resolve all claims in the Litigation.  Any capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated October 7, 2022 (the "Stipulation"), and the Notice.

A telephonic hearing will be held on January 12, 2023, at 9:00 a.m., before the Honorable Matthew F. Kennelly.  The dial-in number is 888-684-8852, access code 746-1053.  The purpose of the hearing is to determine: (1) whether the proposed settlement of the claims in the Litigation for the sum of $42,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether a Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation; (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application of Lead Counsel for the

- 1 -

payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with its representation of the Class).

If you purchased Grubhub common stock during the period between April 25, 2019 and October 28, 2019, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies (as well as a copy of the Stipulation) by writing to *Grubhub Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 6198, Novato, CA 94948-6198, or by downloading this information at www.GrubhubSecuritiesLitigation.com. If you are a Class Member, in order to share in the distribution of the Net Settlement Fund, you must either submit a Proof of Claim online at www.GrubhubSecuritiesLitigation.com by February 2, 2023, or by mail postmarked no later than February 2, 2023, establishing that you are entitled to recovery.

If you desire to be excluded from the Class, you must submit a request for exclusion postmarked by December 22, 2022, in the manner and form explained in the detailed Notice referred to above. All Members of the Class who do not timely and validly request exclusion from the Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement must be mailed or delivered to the Clerk of the Court and counsel for the Settling Parties at the addresses below such that it is received no later than December 22, 2022:

> *Court*:
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> Everett McKinley Dirksen U.S. Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604

- 3 -

*Counsel for Lead Plaintiff:*

Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants:*

Stefan Atkinson
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY  10022

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING**

**THIS NOTICE**.  If you have any questions about the Settlement, you may contact counsel for Lead

Plaintiff at the address listed above, email settlementinfo@rgrdlaw.com, or go to the following

website: www.GrubhubSecuritiesLitigation.com.

DATED: _____

          BY ORDER OF THE COURT
          UNITED STATES DISTRICT COURT
          NORTHERN DISTRICT OF ILLINOIS