# EXHIBIT A

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) | Case No.: 1:19-cv-08209 |
| | ) | |
| Plaintiff, | ) | CLASS ACTION |
| | ) | |
| vs. | ) | Judge Virginia M. Kendall |
| | ) | Magistrate Judge Susan E. Cox |
| EXELON CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION**

*IF YOU PURCHASED OR OTHERWISE ACQUIRED EXELON CORPORATION ("EXELON" OR THE "COMPANY") COMMON STOCK BETWEEN FEBRUARY 8, 2019 AND OCTOBER 31, 2019, INCLUSIVE, YOU COULD RECEIVE A PAYMENT FROM A CLASS ACTION SETTLEMENT.*[1]

A federal court authorized this Notice. This is not a solicitation from a lawyer.

**PLEASE READ THIS NOTICE CAREFULLY. This Notice explains important rights you may have. If you are a Member of the Settlement Class, your legal rights will be affected whether or not you act.**

**Securities and Time Period**: Exelon common stock (CUSIP No. 30161N101) purchased or acquired between February 8, 2019 and October 31, 2019, inclusive.

**Settlement Fund:** $173,000,000 in cash. Your recovery will depend on the number of shares of Exelon common stock you purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, and the timing of your purchases, acquisitions, and any sales. If claims are submitted for 100% of the eligible shares of Exelon common stock, the estimated average recovery per share of common stock will be approximately $0.80 before deduction of Court-approved fees and expenses. The actual amount per share you could receive will depend on a number of factors, which are explained in the Plan of Allocation contained below.

**Settlement Class:** The Court has conditionally certified a Settlement Class of all Persons and entities who purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are: Defendants, the current and Settlement Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

**Reasons for Settlement:** The Settlement avoids the costs and risks associated with continued litigation, including the danger of no recovery, and provides a benefit to the Settlement Class now.

**If the Case Had Not Settled:** The Settlement must be compared to the risk of no recovery after contested motions, trial, and likely appeals. A trial is a risky proposition and the Lead Plaintiff might not have prevailed. The claims in this case involve numerous complex legal and factual issues that would require extensive and costly expert testimony. Among the many key issues about which the two sides do not agree are: (1) whether any of the Defendants violated the securities laws; (2) whether the statements alleged by Lead Plaintiff were material, false, misleading or otherwise actionable under the securities laws; (3) whether the various facts alleged by the Lead Plaintiff influenced the trading prices of Exelon common stock during the relevant period; (4) the method for determining whether the prices of Exelon common stock were artificially inflated during the relevant period; (5) the amount (if any) of such inflation; and (6) the amount of damages (if any) that could be recovered at trial.

**Attorneys' Fees and Expenses:** Lead Counsel has not received any payment for its work investigating the facts, conducting this Litigation, and negotiating the Settlement on behalf of the Lead Plaintiff and the Settlement Class. Lead Counsel will ask the Court for attorneys' fees not to exceed 26% of the Settlement Amount and expenses in an amount not to exceed $400,000, plus interest, to be paid from the Settlement Fund. If the above amounts are requested and approved by the Court, the average cost per share of common stock will be approximately $0.21, making the estimated average recovery per share after fees and expenses, approximately $0.59 if claims are submitted for 100% of the eligible shares of Exelon common stock. In addition, Lead Plaintiff may request an award not to exceed $7,500 pursuant to 15 U.S.C. §78u-4(a)(4) in connection with its representation of the Settlement Class.

---

[1] Any capitalized terms used in this Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated May 26, 2023 (the "Stipulation"), which is available on the website established for the Settlement at www.ExelonSecuritiesLitigation.com.

| **Claims Administrator:** | **Lead Counsel:** |
|---|---|
| *Exelon Securities Litigation*<br>Claims Administrator<br>Gilardi & Co. LLC<br>P.O. Box 301171<br>Los Angeles, CA 90030-1171 | Greg Wood<br>c/o Shareholder Relations Department<br>Robbins Geller Rudman & Dowd LLP<br>655 West Broadway, Suite 1900<br>San Diego, CA 92101<br>Telephone: 1-800-449-4900<br>settlementinfo@rgrdlaw.com |

- Your legal rights are affected whether you act or don't act. Read this Notice carefully.

### YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM** | This is the only way to be eligible to receive a payment. If you are a Settlement Class Member, and do not exclude yourself from the Settlement Class, you will be bound by the Settlement as approved by the Court and you will give up any "Released Claims" (as defined below) that you have against the Defendants and the other "Released Parties" (as defined below). Proof of Claim and Release forms ("Proof of Claim" or "Claim Form") must be postmarked (if mailed) or received (if submitted online) on or before September 28, 2023. |
| **EXCLUDE YOURSELF** | If you exclude yourself from the Settlement Class, you will not be eligible to receive any payment from the Settlement Fund. This is the only option that potentially allows you to participate in another lawsuit against the Defendants or the other Released Parties relating to the Released Claims being released in this case. Should you elect to exclude yourself from the Settlement Class, you should understand that Defendants and the other Released Parties will have the right to assert any and all defenses they may have to any claims that you may seek to assert, including, without limitation, the defense that any such claims are untimely under applicable statutes of limitations and statutes of repose. Exclusions must be postmarked on or before August 17, 2023. |
| **OBJECT** | You may write to the Court if you do not like this Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. You will still be a Member of the Settlement Class. Objections must be received by the Court and counsel for the Settling Parties on or before August 17, 2023. |
| **GO TO A HEARING**<br><br>**On September 7, 2023, at 9:00 a.m.** | Submitting a written objection and notice of intention to appear by August 17, 2023, allows you to speak in Court about the fairness of the Settlement, the Plan of Allocation and/or the request for attorneys' fees and expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and speak to the Court about your objection.[2] |
| **DO NOTHING** | If you are a Member of the Settlement Class and you do not submit a Proof of Claim by September 28, 2023, you will not be eligible to receive any payment from the Net Settlement Fund. You will, however, remain a Member of the Settlement Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the action. |

- These rights and options–*and the deadlines to exercise them*–are explained in this Notice.

- The Court in charge of this case must decide whether to approve the Settlement. Payments will be made if the Court approves the Settlement and, if there are any appeals, after appeals are resolved. Please be patient.

---

[2]     The Court may change this date to a later date and/or time without further written notice to you. However, any different date or time will be posted on the Settlement website: www.ExelonSecuritiesLitigation.com.

**BASIC INFORMATION**

1. **Why Did I Receive This Notice Package?**

You or someone in your family may have purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive.

The Court directed that you be sent this Notice because you have a right to know about a proposed settlement of a class action lawsuit, and about all of your options, before the Court decides whether to approve the Settlement. If the Court approves the Settlement and after any objections or appeals are resolved, the Claims Administrator appointed by the Court will make the payments that the Settlement allows.

This package explains the lawsuit, the Settlement, your legal rights, what benefits are available, who is eligible for them, and how to get them.

The Court in charge of the case is the United States District Court for the Northern District of Illinois, and the case is known as *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209. The institution that sued, Local 295 IBT Employer Group Pension Trust Fund, is called the Lead Plaintiff. Exelon, Commonwealth Edison Company ("ComEd"), and the individuals that the Lead Plaintiff sued, Christopher M. Crane, William A. Von Hoene, Jr., Anne R. Pramaggiore, and Joseph Dominguez, are called the Defendants.

2. **What Is This Lawsuit About?**

This case was brought as a class action alleging violations of §§10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act") on behalf of a class of all Persons and entities who purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive. Among other things, the Complaint alleges violations of the Exchange Act premised on certain statements that Lead Plaintiff claims were false or misleading because they, *inter alia*, did not disclose an allegedly improper or unlawful bribery scheme to secure legislation favorable to the Company and allegedly downplayed the government's investigation of the Company. Lead Plaintiff contends that these allegedly false and misleading statements and/or omissions artificially inflated Exelon's stock price and when the alleged truth was eventually disclosed, the price of Exelon stock declined, resulting in substantial damages to the Settlement Class. Thus, Lead Plaintiff alleges that Settlement Class Members overpaid for Exelon common stock during the relevant time period. Defendants have vigorously denied and continue to vigorously deny that they did anything wrong.

3. **What Has Happened So Far in This Case?**

The operative complaint in the Litigation, Lead Plaintiff's Complaint for Violations of the Federal Securities Laws (the "Complaint"), was filed on September 16, 2020. On November 18, 2020, Defendants moved to dismiss the Complaint. Lead Plaintiff opposed the motions. On April 21, 2021, the Court denied Defendants' motions to dismiss.

On May 26, 2021, Defendants Exelon, ComEd, Crane, Von Hoene, and Dominguez (together, the "Exelon and ComEd Defendants") moved for leave to appeal the Court's April 21, 2021 Order denying their motion to dismiss and Defendant Pramaggiore moved to adopt the Exelon and ComEd Defendants' motion. On January 28, 2022, the Court denied Defendants' motion for leave to appeal.

On September 9, 2021, the United States of America, through the United States Attorney for the Northern District of Illinois, moved to intervene in the Litigation and for a limited stay of discovery. On September 23, 2021, the Court granted the United States of America's motion and stayed discovery in the Litigation. Discovery resumed on November 16, 2021, when the Court entered the Amendment to the Agreed Confidentiality Order ("Confidentiality Order"), which placed certain restrictions on the scope of discovery in the Litigation. The Court subsequently entered additional amendments to the Confidentiality Order.

In March 2022, the parties commenced mediation efforts presided over by the Honorable Layn R. Phillips (ret.) of Phillips ADR Enterprises. The parties participated in mediation sessions between March 2022 and April 2023, and through the mediation process ultimately agreed to settle the Litigation for $173 million.

4. **Why Is This a Class Action?**

In a class action, a class representative (in this case the Court-appointed Lead Plaintiff Local 295 IBT Employer Group Pension Trust Fund) sues on behalf of people who have similar claims. Here, all these people are called the Settlement Class or Settlement Class Members. One court resolves the issues for all Settlement Class Members, except for those who timely and validly exclude themselves from the Settlement Class. Judge Virginia M. Kendall is presiding over this class action.

5. **Why Is There a Settlement?**

The Court did not decide in favor of Lead Plaintiff or Defendants. Instead, both sides agreed to a settlement. That way they avoid the cost and uncertainty of a trial, and eligible Settlement Class Members who submit valid claims will receive compensation. Lead Plaintiff and Lead Counsel think the Settlement is best for all Settlement Class Members.

**WHO IS IN THE SETTLEMENT**

To see if you will receive money from this Settlement, you first have to determine if you are a Settlement Class Member.

**6.        How Do I Know if I Am Part of the Settlement?**

The Settlement Class includes *all Persons and entities who purchased or otherwise acquired Exelon common stock during the Settlement Class Period, which is between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby*.

**7.        What Are the Exceptions to Being Included?**

You are not a Settlement Class Member if you are a Defendant, a current or Settlement Class Period officer or director of the Company, a member of the immediate family or legal representative, affiliate, heir, successor-in-interest, or assign of any such excluded person, and any entity in which such excluded person has or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to this Notice.

If you sold Exelon common stock during the Settlement Class Period, that alone does not make you a Settlement Class Member. You are a Settlement Class Member only if you purchased or acquired Exelon common stock during the Settlement Class Period.

**8.        I'm Still Not Sure if I Am Included.**

If you are still not sure whether you are included, you can ask for free help. You can contact a representative of Lead Counsel: Greg Wood, Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com for more information. Or you can fill out and return the Claim Form described in Question 11, to see if you qualify.

**PLEASE DO NOT CALL THE COURT OR DEFENDANTS WITH QUESTIONS ABOUT THE SETTLEMENT**

**THE SETTLEMENT BENEFITS – WHAT YOU GET**

**9.        What Does the Settlement Provide?**

Defendants have agreed to cause to be paid $173 million in cash. The balance of this fund after payment of Court-approved attorneys' fees and expenses and any award to Lead Plaintiff and the costs of claims administration, including the costs of printing and mailing this Notice and the cost of publishing newspaper notice, and Taxes and Tax Expenses (the "Net Settlement Fund"), will be divided among all eligible Settlement Class Members who send in valid Claim Forms.

**10.        How Much Will My Payment Be?**

Your share of the Net Settlement Fund will depend on several things, including the total amount of claims represented by the valid Claim Forms that Settlement Class Members send in, compared to the amount of your claim, as calculated under the Plan of Allocation described below.

**WHAT IS THE PROPOSED PLAN OF ALLOCATION?**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses resulting from the securities law violations alleged in the Litigation. The Claims Administrator shall determine each Claimant's *pro rata* share of the Net Settlement Fund based upon the "Recognized Claim" formula described below. This plan was developed in consultation with Lead Counsel's damages expert. The Plan of Allocation, however, is not a formal damages analysis. The Plan of Allocation is not intended to estimate the amount a Settlement Class Member might have been able to recover after a trial, nor to estimate the amount that will be paid to Settlement Class Members pursuant to the Settlement. The Recognized Claim formula is the basis upon which the Net Settlement Fund will be proportionately allocated among Authorized Claimants.

**CALCULATION OF RECOGNIZED LOSS AMOUNTS**

For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be the cause of the decline in the price of the securities at issue. In this case, Lead Plaintiff alleges that Defendants issued false statements and omitted material facts during the Settlement Class Period which allegedly artificially inflated the price of Exelon common stock. It is alleged that corrective information released to the market impacted the market price of Exelon common stock in a statistically significant manner and removed the alleged artificial inflation from the share price on July 19, 2019, July 24, 2019, October 16-17, 2019, and October 31, 2019. Accordingly, in order to have a compensable loss in this Settlement, shares of Exelon common stock must have been purchased or otherwise acquired during the Settlement Class Period and held through at least one of the alleged corrective disclosures dates listed above.

Based on the formula set forth below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Exelon common stock during the Settlement Class Period that is listed in the Claim Form and for which adequate documentation is provided. The "Recognized Loss Amount" will be calculated for each share of Exelon common stock purchased or acquired during the Settlement Class Period. The calculation of a Recognized Loss Amount will depend upon several factors, including when the Exelon common stock was purchased or acquired and in what amounts, whether the shares were ever sold, and, if so, when they were sold and for what amounts. To the extent that the calculation of a Recognized Loss Amount results in a negative number, that number shall be set to zero.

For shares of Exelon common stock purchased or acquired from February 8, 2019 through October 30, 2019, inclusive, and:

A.      Sold prior to July 19, 2019, the Recognized Loss Amount per share shall be $0.00.

B.      Sold from July 19, 2019 through October 30, 2019, the Recognized Loss Amount per share shall be the lesser of:

     1.    the Inflation per share in Table A at the time of purchase less the Inflation per share in Table A at the time of sale; or

     2.    the difference between the purchase price per share and the sales price per share.

C.      Sold on October 31, 2019, through January 28, 2020, the Recognized Loss Amount per share shall be the least of:

     1.    the Inflation per share in Table A at the time of purchase;

     2.    the difference between the purchase price per share and the sales price per share; or

     3.    the difference between the purchase price per share and the average closing price per share up to the date of sale as set forth in Table B below.

D.      If retained at the close of trading on January 28, 2020, the Recognized Loss Amount per share shall be the lesser of:

     1.    the Inflation per share in Table A at the time of purchase; or

     2.    the difference between the purchase price per share and $45.35 per share.

- 5 -

**TABLE A:**

| Purchase / Sale Period | Inflation |
|---|---|
| February 8, 2019 through July 18, 2019 | $4.91 |
| July 19, 2019 through July 23, 2019 | $4.41 |
| July 24, 2019 through October 15, 2019 | $3.50 |
| October 16, 2019 | $1.25 |
| October 17, 2019 through October 30, 2019 | $0.30 |

**TABLE B:**

| Date | Closing Price | Average Closing Price from October 31, 2019 through Sale Date | Date | Closing Price | Average Closing Price from October 31, 2019 through Sale Date |
|---|---|---|---|---|---|
| 10/31/2019 | $45.49 | $45.49 | 12/16/2019 | $44.70 | $44.60 |
| 11/1/2019 | $45.34 | $45.42 | 12/17/2019 | $44.98 | $44.61 |
| 11/4/2019 | $44.50 | $45.11 | 12/18/2019 | $45.37 | $44.63 |
| 11/5/2019 | $44.78 | $45.03 | 12/19/2019 | $44.98 | $44.64 |
| 11/6/2019 | $44.82 | $44.99 | 12/20/2019 | $45.45 | $44.66 |
| 11/7/2019 | $44.70 | $44.94 | 12/23/2019 | $45.20 | $44.68 |
| 11/8/2019 | $44.71 | $44.91 | 12/24/2019 | $45.32 | $44.70 |
| 11/11/2019 | $44.02 | $44.80 | 12/25/2019 | $45.32 | $44.71 |
| 11/12/2019 | $44.32 | $44.74 | 12/26/2019 | $45.32 | $44.73 |
| 11/13/2019 | $44.50 | $44.72 | 12/27/2019 | $45.41 | $44.74 |
| 11/14/2019 | $44.63 | $44.71 | 12/30/2019 | $45.38 | $44.76 |
| 11/15/2019 | $45.02 | $44.74 | 12/31/2019 | $45.59 | $44.78 |
| 11/18/2019 | $45.41 | $44.79 | 1/1/2020 | $45.59 | $44.79 |
| 11/19/2019 | $45.37 | $44.83 | 1/2/2020 | $45.43 | $44.81 |
| 11/20/2019 | $45.36 | $44.86 | 1/3/2020 | $45.57 | $44.82 |
| 11/21/2019 | $44.39 | $44.84 | 1/6/2020 | $45.64 | $44.84 |
| 11/22/2019 | $44.43 | $44.81 | 1/7/2020 | $45.68 | $44.86 |
| 11/25/2019 | $44.17 | $44.78 | 1/8/2020 | $46.01 | $44.88 |
| 11/26/2019 | $44.01 | $44.74 | 1/9/2020 | $46.15 | $44.91 |
| 11/27/2019 | $44.27 | $44.71 | 1/10/2020 | $46.26 | $44.93 |
| 11/28/2019 | $44.27 | $44.69 | 1/13/2020 | $46.19 | $44.96 |
| 11/29/2019 | $44.40 | $44.68 | 1/14/2020 | $45.81 | $44.97 |
| 12/2/2019 | $43.91 | $44.64 | 1/15/2020 | $46.55 | $45.00 |
| 12/3/2019 | $44.26 | $44.63 | 1/16/2020 | $46.74 | $45.03 |
| 12/4/2019 | $44.54 | $44.62 | 1/17/2020 | $47.39 | $45.07 |
| 12/5/2019 | $44.86 | $44.63 | 1/20/2020 | $47.39 | $45.11 |
| 12/6/2019 | $44.86 | $44.64 | 1/21/2020 | $47.58 | $45.15 |
| 12/9/2019 | $44.93 | $44.65 | 1/22/2020 | $47.66 | $45.20 |
| 12/10/2019 | $44.72 | $44.65 | 1/23/2020 | $47.95 | $45.24 |
| 12/11/2019 | $44.20 | $44.64 | 1/24/2020 | $47.73 | $45.28 |
| 12/12/2019 | $44.10 | $44.62 | 1/27/2020 | $47.27 | $45.31 |
| 12/13/2019 | $43.82 | $44.60 | 1/28/2020 | $47.73 | $45.35 |

In the event a claimant has more than one purchase/acquisition of Exelon common stock, during the Settlement Class Period, all such purchases/acquisitions and sales shall be matched on a First-In, First-Out ("FIFO") basis. Settlement Class Period sales will be matched first against any holdings at the beginning of the Settlement Class Period, and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Settlement Class Period.

A purchase/acquisition of Exelon common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" or "sale" date. All purchases/acquisitions shall exclude any fees and commissions. The receipt or grant by gift, devise, or operation of law of Exelon common stock during the Settlement Class Period shall not be deemed a purchase or acquisition of Exelon common stock for the calculation of a Claimant's recognized claim nor shall it be deemed an assignment of any claim relating to the purchase of such shares unless specifically provided in the instrument of gift or assignment. The receipt of Exelon common stock during the Settlement Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase of Exelon common stock.

With respect to all of a Claimant's transactions in Exelon common stock during the Settlement Class Period, the Claims Administrator will determine if each Claimant had a "market gain" or "market loss."[4] If a Claimant had an overall market gain, the value of the Claimant's "Recognized Claim" shall be zero and such Claimants shall be bound by the Settlement. If the Claimant had an overall market loss, the value of the Claimant's Recognized Claim shall be the lesser of the (a) overall market loss; and (b) the sum total of the Claimant's aggregate Recognized Loss Amounts based on the calculations above.

The Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Claim as compared to the total Recognized Claims of all Authorized Claimants. No distribution shall be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Distributions will be made to Authorized Claimants after all claims have been processed, after the Court has finally approved the Settlement, and after any appeals are resolved. If there is any balance remaining in the Net Settlement Fund after a reasonable period of time from the initial date of distribution of the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise), the Claims Administrator shall, if feasible, reallocate such balance among Authorized Claimants in an equitable and economic fashion. These redistributions shall be repeated until the balance remaining in the Net Settlement Fund is no longer economically feasible to distribute to Settlement Class Members. Thereafter, any balance that still remains in the Net Settlement Fund shall be donated to an appropriate non-profit charitable organization(s) serving the public interest.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Proof of Claim. If you are dissatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Settlement Class Members and the claims administration process, to decide the issue by submitting a written request.

The Court has retained jurisdiction to allow, disallow, or adjust the claim of any Settlement Class Member on equitable grounds.

Payment pursuant to the Plan of Allocation set forth above shall be conclusive against all Authorized Claimants. No Person shall have any claim against Lead Plaintiff, Lead Counsel, any Claims Administrator, any other Person designated by Lead Counsel, or any of the Released Parties based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. All Settlement Class Members who fail to complete and submit a valid and timely Proof of Claim shall be barred from participating in distributions from the Net Settlement Fund (unless otherwise ordered by the Court), but otherwise shall be bound by all of the terms of the Stipulation, including the terms of any judgment entered and the releases given.

### HOW YOU OBTAIN A PAYMENT – SUBMITTING A CLAIM FORM

**11. How Will I Obtain a Payment?**

To qualify for payment, you must be an eligible Settlement Class Member, send in a timely and valid Claim Form, and properly document your claim as requested in the Claim Form. A Claim Form is enclosed with this Notice, or it may be downloaded at www.ExelonSecuritiesLitigation.com. Read the instructions carefully, fill out the form, include all the documents the form asks for, sign it, and mail it such that it is postmarked no later than September 28, 2023, or submit it online by no later than September 28, 2023. Claim Forms may be completed and submitted online at www.ExelonSecuritiesLitigation.com.

**12. When Will I Receive My Payment?**

The Court will hold a hearing on September 7, 2023, at 9:00 a.m., to decide whether to approve the Settlement. If Judge Kendall approves the Settlement, there may be appeals. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps several years. Please be patient.

**13. What Am I Giving Up to Receive a Payment or Stay in the Settlement Class?**

Unless you timely and validly exclude yourself, you are a Settlement Class Member, and that means that you cannot sue, continue to sue, or be part of any other lawsuit against the Defendants or any of the other Released Parties about the Released Claims in this case. It also means that all of the Court's orders, including a judgment ("Judgment") dismissing the Litigation with prejudice on the merits, will apply to you and legally bind you and you will release all Released Claims in this case against the Defendants and any other Released Parties.

---

[4] After matching on a FIFO basis as explained above, market gains and losses for Settlement Class Period purchases/acquisitions will be calculated based on purchase/acquisition price minus (i) the sale price, if sold prior to October 31, 2019, (ii) the average closing price from October 31, 2019, up to the date of sale as set forth in Table B above, if sold from October 31, 2019 through January 28, 2020, or (iii) $45.35 per share, if held as of the close of trading on January 28, 2020.

"**Released Claims**" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Released Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, representations, or omissions involved, set forth, alleged or referred to in the Complaint or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase or acquisition of Exelon common stock by any Members of the Settlement Class during the Settlement Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the Settlement.

"**Unknown Claims**" means collectively any Released Claims that Lead Plaintiff or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

**A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.

"**Released Parties**" means each and all of the Defendants, and each and all of their respective Related Parties.

"**Related Parties**" means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

The Judgment will also provide that upon the Effective Date, without any further action by anyone, Lead Plaintiff and each of the Settlement Class Members shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished, compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim or participates in the Settlement Fund. It is an important element of the Defendants' participation in the Settlement, which Lead Plaintiff has acknowledged, that the Released Parties obtain the fullest possible legally enforceable release from further liability to any Settlement Class Member relating to the Released Claims, and it is the intention of the Settling Parties that all further liability of the Defendants and each of their Related Parties relating to the Released Claims hereby be eliminated. These releases and waivers were separately bargained for and are essential elements of the Stipulation and the Settlement.

Moreover, upon the Effective Date, Lead Plaintiff and all Settlement Class Members and anyone claiming through or on behalf of any of them, will be forever barred and enjoined from commencing, instituting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

**EXCLUDING YOURSELF FROM THE SETTLEMENT**

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any other Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

**14.     How Do I Get Out of the Settlement Class?**

To exclude yourself from the Settlement Class you must send a letter by mail stating that you want to be excluded from *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209. You must include your name, address, telephone number, your signature, and the number of shares of Exelon common stock you purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, the dates of your purchases or acquisitions, the purchase or acquisition prices, and the dates and sale prices of any sales. You must mail your exclusion request postmarked no later than August 17, 2023, to:

> *Exelon Securities Litigation*
> EXCLUSIONS
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

You cannot exclude yourself on the phone or by email. If you properly ask to be excluded, you cannot submit a Claim Form as you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

**15.     If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?**

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and certain other Released Parties for the Released Claims in this Settlement. If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is August 17, 2023.

**16.     If I Exclude Myself, Can I Receive Money From This Settlement?**

No. If you exclude yourself, do not send in a Claim Form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and the other Released Parties.

**THE LAWYERS REPRESENTING YOU**

**17.     Do I Have a Lawyer in This Case?**

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

**18.     How Will the Lawyers Be Paid?**

Lead Counsel will ask the Court for attorneys' fees not to exceed 26% of the Settlement Amount and for expenses in an amount not to exceed $400,000, plus interest that is incurred. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class. To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of the Lead Plaintiff and the Settlement Class, nor for its expenses. The fees requested will compensate counsel for its work in achieving the Settlement Fund. The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

**OBJECTING TO THE SETTLEMENT**

You can tell the Court that you do not agree with the Settlement or some part of it.

**19.     How Do I Tell the Court That I Do Not Like the Settlement?**

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209. You must include your name, address, telephone number, your signature, documentation establishing your membership in the Settlement Class, including the number of shares of Exelon common stock you (i) owned as of the opening of trading on February 8, 2019, and (ii) purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, the number of any shares sold, the dates and prices of purchases or acquisitions and of any sales, and the reasons you object. The objection must contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, you must identify any other class action settlement(s) in which you or your attorney has objected. Any objection *must* be mailed or delivered such that it is **received** by *each* of the following no later than August 17, 2023:

> ***Court:***
>
> Clerk of the Court
> UNITED STATES DISTRICT COURT
> NORTHERN DISTRICT OF ILLINOIS
> Everett McKinley Dirksen U.S. Courthouse
> 219 South Dearborn Street
> Chicago, IL 60604
>
> ***Counsel for Lead Plaintiff:***
>
> Theodore J. Pintar
> ROBBINS GELLER RUDMAN
>  & DOWD LLP
> 655 West Broadway, Suite 1900
> San Diego, CA 92101
>
> ***Counsel for Defendants:***
>
> Edmund Polubinski III
> DAVIS POLK & WARDWELL LLP
> 450 Lexington Avenue
> New York, NY 10017

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses. Settlement Class Members do not need to appear at the fairness hearing or take any other action to indicate their approval.**

**20.     What's the Difference Between Objecting and Excluding?**

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

The Court will hold a hearing to decide whether to approve the Settlement. You may attend and you may ask to speak, but you do not have to.

### 21.   When and Where Will the Court Decide Whether to Approve the Settlement?

The Court will hold a fairness hearing at 9:00 a.m., on September 7, 2023, at the Everett McKinley Dirksen U.S. Courthouse, in Courtroom 2503, 219 South Dearborn Street, Chicago, IL 60604. At this hearing the Court will consider whether the Settlement is fair, reasonable, and adequate.[5] The Court may move the date or time of the fairness hearing to a later date and/or time without further written notice to you. If the date or time of the fairness hearing is changed, the new date and/or time will be posted at www.ExelonSecuritiesLitigation.com. If there are objections, the Court will consider them. Judge Kendall will listen to people who have asked to speak at the hearing. At or after the fairness hearing, the Court will decide whether to approve the Settlement, the request for attorneys' fees and expenses, and the Plan of Allocation. The Court may decide these issues at the hearing or take them under consideration. We do not know how long these decisions will take.

### 22.   Do I Have to Come to the Hearing?

No. Lead Counsel will answer any questions Judge Kendall may have. But, you are welcome to come at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submitted your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary.

### 23.   May I Speak at the Hearing?

If you have timely filed an objection, you may ask the Court for permission to speak at the fairness hearing. To do so, you must send a letter saying that it is your intention to appear in *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209. You must include your name, address, telephone number, your signature, and the number of shares of Exelon common stock you purchased or acquired between February 8, 2019 and October 31, 2019, inclusive. Your notice of intention to appear must be ***received*** no later than August 17, 2023, by the Clerk of the Court, Lead Counsel, and Defendants' counsel, at the addresses listed in Question 19. If you intend to present evidence or witnesses, you must disclose that information and explain it in your letter. You cannot speak at the hearing if you exclude yourself from the Settlement Class.

## IF YOU DO NOTHING

### 24.   What Happens If I Do Nothing at All?

If you do nothing, you will be a Settlement Class Member. However, you will not receive any money from this Settlement unless you submit a Claim Form. Unless you exclude yourself, you won't be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against the Defendants or any other Released Parties about the Released Claims.

## GETTING MORE INFORMATION

### 25.   Are There More Details About the Settlement?

This Notice summarizes the proposed Settlement and does not describe all of the details of the Settlement. More details are in the Stipulation dated May 26, 2023. You can obtain a copy of the Stipulation by going to www.ExelonSecuritiesLitigation.com, or by writing to or calling the Claims Administrator: *Exelon Securities Litigation* Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, 1-866-688-9210; a representative of Lead Counsel: Greg Wood, c/o Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, 1-800-449-4900, settlementinfo@rgrdlaw.com; or from the Clerk's office at the United States District Court for the Northern District of Illinois, Eastern Division, Everett McKinley Dirksen U.S. Courthouse, 219 South Dearborn Street, Chicago, IL 60604, during regular business hours.

### 26.   How Do I Get More Information?

You can call 1-800-449-4900 or email settlementinfo@rgrdlaw.com or write to Greg Wood, c/o Shareholder Relations Department, Robbins Geller Rudman & Dowd LLP, 655 West Broadway, Suite 1900, San Diego, CA 92101, or visit the following website: www.ExelonSecuritiesLitigation.com.

### *DO NOT TELEPHONE THE DEFENDANTS OR THE COURT REGARDING THIS NOTICE*

---

[5]   The papers in support of approval of the Settlement, the Plan of Allocation, and Lead Counsel's fee and expense application will be submitted to the Court no later than August 3, 2023, and posted on the Settlement website www.ExelonSecuritiesLitigation.com.

**SPECIAL NOTICE TO BANKS, BROKERS, AND OTHER NOMINEES**

The Court has ordered that if you hold or held any Exelon common stock purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at notifications@gilardi.com or:

*Exelon Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171

If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing. If you do not intend to comply with the provisions of this section, you are requested to notify the Claims Administrator of that fact at the address listed above.

Regardless of whether you choose to complete the mailing yourself or elect to have the mailing performed for you, you may obtain reimbursement for reasonable out-of-pocket costs actually incurred upon submission of appropriate documentation to the Claims Administrator. Reasonable out-of-pocket costs in connection with the foregoing includes up to $0.25 for providing names and addresses to the Claims Administrator or mailed by you per record and postage costs, which are a direct pass-through cost with no mark-up, at the same rate used by the Claims Administrator.

DATED: June 9, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | ) ) ) | <u>CLASS ACTION</u> |
| vs. | ) ) | Judge Virginia M. Kendall |
| EXELON CORPORATION, et al., | ) ) | Magistrate Judge Susan E. Cox |
| Defendants. | ) ) | |

**PROOF OF CLAIM AND RELEASE**

### I. GENERAL INSTRUCTIONS

1.　　To recover as a Member of the Settlement Class based on your claims in the action entitled *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209 (the "Litigation"), you must complete and, on page 8 hereof, sign this Proof of Claim and Release form ("Proof of Claim" or "Claim Form").[1] If you fail to file a properly addressed (as set forth in paragraph 3 below) Proof of Claim, your claim may be rejected and you may be precluded from any recovery from the Settlement Fund created in connection with the proposed Settlement of the Litigation.

2.　　Submission of this Proof of Claim, however, does not assure that you will share in the proceeds of the Settlement of the Litigation.

3.　　YOU MUST MAIL OR SUBMIT ONLINE YOUR COMPLETED AND SIGNED PROOF OF CLAIM, ACCOMPANIED BY COPIES OF THE DOCUMENTS REQUESTED HEREIN, ON OR BEFORE SEPTEMBER 28, 2023, ADDRESSED AS FOLLOWS:

> *Exelon Securities Litigation*
> Claims Administrator
> c/o Gilardi & Co. LLC
> P.O. Box 301171
> Los Angeles, CA 90030-1171
> Online Submissions: www.ExelonSecuritiesLitigation.com

If you are NOT a Member of the Settlement Class, as defined in the Notice of Pendency and Proposed Settlement of Class Action ("Notice"), or if you have submitted a request for exclusion, DO NOT submit a Proof of Claim.

4.　　If you are a Member of the Settlement Class, you are bound by the terms of any judgment entered in the Litigation, WHETHER OR NOT YOU SUBMIT A PROOF OF CLAIM.

5.　　It is important that you completely read and understand the Notice that accompanied this Proof of Claim, including the Plan of Allocation of the Net Settlement Fund set forth in the Notice. The Notice describes the proposed Settlement, how Settlement Class Members are affected by the Settlement, and the manner in which the Net Settlement Fund will be distributed if the Settlement and Plan of Allocation are approved by the Court. The Notice also contains the definitions of many of the defined terms (which are indicated by initial capital letters) used in this Proof of Claim. By signing and submitting this Proof of Claim, you will be certifying that you have read and that you understand the Notice, including the terms of the releases described and provided herein.

---

[1]　　This Proof of Claim incorporates by reference the definitions in the Stipulation of Settlement dated May 26, 2023 ("Stipulation"), which can be obtained at www.ExelonSecuritiesLitigation.com.

- 1 -

6.      The distribution of the Net Settlement Fund will be governed by the Plan of Allocation set forth in the Notice, if it is approved by the Court, or by such other plan of allocation as the Court approves.

## II.      CLAIMANT IDENTIFICATION

1.      If you purchased or acquired Exelon common stock and held the certificate(s) in your name, you are the beneficial owner as well as the record holder. If, however, the certificate(s) were registered in the name of a third party, such as a brokerage firm or other nominee, you are the beneficial owner and the third party is the record holder.

2.      You are a Settlement Class Member if you purchased or acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby. Excluded from the Settlement Class are: Defendants, the current and Settlement Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest. Also excluded from the Settlement Class are those Persons who timely and validly request exclusion from the Settlement Class pursuant to the Notice.

3.      Use Part I of this form entitled "Claimant Identification" to identify each holder of record ("nominee"), if different from the beneficial owner of such Exelon common stock that forms the basis of this claim. THIS CLAIM MUST BE FILED BY THE ACTUAL BENEFICIAL OWNER(S), OR A PERSON AUTHORIZED TO ACT ON BEHALF OF SUCH OWNER(S), OF SUCH EXELON COMMON STOCK UPON WHICH THIS CLAIM IS BASED. Separate Proofs of Claim should be submitted for each separate legal entity (for example, a claim by joint owners should not include the transactions of just one of the joint owners, and an individual should not submit one claim that combines his or her IRA transactions with transactions made solely in the individual's name). Conversely, a combined Proof of Claim should be submitted on behalf of each legal entity (including an individual) that includes all transactions made by the entity, no matter how many separate accounts that entity has (for example, a corporation/individual with multiple brokerage accounts should include all transactions made in Exelon common stock during the Settlement Class Period on one Proof of Claim, no matter in how many accounts the transactions were made).

4.      All joint owners (or a Person authorized to act on the owner's behalf) must sign this Claim Form. Executors, administrators, guardians, conservators, trustees, or others authorized to act on behalf of a beneficial owner, must complete and sign this Claim Form on behalf of Persons represented by them, and their authority must accompany this Claim Form and their titles or capacities must be stated. The Social Security (or taxpayer identification) number and telephone number of the beneficial owner may be used in verifying the claim. Failure to provide the foregoing information could delay verification of your claim or result in rejection of the claim.

## III.      CLAIM FORM

1.      Use Part II of this form entitled "Schedule of Transactions in Exelon Common Stock" to supply all required details of your transaction(s) in Exelon common stock. If you need more space or additional schedules, attach separate sheets giving all of the required information in substantially the same form. Sign and print or type your name on each additional sheet.

2.      On the schedules, provide all of the requested information with respect to *all* of your purchases/acquisitions and *all* of your sales of Exelon common stock that took place at any time between February 8, 2019 and January 28, 2020, inclusive, whether such transactions resulted in a profit or a loss. You must also provide all of the requested information with respect to *all* of the shares of Exelon common stock you held at the close of trading on February 7, 2019, October 31, 2019, and January 28, 2020. Failure to report all such transactions may result in the rejection of your claim.

3.      List each transaction separately and in chronological order, by trade date, beginning with the earliest. You must accurately provide the month, day, and year of each transaction you list.

4.      The date of covering a "short sale" is deemed to be the date of purchase of Exelon common stock. The date of a "short sale" is deemed to be the date of the sale of Exelon common stock. A purchase or sale of Exelon common stock shall be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date; please provide any "contract" or "trade" dates in your claim.

5. Broker confirmations or other documentation of your transactions in Exelon common stock should be attached to your claim. Failure to provide this documentation could delay verification of your claim or result in rejection of your claim.

6. The above requests are designed to provide the minimum amount of information necessary to process the most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your losses. In some cases where the Claims Administrator cannot perform the calculation accurately or at a reasonable cost to the Settlement Class with the information provided, the Claims Administrator may condition acceptance of the claim upon the production of additional information and/or the hiring of an accounting expert at the claimant's cost.

7. If the Court approves the Settlement, payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims processing will take substantial time to complete fully and fairly. Please be patient.

PLEASE NOTE: As set forth in the Plan of Allocation, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. This is different from the online submission process that is available at www.ExelonSecuritiesLitigation.com. All claimants MUST submit a manually signed paper Proof of Claim whether or not they also submit electronic copies. If you have a large number of transactions and wish to file your claim electronically, you must contact the Claims Administrator at edata@gilardi.com to obtain the required file layout. Any file not in accordance with the required electronic filing format will be subject to rejection. Only one claim should be submitted for each separate legal entity, and the complete name of the beneficial owner(s) of the securities must be entered where called for. Distribution payments must be made by check or electronic payment payable to the Authorized Claimant (beneficial account owner). The Third Party Filer shall not be the payee of any distribution payment check or electronic distribution payment. No electronic files will be considered to have been submitted unless the Claims Administrator issues an email to that effect. Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the electronic filing department at edata@gilardi.com to inquire about your file and confirm it was received.

THIS PAGE INTENTIONALLY LEFT BLANK

**Official Office Use Only**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*Flynn v. Exelon Corporation, et al.*

Case No.: 1:19-cv-08209

**PROOF OF CLAIM FORM**

**Must Be Postmarked (if Mailed) or Received (if Submitted Online) No Later Than September 28, 2023**

# EXO

Please Type or Print in the Boxes Below
Do **NOT** use Red Ink, Pencil, or Staples

**REMEMBER TO ATTACH COPIES OF BROKER CONFIRMATIONS OR OTHER DOCUMENTATION OF YOUR TRANSACTIONS IN EXELON COMMON STOCK. FAILURE TO PROVIDE THIS DOCUMENTATION COULD DELAY VERIFICATION OF YOUR CLAIM OR RESULT IN REJECTION OF YOUR CLAIM.**

## PART I. CLAIMANT IDENTIFICATION

Last Name

M.I.

First Name

Last Name (Co-Beneficial Owner)

M.I.

First Name (Co-Beneficial Owner)

○ IRA    ○ Joint Tenancy    ○ Employee    ○ Individual    ○ Other

(specify)

Company Name (Beneficial Owner - If Claimant is not an Individual) or Custodian Name if an IRA

Trustee/Asset Manager/Nominee/Record Owner's Name (If Different from Beneficial Owner Listed Above)

Account#/Fund# (Not Necessary for Individual Filers)

Last Four Digits of Social Security Number

or

Taxpayer Identification Number

—

Telephone Number (Primary Daytime)

—    —

Telephone Number (Alternate)

—    —

Email Address

### MAILING INFORMATION

Address

Address (cont.)

City

State

ZIP Code

Foreign Province

Foreign Postal Code

Foreign Country Name/Abbreviation

| FOR CLAIMS PROCESSING ONLY | OB | | CB | | ○ ATP ○ KE ○ ICI | ○ BE ○ DR ○ EM | ○ FL ○ ME ○ ND | ○ OP ○ RE ○ SH | M M / D D / Y Y Y Y | FOR CLAIMS PROCESSING ONLY |



5

**PART II. SCHEDULE OF TRANSACTIONS IN EXELON COMMON STOCK**

**A.** Number of shares of Exelon common stock held at the close of trading on February 7, 2019: 

Proof Enclosed? ○ Y ○ N

**B.** Purchases or acquisitions of Exelon common stock (February 8, 2019 – January 28, 2020, inclusive):

**PURCHASES**

| Trade Date(s) (List Chronologically) | Number of Shares Purchased or Acquired | Total Purchase or Acquisition Price (Excluding commissions, taxes and fees) | Proof of Purchase Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y ○ N |
| 2. / / | | $ . 00 | ○ Y ○ N |
| 3. / / | | $ . 00 | ○ Y ○ N |
| 4. / / | | $ . 00 | ○ Y ○ N |
| 5. / / | | $ . 00 | ○ Y ○ N |

IMPORTANT:  (i) If any purchase listed covered a "short sale," please mark Yes: ○ Yes

(ii) If you received shares through an acquisition or merger, please identify the date, the share amount and the company acquired:

| M M / D D / Y Y Y Y | Merger Shares: | Company: |
|---|---|---|
| / / | | |

**C.** Sales of Exelon common stock (February 8, 2019 – January 28, 2020, inclusive):

**SALES**

| Trade Date(s) (List Chronologically) | Number of Shares Sold | Total Sales Price (Excluding commissions, taxes and fees) | Proof of Sales Enclosed? |
|---|---|---|---|
| M M / D D / Y Y Y Y | | | |
| 1. / / | | $ . 00 | ○ Y ○ N |
| 2. / / | | $ . 00 | ○ Y ○ N |
| 3. / / | | $ . 00 | ○ Y ○ N |
| 4. / / | | $ . 00 | ○ Y ○ N |
| 5. / / | | $ . 00 | ○ Y ○ N |

**D.** Number of shares of Exelon common stock held at the close of trading on October 31, 2019: 

Proof Enclosed? ○ Y ○ N

**E.** Number of shares of Exelon common stock held at the close of trading on January 28, 2020: 

Proof Enclosed? ○ Y ○ N

If you require additional space, attach extra schedules in the same format as above.
Sign and print your name on each additional page.

**YOU MUST READ AND SIGN THE RELEASE ON PAGE 8. FAILURE TO SIGN THE RELEASE MAY RESULT IN A DELAY IN PROCESSING OR THE REJECTION OF YOUR CLAIM.**



6

## IV. SUBMISSION TO JURISDICTION OF COURT AND ACKNOWLEDGMENTS

I (We) submit this Proof of Claim under the terms of the Stipulation, described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Northern District of Illinois, with respect to my (our) claim as a Settlement Class Member (as defined in the Notice) and for purposes of enforcing the release set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in the Litigation. I (We) agree to furnish additional information to Lead Counsel to support this claim if required to do so. I (We) have not submitted any other claim covering the same purchases or acquisitions of Exelon common stock during the Settlement Class Period and know of no other Person having done so on my (our) behalf.

## V. RELEASE

1.      I (We) hereby acknowledge full and complete satisfaction of, and do hereby fully, finally, and forever settle, release, relinquish, and discharge, all of the Released Claims against each and all of the Defendants and each and all of their respective "Related Parties." The term "Related Parties" as defined herein means each of a Defendant's past or present directors, officers, employees, partners, insurers, co-insurers, reinsurers, principals, controlling shareholders, members, agents, administrators, attorneys, accountants, auditors, bankers, underwriters, investment advisors, personal or legal representatives, predecessors, successors, direct and/or indirect parents, subsidiaries, divisions, joint ventures, partnerships, limited liability companies, affiliates, assigns, spouses, heirs, estates, related or affiliated entities, any entity in which a Defendant has a controlling interest, any member of a Defendant's immediate family, any trust of which a Defendant is the settlor or which is for the benefit of a Defendant and/or any member of a Defendant's immediate family, and any entity in which a Defendant and/or any member of a Defendant's immediate family has or had a controlling interest (directly or indirectly).

2.      "Released Claims" means any and all claims (including Unknown Claims as defined below), rights, demands, losses, suits, debts, obligations, damages, judgments, controversies, liabilities, or causes of action of every nature and description whatsoever, in law, equity, or otherwise (including, but not limited to, any claims for damages, interest, attorneys' fees, expert or consulting fees, and any other costs, expenses, or liabilities whatsoever), whether asserted or unasserted, accrued or unaccrued, fixed or contingent, whether arising under federal, state, local, common, or foreign law, or any other law, rule, or regulation, whether class or individual in nature, to the fullest extent that the law permits their release in this Litigation against any of the Released Parties, which arise out of, are based on, or relate to both: (i) the allegations, acts, transactions, facts, events, matters, occurrences, disclosures, statements, filings, representations, or omissions involved, set forth, alleged or referred to in the Complaint or the Litigation, or which could have been alleged in the Litigation; and (ii) the purchase or acquisition of Exelon common stock by any Members of the Settlement Class during the Settlement Class Period. Released Claims do not include any derivative or ERISA claims or claims to enforce the Settlement.

3.      "Unknown Claims" means collectively any Released Claims that Lead Plaintiff or Settlement Class Members do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected such Settlement Class Member's settlement or decisions with respect to the Settlement, including, but not limited to, the release of the Released Parties or the decision not to object to or opt out of this Settlement. With respect to any and all Released Claims, the Settling Parties stipulate and agree that, upon the Effective Date, Lead Plaintiff and Defendants shall expressly waive, and each of the Settlement Class Members shall be deemed to have waived, and by operation of the Judgment shall have expressly waived, any and all provisions, rights, and benefits conferred by the law of any state or territory or other jurisdiction or principle of common law or foreign law that is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiff and Settlement Class Members may hereafter discover facts in addition to or different from those which he, she or it now knows or believes to be true with respect to the subject matter of the Released Claims, but Lead Plaintiff shall expressly fully, finally, and forever settle and release, and each Settlement Class Member, upon the Effective Date, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever settled and released, any and all Released Claims, known or unknown, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law or rule, without regard to the subsequent discovery or existence of such different or additional facts. Lead Plaintiff and Defendants acknowledge, and Settlement Class Members shall be deemed by operation of law (including by operation of the Judgment) to have acknowledged, that the foregoing waiver was separately bargained for and is a key element of the Settlement.



4.       This release shall be of no force or effect unless and until the Court approves the Stipulation and it becomes effective on the Effective Date.

5.       I (We) hereby warrant and represent that I (we) have not assigned or transferred or purported to assign or transfer, voluntarily or involuntarily, any matter released pursuant to this release or any other part or portion thereof.

6.       I (We) hereby warrant and represent that I (we) have included information about all of my (our) transactions in Exelon common stock that occurred during the Settlement Class Period as well as the number of shares of Exelon common stock held by me (us) at the close of trading on February 7, 2019, October 31, 2019, and January 28, 2020.

7.       I (We) hereby warrant and represent that I am (we are) not excluded from the Settlement Class, as defined in the Notice.

I (We) declare under penalty of perjury under the laws of the United States of America that the foregoing information supplied by the undersigned is true and correct.

Executed this_____ day of _____ in _____

(Month/Year)                                                 (City/State/Country)

_____                _____
(Sign your name here)                                     (Sign your name here)

_____                _____
(Type or print your name here)                           (Type or print your name here)

_____                _____
(Capacity of person(s) signing, *e.g.*,                  (Capacity of person(s) signing, *e.g.*,
Beneficial Purchaser or Acquirer, Executor or Administrator)  Beneficial Purchaser or Acquirer, Executor or Administrator)

**ACCURATE CLAIMS PROCESSING TAKES A SIGNIFICANT AMOUNT OF TIME.**
**THANK YOU FOR YOUR PATIENCE.**

Reminder Checklist:

1. Please sign the above release and acknowledgment.

2. Remember to attach supporting documentation, if available.

3. Do not send original stock certificates.

4. Keep a copy of your Claim Form for your records.

5. If you desire an acknowledgment of receipt of your Claim Form, please send it Certified Mail, Return Receipt Requested.

6. If you move, please send us your new address.

**THIS CLAIM FORM MUST BE SUBMITTED ONLINE OR POSTMARKED**
**NO LATER THAN SEPTEMBER 28, 2023, ADDRESSED AS FOLLOWS:**

*Exelon Securities Litigation*
Claims Administrator
c/o Gilardi & Co. LLC
P.O. Box 301171
Los Angeles, CA 90030-1171
www.ExelonSecuritiesLitigation.com



# EXHIBIT B

**Gilardi & Co LLC**

1 McInnis Parkway
Suite 250
San Rafael, CA 94903
P: (415) 458-3015

June 30, 2023

«FirstName» «LastName»
«Company»
«Addr1»
«Addr2»
South Bend, IN 46601
«FCountry»

Re: **Exelon Securities Litigation**

Dear «GENDER» «LastName»:

Please find enclosed the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release for the above referenced litigation. Please note both the Settlement Class Period and the designated eligible securities described on page one of the Notice, specifically the inclusion of all persons who purchased or otherwise acquired Exelon Corporation ("Exelon") common stock between February 8, 2019 and October 31, 2019, inclusive. In addition, **the Notice provides that the Exclusion Deadline is August 17, 2023 and the Claim Filing Deadline is September 28, 2023.**

Please pay particular attention to the "Special Notice to Banks, Brokers and Other Nominees" on page twelve of the Notice, which states: The Court has ordered that if you hold or held any Exelon common stock purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, as nominee for a beneficial owner, then, within ten (10) calendar days after you receive this Notice, you must either: (1) send a copy of this Notice by First-Class Mail to all such Persons; or (2) provide a list of the names and addresses of such Persons to the Claims Administrator at notifications@gilardi.com. If you choose to mail the Notice and Proof of Claim yourself, you may obtain from the Claims Administrator (without cost to you) as many additional copies of these documents as you will need to complete the mailing.

Please do not make your own copies of the Proof of Claim Form, as copies may not be accepted for processing. Additional copies of the appropriate documents may be requested by contacting us at the above address and/or phone number. If we conduct the necessary mailing on your behalf, please submit names and addresses either via email to Notifications@Gilardi.com, via CD Rom to the above address or contact us to obtain secure FTP transmission instructions. Mailing labels will be accepted, but you may be requested to provide an additional copy of the address information you send. Do not include any confidential information that should not appear on a mailing label.

The data provided must be in one of the following formats:
- ASCII Fixed Length file
- ASCII Tab Delimited file
- Microsoft Excel spreadsheet

Your request must also specify the case name and Control Total(s) (for example, the total number of name and address records provided) for each file submission. If you have any questions, please email Notifications@Gilardi.com.

Sincerely,

Gilardi and Company, LLC

# EXHIBIT C

## BUSINESS & FINANCE

# FIS to Sell Big Worldpay Stake for $11.7 Billion

**Funds will be used to pay down debt and return additional capital to investors**

By Ben Dummett
And AnnaMaria Andriotis

**Fidelity National Information Services** has agreed to sell a majority stake in its **Worldpay Merchant Solutions** segment to private-equity firm **GTCR** for nearly $12 billion, retreating from a big acquisition it made four years ago that quickly soured.

Fidelity National, better known as FIS, said Thursday that the deal values the entire payment-processing business at a so-called enterprise value of around $18.5 billion—less than half the $43 billion valuation it acquired Worldpay for in 2019.

FIS said it would retain a noncontrolling 45% stake in the stand-alone joint venture and receive upfront proceeds of $11.7 billion, which will be used to pay down debt and return additional capital to shareholders via buybacks.

FIS is a provider of data and technology services to banks and other financial institutions. Its software and services are involved in every-day financial activities, like when consumers check their bank-account balances. Worldpay is among the largest payment processors, helping merchants accept card payments.

FIS made a big bet on the merchant-payments market in 2019 when it acquired Worldpay. The vision behind the deal was to create a global giant in payments and back-office financial services in a bid to reach more customers as transactions increasingly move online.

When the deal was announced, the companies said that it would allow them to cross-sell services to each other's clients and that they expected significant cost and revenue benefits.

Instead, Worldpay has suffered from shrinking profit margins and underwhelming revenue growth, challenged by increased competition from other payment-service providers including Fiserv's Clover, Block's Square, Toast, and all-in-one digital-commerce platforms like Shopify.

Shifts to online and card-based payments over cash since the pandemic have given a boost to many payment processors, but Worldpay's growth—particularly with small and midsize businesses, or SMBs—was stunted.

FIS works with big merchants like Kroger and Wal-mart, but many of its recent challenges have been with SMBs that have gravitated toward Worldpay's competitors. FIS said last year that its SMB portfolio was seeing "significant changes," citing "structural shifts in the industry" since the pandemic.

FIS shares have fallen by more than 50% since its acquisition of Worldpay closed in 2019, shrinking its market capitalization to about $35 billion.

*—Dean Seal contributed to this article.*

---

**ADVERTISEMENT**

# The Marketplace
To advertise: 800-366-3975 or WSJ.com/classifieds

## PUBLIC NOTICES



### PUBLICATION NOTICE TO CREDITORS AND DEPOSITORS OF FIRST REPUBLIC BANK SAN FRANCISCO, CA

On **May 1, 2023** (the "Closing Date"), the **California Department of Financial Protection and Innovation** closed **FIRST REPUBLIC BANK, San Francisco, CA** (the "Failed Institution") and appointed the Federal Deposit Insurance Corporation (the "FDIC") as Receiver (the "Receiver") to handle all matters relating to the Failed Institution.

#### TO THE CREDITORS OF THE FAILED INSTITUTION

All creditors having claims against the Failed Institution must submit their claims in writing, together with proof of the claims, to the Receiver **on or before September 5, 2023** (the "Claims Bar Date"). You may submit your proof of claim form via our interactive FDIC Claims Portal at https://resolutions.fdic.gov/claimsportal/s/, or by calling 972-761-8677.

Claims may be submitted through the FDIC Claims Portal, or mailed to the following address:

FDIC as Receiver of
**First Republic Bank**
600 Pearl Street, Suite 700, Dallas, TX 75201
Attention: Claim Agent **10543**

**Under federal law 12 U.S.C. Section 1821(d)(5)(C), failure to file a claim on or before the Claims Bar Date will result in the Receiver disallowing the claim. The disallowance is final.**

NOTE TO CLASS CLAIMANTS: By law, the Receiver will not accept a claim filed on behalf of a proposed class of individuals or entities or a class of individuals or entities certified by a court. EACH individual or entity must file a separate claim with the Receiver.

#### TO THE DEPOSITORS OF FIRST REPUBLIC BANK

The FDIC, which insures your deposits in its corporate capacity (the "FDIC"), arranged for the transfer of all deposits ("Deposits") - including the uninsured amounts - at the Failed Institution to another insured depository institution, JPMorgan Chase Bank **N.A., Columbus, OH 43240** (the "New Institution"). This arrangement should minimize any inconvenience from the closing of the Failed Institution. **You may leave your Deposits in the New Institution, but you must take action to claim ownership of your Deposits.**

Federal law, 12 U.S.C. Section 1822(e), requires you to claim ownership of "claim") your Deposits at the New Institution by taking any of the following actions within eighteen (18) months from the Closing Date, which is **November 1, 2024. Official Items issued by the Failed Institution; such as cashier's checks, dividend checks, interest checks, expense checks, and money orders are considered Deposits and must also be claimed within 18 months from the Closing Date.** You may claim your deposits at **JPMorgan Chase Bank, Columbus, OH** by taking any one of the following actions. If you have more than one account, your action in claiming your Deposit in one account will automatically claim your Deposits in all of your accounts.

1. Make a deposit to or withdrawal from your account(s). This includes writing a check on any account, having an automated direct deposit credited to or an automated withdrawal debited from any account or closing the account;
2. Execute a new signature card on your account(s), enter into a new deposit agreement with the New Institution, change the ownership on your account(s), or renegotiate the terms of your certificate of deposit account(s) (if any);
3. Provide the New Institution with a completed change of address form; or
4. Write to the New Institution and notify it that you wish to keep your account(s) active with the New Institution. Please be sure to include the name of the account(s), the account number(s), the signature of an authorized signer on the account(s) and a name and address.

If you do not claim ownership of your Deposits at the New Institution by **November 1, 2024**, federal law requires the New Institution to return your Deposits to the FDIC, which will be required to deliver them as unclaimed property to the State indicated in your address on the Failed Institution's records. If your address is outside of the United States, the FDIC will be required to deliver the Deposits to the State in which the Failed Institution had its main office. According to the Unclaimed Deposits Amendments Act of 1993 (12 U.S.C. Section 1822(e)), **you will have ten years to claim your deposits from the State's Unclaimed Property Division according to the state's unclaimed property laws. If you do not claim your deposits from the State within the ten-year period, federal law prohibits you from claiming your deposits.**

If the State does not take custody of your Deposits after the 18-month period, you may claim your Deposits from the FDIC until the receivership of the Failed Institution is terminated. A receivership may be terminated at any time. Once the receivership terminates, you will not be able to claim your Deposits.

If you have a loan with the Failed Institution, and you would like to discuss offsetting your insured and/or uninsured deposit(s) against the loan, you must contact the FDIC immediately.

In the event you disagree with the FDIC's determination of your insurance coverage as represented by the account(s) made available at the New Institution, you may seek a review of the FDIC's determination in the United States District Court for the federal judicial district where the principal place of business of the Failed Institution was located. **You must file your request for this review no later than 60 days after the date on which your deposit(s) became available to you at the New Institution. Filing a request for review will not prevent you from using the funds in your new account.**

## CLASS ACTION

### SUPERIOR COURT OF THE STATE OF CALIFORNIA
### COUNTY OF SANTA CLARA

| | |
|---|---|
| IN RE MAXAR TECHNOLOGIES INC. SHAREHOLDER LITIGATION | Case No. 19CV357070 CLASS ACTION |
| This Document Relates To: ALL ACTIONS | SUMMARY NOTICE OF PROPOSED SETTLEMENT OF CLASS ACTION Judge: Hon. Sunil R. Kulkarni Dept: 1 Date Action Filed: October 21, 2019 |

**TO: ALL PERSONS WHO ACQUIRED MAXAR TECHNOLOGIES INC. ("MAXAR" OR THE "COMPANY") COMMON STOCK IN EXCHANGE FOR DIGITALGLOBE, INC. ("DIGITALGLOBE") COMMON STOCK PURSUANT TO THE REGISTRATION STATEMENT AND PROSPECTUS ISSUED IN CONNECTION WITH MAXAR'S OCTOBER 2017 MERGER WITH DIGITALGLOBE.**

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY.**

YOU ARE HEREBY NOTIFIED that a hearing will be held on **December 7, 2023**, at 1:30 p.m., before the Honorable Sunil R. Kulkarni at the Superior Court of California, County of Santa Clara, Department 1, 191 North First Street, San Jose, CA 95113, to determine whether: (1) the proposed settlement ("Settlement") of the above-captioned action as set forth in the Stipulation of Settlement ("Stipulation")[1] for $36,500,000 in cash should be approved by the Court as fair, reasonable and adequate; (2) the Judgment as provided under the Stipulation should be entered; (3) to award Class Counsel attorneys' fees and expenses out of the Settlement Fund (as defined in the Notice of Proposed Settlement of Class Action ("Notice"), which is discussed below) and, if so, in what amount; (4) to pay Class Representative out of the Settlement Fund for representing the Class and, if so, in what amount; and (5) the Plan of Allocation should be approved by the Court as fair, reasonable, and adequate.

This Action is a securities class action brought on behalf of those persons who acquired Maxar common stock pursuant to the registration statement and prospectus ("Offering Materials") issued in connection with Maxar's October 2017 merger with and acquisition of DigitalGlobe, against Maxar and certain of its officers and directors (collectively, "Defendants") for, among other things, allegedly misstating and omitting material facts from the registration statement and prospectus filed in connection with the Merger. Plaintiff alleges that these purportedly false and misleading statements resulted in damage to Class Members. Defendants deny all of Plaintiff's allegations and deny that there was any violation of the securities laws.

**IF YOU ACQUIRED MAXAR COMMON STOCK IN THE MERGER WITH DIGITALGLOBE, YOUR RIGHTS MAY BE AFFECTED BY THE SETTLEMENT OF THIS ACTION.**

To share in the distribution of the Settlement Fund, you must establish your rights by submitting a Proof of Claim and Release form ("Proof of Claim") by mail **(postmarked no later than September 27, 2023)** or electronically **(no later than September 27, 2023)**. Your failure to timely submit your Proof of Claim will subject your claim to rejection and preclude your receiving any of the recovery in connection with the Settlement of this Action. If you are a member of the Class and do not request exclusion therefrom, you will be bound by the Settlement and any judgment and release entered in the Action, whether or not you submit a Proof of Claim. If you have not received a copy of the Notice, which more completely describes the Settlement and your rights thereunder (including your right to object to the Settlement),

[1] The Stipulation can be viewed and/or obtained at www.MaxarSecuritiesSettlement.com.

and a Proof of Claim, you may obtain these documents, as well as a copy of the Stipulation (which, among other things, contains definitions for the defined terms used in this Summary Notice) and other settlement documents, online at www.MaxarSecuritiesSettlement.com, or by writing to:

*Maxar Securities Settlement*
c/o A.B. Data, Ltd.
P.O. Box 173131
Milwaukee, WI 53217

**Inquiries should NOT be directed to Defendants, the Court, or the Clerk of the Court.**

Inquiries, other than requests for the Notice or for a Proof of Claim, may be made to Class Counsel:

ADAM E. POLK
**GIRARD SHARP LLP**
601 California Street, Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

DAVID W. HALL
**HEDIN HALL LLP**
Four Embarcadero Center, Suite 1400
San Francisco, CA 94104
Telephone: (415) 766-3534
Facsimile: (415) 402-0058

If you wish to be excluded from the Class, you must submit a request for exclusion such that it is **postmarked by August 28, 2023**, in the manner and form explained in the Notice. All members of the Class who have not requested exclusion from the Class will be bound by the Settlement, even if they do not submit a timely Proof of Claim.

If you are a Class Member, you have the right to object to the Settlement, the Plan of Allocation, the Request by Class Counsel for an award of attorneys' fees of up to 35% of the Settlement Fund (or $12,775,000) and expenses not to exceed $600,000, and/or for payment to the Class Representative not to exceed $10,000 for representing the Class. Any written objections must be filed with the Court and sent to Class Counsel and Defendants' counsel by **August 28, 2023**, in the manner and form explained in the Notice. You may also make an oral objection at the Settlement Fairness Hearing without submitting a written objection.

DATED: JUNE 8, 2023

BY ORDER OF THE SUPERIOR COURT OF CALIFORNIA, COUNTY OF SANTA CLARA

## CLASS ACTION

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) | Judge Virginia M. Kendall Magistrate Judge Susan E. Cox |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) | |

SUMMARY NOTICE

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED EXELON CORPORATION ("EXELON") COMMON STOCK BETWEEN FEBRUARY 8, 2019 AND OCTOBER 31, 2019, INCLUSIVE

THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that the above-captioned litigation (the "Litigation") has been preliminarily certified as a class action on behalf of a class of all Persons who purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby, except for certain Persons excluded from the Settlement Class as defined in the full printed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is available as described below; and (ii) Lead Plaintiff and Defendants in the Litigation have reached an agreement to settle the Litigation for $173,000,000 in cash (the "Settlement"). If the Settlement is approved it will resolve all claims in the Litigation. Any capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated May 26, 2023 (the "Stipulation"), and the Notice.

A hearing will be held on September 7, 2023, at 9:00 a.m., before the Honorable Virginia M. Kendall, at the Everett McKinley Dirksen U.S. Courthouse, in Courtroom 2503, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the sum of $173,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation; (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with its representation of the Settlement Class).

If you purchased or acquired Exelon common stock during the period between February 8, 2019 and October 31, 2019, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies (as well as a copy of the Stipulation) by writing to *Exelon Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or by downloading this information at www.ExelonSecuritiesLitigation.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must either submit a Proof of Claim online at www.ExelonSecuritiesLitigation.com by September 28, 2023, or by mail postmarked no later than September 28, 2023, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by August 17, 2023, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement must be mailed or delivered to the Clerk of the Court and counsel for the Settling Parties at the addresses below such that it is received no later than August 17, 2023:

*Court:*
Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Counsel for Lead Plaintiff:*
Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants:*
Edmund Polubinski III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email settlementinfo@rgrdlaw.com, or go to the following website: www.ExelonSecuritiesLitigation.com.

DATED: June 9, 2023

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

---

## BUSINESS OPPORTUNITIES

**Florida Medical Company**
26 yrs licensed for any medical business includes hospital. $2.1 M net $450K. Assumable $500K loan.
Paul 917-213-9622

## COMMERCIAL REAL ESTATE

**FLORIDA LAND SALE - EAST COAST HOMESTEAD-RANCH-FARM** - 27 LOTS of 12 to 120 Acres Prices $5,500/ac to $16,500/ac
**COMMERCIAL** - 14 LOTS 3 to 17 Acres Prices $125K/ac to $150K/ac
Act Today! Limited Time Sale
130 Ac Airport, 24 Hangars $9M
Contact Bob Brewster, Watson Realty
Phone / Text 386-341-0423

## NOTICE OF SALE

BANKRUPTCY AUCTION
**BROOKLYN MIXED-USE CORNER BUILDING**
689 ST. MARKS AVE., CROWN HEIGHTS, BROOKLYN, NY
Auction Date: Thursday, July 20th, 2023, 11:00 A.M. (EST)
Bid Deadline: Friday, July 14th, 2023, 4:00 P.M. (EST)
OPENING BID: $2,000,000

North Point Real Estate Group and Rosewood Realty Group have been exclusively retained to run the bankruptcy sale of a prime corner mixed-use building located at 689 St. Marks Ave., Crown Heights, Brooklyn, NY. The property boasts 5,720 SF across 4-floors, 6 retail stores, 1 office, and 2 residential units, and 95 feet of combined frontage between Nostrand Ave. and St. Marks Ave. Close in proximity to multiple subway stations, Pratt Institute, Long Island University (CUNY), and the Brooklyn Museum.
Interested bidders must contact Chaya Milworn of North Point Realty Group at Chaya@northpointreg.com for more information on how to participate.

## BIDS PROPOSALS


**Yamuna Expressway Industrial Development Authority**
1st Floor, Commercial Complex, Omega-1 (P-2), Greater Noida, Uttar Pradesh
Website no. 18001808296 Website : www.yamunaexpresswayauthority.com

Reference Number: YEIDA/PO-65/1181/2023 Dated: 30/06/2023

**Request for Proposal (RFP) for 'Development of Passenger Personal Rapid Transit (PRT) System from Film City to Noida International Airport, Jewar (YEIDA), Uttar Pradesh on Design, Build, Finance, Operate, and Transfer (DBFOT) Basis'**

Detailed RFP document is available on the E-Procurement Portal of Government of UP [https://etender.up.nic.in/] from **01/07/2023** and Yamuna Expressway Industrial Development Authority's website [http://www.yamunaexpresswayauthority.com]. The Authority seeks Selection of Developer for development of Passenger Personal Rapid Transit (PRT) System from Film City to Noida International Airport, Jewar, Uttar Pradesh on Design, Build, Finance, Operate, and Transfer (DBFOT) Basis.

Interested Applicants are required to submit their proposal online on the E-procurement website on or before **10/08/2023, 1700 hrs (IST)**. In case of any queries, the Bidders are invited to contact on the following email id and number as per the clause 1.3 of the RFP.

Email: gmplng@yamunaexpresswayauthority.com, yeida.planning@gmail.com

**CEO, YEIDA**

---

THE WALL STREET JOURNAL
**THE MARKETPLACE**
ADVERTISE TODAY (800) 366-3975 wsj.com/classifieds
© 2023 Dow Jones & Company, Inc. All Rights Reserved.

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be printed in said publication on July 7, 2023:

Name of Publication: The Wall Street Journal

Address: 1211 Avenue of the Americas

City, State, Zip: New York, NY 10036

Phone #: 1-800-568-7625

State of: New York

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of July 2023, at Sellersville, Pennsylvania.


Carla Peak



# Robbins Geller Rudman & Dowd LLP Announces Proposed Settlement in the Exelon Securities Litigation

July 07, 2023 08:00 AM Eastern Daylight Time

SAN DIEGO--(BUSINESS WIRE)--The following statement is being issued by Robbins Geller Rudman & Dowd LLP regarding the Exelon Securities Litigation:

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>EXELON CORPORATION, et al.,<br><br>Defendants. | Case No.: 1:19-cv-08209<br><br>CLASS ACTION<br><br>Judge Virginia M. Kendall<br>Magistrate Judge Susan E. Cox |

SUMMARY NOTICE

TO: ALL PERSONS WHO PURCHASED OR OTHERWISE ACQUIRED EXELON CORPORATION ("EXELON") COMMON STOCK BETWEEN FEBRUARY 8, 2019 AND OCTOBER 31, 2019, INCLUSIVE

**THIS NOTICE WAS AUTHORIZED BY THE COURT. IT IS NOT A LAWYER SOLICITATION. PLEASE READ THIS NOTICE CAREFULLY AND IN ITS ENTIRETY. YOUR RIGHTS WILL BE AFFECTED BY A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to an Order of the United States District Court for the Northern District of Illinois, Eastern Division (the "Court") and Rule 23 of the Federal Rules of Civil Procedure, that (i) the above-captioned litigation (the "Litigation") has been preliminarily certified as a class action on behalf of a class of all Persons who purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby, except for certain Persons excluded from the Settlement Class as defined in the full printed Notice of Pendency and Proposed Settlement of Class Action ("Notice"), which is available as described below; and (ii) Lead Plaintiff and Defendants in the Litigation have reached an agreement to settle the Litigation for $173,000,000 in cash (the "Settlement").

If the Settlement is approved, it will resolve all claims in the Litigation. Any capitalized terms used in this Summary Notice that are not otherwise defined herein shall have the meanings ascribed to them in the Stipulation of Settlement dated May 26, 2023 (the "Stipulation"), and the Notice.

A hearing will be held on September 7, 2023, at 9:00 a.m., before the Honorable Virginia M. Kendall, at the Everett McKinley Dirksen U.S. Courthouse, in Courtroom 2503, 219 South Dearborn Street, Chicago, IL 60604, for the purpose of determining: (1) whether the proposed settlement of the claims in the Litigation for the sum of $173,000,000 in cash should be approved by the Court as fair, reasonable, and adequate; (2) whether a Settlement Class should be certified for purposes of the Settlement; (3) whether, thereafter, this Litigation should be dismissed with prejudice pursuant to the terms and conditions set forth in the Stipulation; (4) whether the proposed Plan of Allocation is fair, reasonable, and adequate and therefore should be approved; and (5) the reasonableness of the application of Lead Counsel for the payment of attorneys' fees and expenses incurred in connection with this Litigation together with the interest earned thereon (and any payment to the Lead Plaintiff pursuant to the Private Securities Litigation Reform Act of 1995 in connection with its representation of the Settlement Class).

If you purchased or acquired Exelon common stock during the period between February 8, 2019 and October 31, 2019, inclusive, your rights may be affected by the settlement of this Litigation. If you have not received a detailed Notice and a copy of the Proof of Claim and Release form ("Proof of Claim"), you may obtain copies (as well as a copy of the Stipulation) by writing to *Exelon Securities Litigation*, Claims Administrator, c/o Gilardi & Co. LLC, P.O. Box 301171, Los Angeles, CA 90030-1171, or by downloading this information at www.ExelonSecuritiesLitigation.com. If you are a Settlement Class Member, in order to share in the distribution of the Net Settlement Fund, you must either submit a Proof of Claim online at www.ExelonSecuritiesLitigation.com by September 28, 2023, or by mail postmarked no later than September 28, 2023, establishing that you are entitled to recovery.

If you desire to be excluded from the Settlement Class, you must submit a request for exclusion postmarked by August 17, 2023, in the manner and form explained in the detailed Notice referred to above. All Members of the Settlement Class who do not timely and validly request exclusion from the Settlement Class will be bound by any judgment entered in the Litigation pursuant to the terms and conditions of the Stipulation.

Any objection to the Settlement must be mailed or delivered to the Clerk of the Court and counsel for the Settling Parties at the addresses below such that it is received no later than August 17, 2023:

*Court*:

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Counsel for Lead Plaintiff*:

Theodore J. Pintar
ROBBINS GELLER RUDMAN & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

Edmund Polubinski III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

Case: 1:19-cv-08209 Document #: 200-2 Filed: 06/08/23 Page 29 of 71 PageID #:4409

**PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE.** If you have any questions about the Settlement, you may contact counsel for Lead Plaintiff at the address listed above, email settlementinfo@rgrdlaw.com, or go to the following website: www.ExelonSecuritiesLitigation.com.

DATED:  June 9, 2023

BY ORDER OF THE COURT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

Contacts

Media:

Robbins Geller Rudman & Dowd LLP

Shareholder Relations Department

Greg Wood

(619) 231-1058

Declaration of Publication

I, Carla Peak, as Vice President, Legal Notification Services at Gilardi & Co. LLC, a KCC Class Action Services Company in San Rafael, California, hereby certify that I caused the attached notice to be published as a press release by the following wire service:

Name of Publication: BusinessWire

Address: 101 California Street 20th Floor

City, ST Zip: San Francisco, CA 94111

Phone #: 415-986-4422

State of: California

The press release was distributed on July 7, 2023 to the following media circuits offered by the above-referenced wire service:

1.  National Newsline

I declare under penalty of perjury that the foregoing is true and correct. Executed on this 7th day of July 2023, at Sellersville, Pennsylvania.

_Carla Peak_

Carla Peak

# EXHIBIT D



‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖*EXO-EXCL00001*

RECEIVED
July 12, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code: EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Barbara L Octon

July 7, 2023

Please exclude me from the Flynn vs. Exelon Corp. et all No. 1:19-cv-08209

Barbara L. Octon
Barbara L Octon

Shares are purchased instead of dividends so I haven't a clue how many shares I purchased between February 8, 2019 and October 31, 2019.

Barbara L Octon



Octon/Cotton
Octon/Cotton

8 JUL 2023   PM 2  L

RECEIVED GE

JUL 18 2023

CLAIMS CENTER

EXELON SECURITIES LITIGATION
EXCLUSIONS
C/O GILARD & CO. LLC
PO BOX 5100
LARKSPUR, CA 94977-5100

94977-510000



*EXO-EXCL00002*

RECEIVED
July 12, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Debra DerManoogian TOD
John W Christie

July 5, 2023

Debra DerManoogian TOD
John W Christie
Subject to STA TOD Rules



Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

Re:   Exclusion – Flynn v. Exelon Corporation, et al.
       No. 1:19-cv-08209

To Whom It May Concern:

I received a package of information in today's mail informing me of my inclusion in a Class Action Law Suit Settlement. I do not wish to be part of this Law Suit Settlement. Please exclude me from the Flynn v. Exelon Corporation, et al., No. 1:19-cv-08209 Class Action Law Suit Settlement.

1.      Name:
        Debra DerManoogian TOD
        John W Christie

2.      Current Address:

3.      Telephone number:

4.      My signature:

*Debra DerManoogian*

5.     A total of 11.688 shares were purchased through dividend reinvestment between the dates of February 8, 2019 and October 31, 2019.

6.

| Purchase Date (Div Reinvestment) | Purchase Price (Div Reinvestment) | Share Purchased (Div Reinvestment) |
|---|---|---|
| 03/12/19 | $188.69 | 3.886 |
| 06/12/19 | $190.10 | 3.833 |
| 09/12/19 | $191.48 | 3.969 |

I believe that I have provided you with the information contained in the NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION regarding how to be excluded from this Class Action Law Suit Settlement Flynn v. Exelon Corporation et al . It should be noted that I find some of the information being asked for in order to be excluded,  i.e. quantity of stock, the purchase price and purchase dates to be an invasion of my privacy. I am asking to be excluded from this unsolicited law suit and do not understand what bearing that information has to this case if I am not interested in being a part of this law suit settlement.

Please send me confirmation that I have been excluded from this Settlement Class Action against Exelon Corporation et al.

Thank you,


Debra DerManoogian

D. DeMarco

6 JUL 2023    PM 3

Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED GE

JUL    2023

CLAIMS CENTER

94977-510000



*EXO-EXCL00003*

RECEIVED
July 12, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Ephraim J and Marilyn J Burrow

7/6/2023

Please excuse us from any settlement of Flynn v. Exelon Corp., et al No. 1:19-cv-0829.

We bought or sold no shares.

The only shares acquired were dividends that were reinvested in Exelon shares.

Attached document shows our shares increased from 992.873 to 1,015.169 by the end of the 9/12/19 dividend reinvestment. Document has our name, address, and telephone no.

Signed - Ephraim J. Burrow
— Marilyn J Burrow

55223151

Case: 1:08-cv-... Document #: ...

**Mail to:** Shareowner Services
Exelon Corporation
PO Box 64856
St Paul MN 55164-0856

**EXC1** [REDACTED]

☐ Please change my address as indicated
All registered owners MUST sign on the back of this form

EPHRAIM J BURROW & MARILYN J
BURROW TR UA NOV 11 03 EPHRAIM
J BURROW & MARILYN J BURROW
REVOCABLE LIVING TRUST

L
WD
121119

**OPTIONAL CASH PURCHASE ELECTION**

☐ Enclosed is a U.S dollar check drawn on a United States bank

made payable to **Shareowner Services** for. $ [          ]

*Minimum $50.00/Maximum $20,000.00 per calendar month*

Shareowner Services will process your purchase instructions according to your Plan prospectus/brochure upon receipt of your properly completed request which includes **account number** and **company name** We will not be liable for any claim arising out of failure to purchase shares on a certain date or at a specific price

telephone no [REDACTED]

01    pur    39485

*Detach here Forward top portion to the address shown above*

# Direct Purchase Plan Account Statement

**IMPORTANT: Retain this statement for your investment, tax and cost-basis records.**

Visit **shareowneronline.com** anytime to access account information, obtain forms, and complete transactions
U S telephone number 1-800-626-8729 Local and Outside U.S. 651-450-4064
Cusip # 30161N101

**Exelon.**

Page 1 of 1

## Account Summary — Exelon Corporation — Account # [REDACTED]

*December 10, 2019*

EPHRAIM J BURROW & MARILYN J
BURROW TR UA NOV 11 03 EPHRAIM
J BURROW & MARILYN J BURROW
REVOCABLE LIVING TRUST

| Share Balances | Record Date | Current |
|---|---|---|
| Direct Purchase Plan | 1,015 169 | 1,023 359 |
| Certificate(s) | 0.000 | 0 000 |
| Direct Registration | 0.000 | 0 000 |
| Total Shares | 1,015 169 | 1,023 359 |

**Year-to-Date Amounts**

| | |
|---|---|
| Gross Dividends Reinvested | $1,455 77 |
| Federal Tax Withheld | $0 00 |
| Nonresident Alien Tax Withheld | $0 00 |
| State Tax Withheld | $0.00 |
| FATCA Tax Withheld | $0 00 |
| Cash Investments | $0 00 |
| Service Charges Paid by You | $0 00 |
| Service Charges Paid by Company | $2.08 |
| Commissions Paid by You | $2.13 |

**Current Dividend**

| | |
|---|---|
| Record Date | 11/15/19 |
| Payable Date | 12/10/19 |
| Dividend Rate | $0.3625 |

**Account Value**

| | |
|---|---|
| Market Value Date | 12/10/19 |
| Market Value Price | $44 7200 |
| Account Market Value | $45,764.61 |

| Transaction or Settlement Date | Transaction Type | Gross Amount of Transaction | Service Charge | Net Amount of Transaction | Price per Share | Shares Increased or Decreased | Total Shares Held in Plan |
|---|---|---|---|---|---|---|---|
| BALANCE FORWARD | | | | | | | 992 873 |
| 03/12/19 | Div Reinvested | $359.92 | $0 00 | $359.92 | $48.5550 | 7.413 | 1,000 286 |
| 06/12/19 | Div Reinvested | $362.60 | $0.00 | $362.60 | $49.5958 | 7.311 | 1,007.597 |
| 09/12/19 | Div Reinvested | $365.25 | $0.00 | $365.25 | $48.2397 | 7.572 | 1,015 169 |
| 12/12/19 | Div Reinvested | $368.00 | $0 00 | $368.00 | $44.9313 | 8.190 | 1,023 359 |

### ***Tax Information Attached***

As required by Federal tax regulations, EQ Shareowner Services uses FIFO (First In First Out) as the default method of disposing of shares To select any other method of disposition or specific tax lots, you must provide your instruction in writing and include the acquisition date and share amount

Sale Fees: Batch - $15, Market - $25, Limit/Stop - $30, plus $0.12 per share commission. An additional $5 fee will be charged for direct deposit of sale proceeds.

BURROW

7 JUL 2023   PM 5  L

RECEIVED
JUL 1 2 2023
BY: .....................

EXELON SECURITIES LITIGATION
EXCLUSIONS
C/O GILARD + CO., LLC
P.O. BOX 5100
LARKSPUR CA 94977-5100

77-510000 EXO



*EXO-EXCL00004*

RECEIVED
July 13, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Patrick Devane

PATRICK DEVANE

JULY 7, 2023

DEAR SIRS:

I AM SENDING YOU THE INFORMATION REQUESTED IN YOUR MAILING IN ORDER TO BE EXCLUDED FROM THE ████████ SETTLEMENT CASE

FLYNN V, EXELON, et al., No. 1:19-CV-08209.

THANK YOU.

SINCERELY,

Patrick J. Devane

| | INCREASED SHARES | PRICE | DIVIDEND REINVESTED |
|---|---|---|---|
| 3/12/19 | 37,931 | 48.555 | $1841.73 |
| 6/12/19 | 37.412 | 49.5958 | 1855.48 |
| 9/12/19 | 38.745 | 48.2397 | 1869.04 |
| 12/12/19 | 41.910 | 44.9313 | 1883.08 |

## EXCLUDING YOURSELF FROM THE SETTLEMENT

If you do not want to participate in this Settlement, and you want to keep the right to sue or continue to sue the Defendants or any other Released Parties on your own for the Released Claims in this case, then you must take steps to get out of the Settlement Class. This is called excluding yourself or is sometimes referred to as opting out of the Settlement Class. If you are requesting exclusion because you want to bring your own lawsuit based on the matters alleged in this Litigation, you may want to consult an attorney and discuss whether any individual claim that you may wish to pursue would be time-barred by the applicable statutes of limitation or repose.

### 14.    How Do I Get Out of the Settlement Class?

To exclude yourself from the Settlement Class you must send a letter by mail stating that you want to be excluded from *Flynn v. Exelon Corporation, et al.*, No. 1:19-cv-08209. You must include your name, address, telephone number, your signature, and the number of shares of Exelon common stock you purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, the dates of your purchases or acquisitions, the purchase or acquisition prices, and the dates and sale prices of any sales. You must mail your exclusion request postmarked no later than August 17, 2023, to:

> *Exelon Securities Litigation*
> EXCLUSIONS
> c/o Gilardi & Co. LLC
> P.O. Box 5100
> Larkspur, CA 94977-5100

You cannot exclude yourself on the phone or by email. If you properly ask to be excluded, you cannot submit a Claim Form as you are not eligible to receive any settlement payment, and you cannot object to the Settlement. You will not be legally bound by anything that happens in this lawsuit.

### 15.    If I Do Not Exclude Myself, Can I Sue the Defendants for the Same Thing Later?

No. Unless you timely and validly exclude yourself, you give up any right to sue the Defendants and certain other Released Parties for the Released Claims in this Settlement. If you have a pending lawsuit against any of these parties, including the Defendants, speak to your lawyer in that case immediately. Remember, the exclusion deadline is August 17, 2023.

### 16.    If I Exclude Myself, Can I Receive Money From This Settlement?

No. If you exclude yourself, do not send in a Claim Form. But, you may be able to sue, continue to sue, or be part of a different lawsuit involving the Released Claims against the Defendants and the other Released Parties.

## THE LAWYERS REPRESENTING YOU

### 17.    Do I Have a Lawyer in This Case?

The Court appointed the law firm of Robbins Geller Rudman & Dowd LLP to represent you and other Settlement Class Members. These lawyers are called Lead Counsel. You will not be directly charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

### 18.    How Will the Lawyers Be Paid?

Lead Counsel will ask the Court for attorneys' fees not to exceed 26% of the Settlement Amount and for expenses in an amount not to exceed $400,000, plus interest that is incurred. Such sums as may be approved by the Court will be paid from the Settlement Fund. Settlement Class Members are not personally liable for any such fees or expenses.

The attorneys' fees and expenses requested will be the only payment to Lead Counsel for its efforts in achieving this Settlement and for its risk in undertaking this representation on a wholly contingent basis. Lead Counsel has committed a substantial amount of time and significant expenses in litigating this case for the benefit of the Settlement Class. To date, Lead Counsel has not been paid for its services in conducting this Litigation on behalf of the Lead Plaintiff and the Settlement Class, nor for its expenses. The fees requested will compensate counsel for its work in achieving the Settlement Fund. The Court will decide what is a reasonable fee award and may award less than the amount requested by Lead Counsel.

## OBJECTING TO THE SETTLEMENT

You can tell the Court that you do not agree with the Settlement or some part of it.

### 19.   How Do I Tell the Court That I Do Not Like the Settlement?

If you are a Settlement Class Member, you can object to the Settlement if you do not like any part of it, including the Plan of Allocation and the request for attorneys' fees or expenses. You can state the reasons why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to the Settlement in *Flynn v. Exelon Corporation, et al.,* No. 1:19-cv-08209. You must include your name, address, telephone number, your signature, documentation establishing your membership in the Settlement Class, including the number of shares of Exelon common stock you (i) owned as of the opening of trading on February 8, 2019, and (ii) purchased or acquired between February 8, 2019 and October 31, 2019, inclusive, the number of any shares sold, the dates and prices of purchases or acquisitions and of any sales, and the reasons you object. The objection must contain a statement of reasons for the objection, including whether it applies only to the objector, to a specific subset of the Settlement Class, or to the entire Settlement Class. In addition, you must identify any other class action settlement(s) in which you or your attorney has objected. Any objection *must* be mailed or delivered such that it is **received** by *each* of the following no later than August 17, 2023:

*Court:*

Clerk of the Court
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
Everett McKinley Dirksen U.S. Courthouse
219 South Dearborn Street
Chicago, IL 60604

*Counsel for Lead Plaintiff:*

Theodore J. Pintar
ROBBINS GELLER RUDMAN
 & DOWD LLP
655 West Broadway, Suite 1900
San Diego, CA 92101

*Counsel for Defendants*:

Edmund Polubinski III
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, NY 10017

**Unless the Court orders otherwise, any Settlement Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to any aspect of the proposed Settlement, the proposed Plan of Allocation, or Lead Counsel's request for an award of attorneys' fees and expenses. Settlement Class Members do not need to appear at the fairness hearing or take any other action to indicate their approval.**

### 20.   What's the Difference Between Objecting and Excluding?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object *only if* you stay in the Settlement Class. Excluding yourself is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

8 JUL 2023   PM 2  L

EXELON SECURITIES LITIGATION
EXCLUSIONS
c/o GILARDI & Co. LLC
P.O. Box 5100
LARKSPUR, CA 94977-5100

RECEIVED GE
JUL 13 2023
CLAIMS CENTER

EXO



*EXO-EXCL00005*

RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Antoinette Runski

To Whom it may concern,

My name is Antonietta Kunski at

████████████████████

Between February 8, 2019 and October 31, 2019
my Div Reinvested: March 12, 2019 $44.57 .885 Shares
June 12, 2019 $43.42 .813 Shares
Sept 12, 2019 $49.01 .704 Shares
Dec 12, 2019 $43.73 .978 Shares

I am writing this letter to exclude myself
from the Settlement Class from Flynn v. Exelon
Corp. No. 19-cv-08209.

Thank you

Antonietta Kunski

Phone: ████████████████

Ms. Antoinette Runski

*Exelon Securities Litigation*

c/o Gilardi & Co  LLC

P.O. Box

CA

RECEIVED

JUL 2 0 2023

BY:

EXO

94977-999855



*EXO-EXCL00006*

RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: John J Mitch Jr and Gail R Mitch JT TEN

John J. Mitch, Jr. and Gail R. Mitch



July 11, 2023

Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P. O. Box 5100
Larkspur, CA 94977-5100

Gentlemen:

I wish to be excluded from Flynn v. Exelon Corporation, et al, No. 1:19-cv-08209.

John J. Mitch, Jr. & Gail R. Mitch JT TEN

Account

| Date Shares Purchased | Number of Shares Purchased | Purchase Price Per Share |
|---|---|---|
| March 12, 2019 | 0.105 | $48.5550 |
| June 12, 2019 | 0.104 | $49.5958 |
| September 12, 2019 | 0.108 | $48.2397 |

Sincerely,

John J. Mitch, Jr.                    Gail R. Mitch





John J Mitch Jr

RECEIVED
JUL 2 0 2023

BY: .......................

EXELON SECURITIES LITIGATION
EXCLUSIONS
c/o GILARDI & Co. LLC
P. O. BOX 5100
LARKSPUR, CA 94977-5100

8 NOTICES



RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Gail R Mitch and John J Mitch Jr JT TEN

Gail R. Mitch and John J. Mitch, Jr.



July 11, 2023

Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P. O. Box 5100
Larkspur, CA 94977-5100

Gentlemen:

I wish to be excluded from Flynn v. Exelon Corporation, et al, No. 1:19-cv-08209.

Gail R. Mitch and John J. Mitch, Jr. JT TEN



Account ████████

| Date Shares Purchased | Number of Shares Purchased | Purchase Price Per Share |
|---|---|---|
| March 12, 2019 | 1.220 | $48.5550 |
| June 12, 2019 | 1.204 | $49.5958 |
| September 12, 2019 | 1.247 | $48.2397 |

Sincerely,

Gail R. Mitch

John J. Mitch, Jr.



John J Mitch Jr



RECEIVED
JUL 2 0 2023

BY: .....................

RECEIVED ON
JUL 2 0 2023

EXELON SECURITIES LITIGATION
EXCLUSIONS
c/o GILARDI & Co. LLC
P. O. BOX 5100
LARKSPUR, CA 94977-5100

& NOTICES



RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Gail R Mitch

Gail R. Mitch



July 11, 2023

Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P. O. Box 5100
Larkspur, CA 94977-5100

Gentlemen:

I wish to be excluded from Flynn v. Exelon Corporation, et al, No. 1:19-cv-08209.

Gail R. Mitch

Account ▮▮▮▮▮▮

| Date Shares Purchased | Number of Shares Purchased | Purchase Price Per Share |
|---|---|---|
| March 12, 2019 | 0.146 | $48.5550 |
| June 12, 2019 | 0.145 | $49.5958 |
| September 12, 2019 | 0.150 | $48.2397 |

Sincerely,

*Gail R Mitch*

Gail R. Mitch









John J Mitch Jr

RECEIVED
JUL 2 0 2023

RECEIVED GB
JUL 2 0 2023
CLAIMS CENTER

13 JUL 2023    PM 9  L

EXELON SECURITIES LITIGATION
EXCLUSIONS
c/o GILARDI & Co. LLC
P. O. Box 5100
LARKSPUR, CA 94977-5100

94977-510000

& NOTICES



*EXO-EXCL00009*

RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Donald R Fletcher

EXCLUSION
c/o Gilardi&Co. LLC
P.C. Box 5100
Larkspur, CA 74911-5100

July 10, 2023

To Whom it Concerns:

Re: Exelon Securities Litigation

My name is Donald R. Fletcher.
I desire and intend, to be excluded from
the Settlement Class, in the subject
Exelon Securities Litigation.

I am 98 years of age.
I am vision impaired.
I am diabetic.
I have no interest in the subject Settlement.

Conclusively,

Donald R Fletcher

Mr. Donald R Fletcher



RECEIVED GE

JUL 2 0 2023

CLAIMS CENTER

EXCLUSION
C/o Gillardi & Co, LLC
P.O. Box 5100
Larkspur, CA 94977-5100

RECEIVED

JUL 2 0 2023

BY:.....................

94977-510000



*EXO-EXCL00010*

RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code: EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Peggy J Stone

11/7/2023

I am Peggy J. Stone and I want to be excluded from Flynn v. Exelon Corporation, et al., No. 1:19-cv-08209.

1. My address is ███████████████████████████████
2. My telephone number is ██████████

I acquired 78.961 shares        en February 7, 2019, and January 28, 2020.  I think this will suffice.  I have

Already requested the EQ Shareowner Services at 1-800-626-8729, to sell all my shares so just please

Exclude me from the settlement.  Thank you for your help.

*Peggy J. Stone*
Peggy J. Stone





Peggy J Stone

RECEIVED GB

JUL 2 0 2023

CLAIMS CENTER

Exelon Securities Litigation
Exclusions
c/o Gilardi + Co. LLC
PO Box 5100
Larkspur, CA 94977-5100

RECEIVED

2023

94977-510000



||| |||||||||||||||||||||||||||||||*EXO-EXCL00011*

RECEIVED
July 20, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Joseph O Kriemelmeyer Jr and
Charlene T Kriemelmeyer JT TEN WROS

Joseph O Kriemelmeyer Jr &
Charlene T Kriemelmeyer JT TEN WROS



*Exelon Securities Litigation*
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 5100
Larkspur, CA 94977-5100

July 9, 2023

Please be advised that, we wish to be excluded from Flynn v. Exelon Corporation, et al., No. 1:19-cv-08209. Our names, address and home phone are provided in top right corner. Our signatures are provided at the bottom, (close) of this letter.

Between February 8, 2019 and October 31, 2019 we acquired 23.69 shares of Exelon Corp. through our **Direct Purchase Plan Account**. Just below are Transaction date, Gross Amount (Dividend Reinvested), price/share, number (#) of shares at each price and total shares.

| Date | Gross Amt. | Price/Share | # of Shares |
|------|-----------|-------------|-------------|
| 03/12/19 | $382.44 | $48.5550 | 7.876 |
| 06/12/19 | $385.30 | $49.5958 | 7.769 |
| 09/12/19 | $388.11 | $48.2397 | 8.045 |

23.69 Total Shares

We trust that all the above information provided in our Plan Statement Date: September 10, 2019 is accurate and sufficient for your record.

Joseph O. Kriemelmeyer Jr.          Charlene T. Kriemelmeyer

MR/MRS JOE KRIEMELMEYER



Exelon Securities Litigation
EXCLUSIONS
c/o Gilardi & Co. LLC
P.O. Box 6100
Larkspur, CA 94977-5100

JUL 2 0 2023



*EXO-EXCL00012*

RECEIVED
July 26, 2023
Claims Center

# Exclusion Cover Page

Case Name: Exelon Securities Litigation

Case Code:  EXO

Exclusion Deadline: August 17, 2023 (Postmarked on or before)

Name of Person Filing Exclusion: Joseph M Polanski

July 14, 2023

I Mr. Joseph Polanski wish to exclude myself from the case Flynn v. Exelon Corporation, et al., No 1:19-cv-08209. This was my mother's stock who passed away that year. I have no idea on what she owned because she never kept any of the records. If this is not enough for exclusion. To bad. I would like to know if you either the attorneys or judges in the case remembered what you did 4 years after it happened. You do not want to know my answer to this. 4 years really, you're kidding me.

Mr. Joseph M. Polanski

Mr. Joseph M. Polanski

RECEIVED

JUL 26 2023

Exxon Securities Litigation
Exclusion
c/o Garden City Group, LLC
P.O. Box 5100
Larkspur, CA

94977-510000