UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | ) ) | CLASS ACTION |
| vs. | ) ) ) | Judge Virginia M. Kendall<br>Magistrate Judge Susan E. Cox |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) ) | |

DECLARATION OF JAMES E. BARZ FILED ON BEHALF OF ROBBINS GELLER RUDMAN & DOWD LLP IN SUPPORT OF APPLICATION FOR AWARD OF ATTORNEYS' FEES AND EXPENSES

4879-1119-3967.v3

I, James E. Barz, declare as follows:

1.      I am a member of the firm of Robbins Geller Rudman & Dowd LLP ("Robbins Geller" or the "Firm"). I am submitting this declaration in support of my Firm's application for an award of attorneys' fees, expenses and charges ("expenses") in connection with services rendered in the above-entitled action (the "Litigation").

2.      I am the partner who oversaw and/or conducted the day-to-day activities in the Litigation for Robbins Geller. This declaration and the supporting exhibits were prepared by, or with the assistance of, other lawyers and staff at the Firm and reviewed by me before signing. The information contained herein is believed to be accurate based on what I know and what I have learned from others at the Firm.

3.      This Firm is Lead Counsel of record for Lead Plaintiff Local 295 IBT Employer Group Pension Trust Fund, and the Settlement Class.

4.      The information in this declaration regarding the Firm's time and expenses is taken from time and expense reports and supporting documentation prepared and maintained by the Firm in the ordinary course of business. I reviewed these reports in connection with the preparation of this declaration. The purpose of this review was to review both the accuracy of the entries on the reports as well as the necessity for, and reasonableness of, the time and expenses committed to the Litigation. As a result of this review, reductions were made to both time and expenses in the exercise of billing judgment. Based on this review and the adjustments made, I believe that the time reflected in the Firm's lodestar calculation and the expenses for which payment is sought herein are reasonable and were necessary for the effective and efficient prosecution and resolution of the Litigation. In addition, I believe that these expenses are all of a type that have been

4879-1119-3967.v3

previously approved by courts in class action cases and would normally be charged to a fee-paying client in the private legal marketplace.

5. After the reductions referred to above, the number of hours spent on the Litigation by the Firm is 31,608.90. A breakdown of the lodestar is provided in the attached Exhibit A. The lodestar amount for attorney and paraprofessional time based on the Firm's current rates is $16,398,099.00. The hourly rates shown in Exhibit A are the usual and customary rates in contingent cases set by the Firm for each individual and submitted in support of other recent fee applications. The Firm's rates are set based on periodic analysis of rates charged by firms performing comparable work both on the plaintiff and defense side. For personnel who are no longer employed by the Firm, the "current rate" used for the lodestar calculation is based upon the rate for that person in his or her final year of employment with the Firm.

6. The Firm seeks an award of $325,290.76 in expenses and charges in connection with the prosecution of the Litigation. Those expenses and charges are summarized by category in the attached Exhibit B.

7. The following is additional information regarding certain of these expenses:

(a) Filing, Witness and Other Fees: $11,547.20. These expenses include fees that have been paid to the Court for filing fees and to attorney service firms or individuals who served process of the complaint or subpoenas. The vendors who were paid for these services are set forth in the attached Exhibit C.

(b) Business Wire: $600.00. This expense was necessary under the Private Securities Litigation Reform Act of 1995's ("PSLRA") "early notice" requirements, which provides, among other things, that "[n]ot later than 20 days after the date on which the complaint is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national

4879-1119-3967.v3

business-oriented publication or wire service, a notice advising members of the purported plaintiff class – (I) of the pendency of the action, the claims asserted therein, and the purported class period; and (II) that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class." *See* 15 U.S.C. §78u-4(a)(3)(A)(i).

(c)     Transportation, Hotels and Meals: $5,335.09.   In connection with the prosecution of this case, the Firm has paid for travel expenses to, among other things, attend court hearings, mediation sessions, and the *United States of America v. Michael McClain, et al.* trial. The date, destination, and purpose of each trip is set forth in the attached Exhibit D.

(d)     Trial Transcripts: $5,678.40.  The vendors who were paid for these services are listed in the attached Exhibit E.

(e)     Experts/Consultants: $79,319.00.

(i)     Early Stage Solutions, LLC (dba DLA, LLC):  $40,994.00.  Lead Plaintiff retained the services of Cynthia Jones, CFA, Senior Manager of DLA, to offer opinions and testify regarding market efficiency relating to Exelon's stock.  Ms. Jones studied the record and public information, including analyst reports, to construct a regression model and perform an event study in order to address the market in which Exelon stock traded.  Based on this work, Ms. Jones prepared a declaration to be submitted with Lead Plaintiff's anticipated motion for class certification.

(ii)     Tasta Group (dba Caliber Advisors, Inc.):  $38,325.00.  Lead Plaintiff retained the services of Bjorn Steinholt, CFA, Managing Director of Caliber Advisors, to assist in the initial analysis of materiality, loss causation, market efficiency, and damages.  In addition, Mr. Steinholt analyzed the stock price declines and conducted various analyses to

4879-1119-3967.v3

estimate potential damages, assisted Lead Counsel in evaluating Defendants' arguments regarding damages which helped to inform Lead Plaintiff's negotiations at the mediations, and assisted in the drafting of the plan of allocation for the Settlement.

(f) Outside Photocopies: $162.00. In connection with this case, the Firm paid $162.00 to obtain copies of documents from the courthouse.

(g) Online Research: $18,501.75. This category includes vendors such as LexisNexis products, PACER, and Westlaw. These resources were used to obtain access to SEC filings, factual databases, legal research, and for cite-checking briefs. This category represents the expenses incurred by Robbins Geller for use of these services in connection with this Litigation. The charges for these vendors vary depending upon the type of services requested. For example, Robbins Geller has flat-rate contracts with some of these providers for use of their services. When Robbins Geller utilizes online services provided by a vendor with a flat-rate contract, access to the service is by a billing code entered for the specific case being litigated. At the end of each billing period in which such service is used, Robbins Geller's costs for such services are allocated to specific cases based on the percentage of use in connection with that specific case in the billing period. As a result of the contracts negotiated by Robbins Geller with certain providers, the Class enjoys substantial savings in comparison with the "market-rate" for *a la carte* use of such services which some law firms pass on to their clients. For example, the "market-rate" charged to others by LexisNexis for the types of services used by Robbins Geller is more expensive than the rates negotiated by Robbins Geller.

(h) eDiscovery Database Hosting: $105,583.77. Robbins Geller requests $105,583.77 for hosting eDiscovery related to this Litigation. Robbins Geller has installed top tier database software, infrastructure, and security. The platform implemented, Relativity, is offered

4879-1119-3967.v3

by over 100 vendors and is currently being used by 198 of the AmLaw200 firms. Over 50 servers are dedicated to Robbins Geller's Relativity hosting environment with all data stored in a secure SSAE 18 Type II data center with automatic replication to a datacenter located in a different geographic location. By hosting in-house, Robbins Geller is able to charge a reduced, all-in rate that includes many services which are often charged as extra fees when hosted by a third-party vendor. Robbins Geller's hosting fee includes user logins, ingestion, processing, OCRing, TIFFing, bates stamping, productions, and archiving – all at no additional per unit cost. Also included is unlimited structured and conceptual analytics (*i.e.*, email threading, inclusive detection, near-dupe detection, concept searching, active learning, clustering, and more). Robbins Geller is able to provide all these services for a cost that is typically much lower than outsourcing to a third-party vendor. Utilizing a secure, advanced platform in-house has allowed Robbins Geller to prosecute actions more efficiently, utilize advanced AI technology, and has reduced the time and expense associated with maintaining and searching electronic discovery databases. Similar to third-party vendors, Robbins Geller uses a tiered rate system to calculate hosting charges. The amount requested reflects charges for the hosting of over 2.7 million pages of documents produced by parties and non-parties in this action.

(i) Mediation Fees (Phillips ADR Enterprises, P.C.): $97,005.00. These are Lead Plaintiff's one-half share of the fees of the mediator, the Hon. Layn R. Phillips (Ret.). Judge Phillips reviewed the substantial submissions by the parties in advance of the mediations and conducted in-person mediation sessions with the parties on March 8, 2022 and April 21, 2023. In addition, Judge Phillips engaged in follow up communications with the parties which eventually resulted in a mediator's recommendation and led to the settlement of the Litigation.

4879-1119-3967.v3

8.     The expenses pertaining to this case are reflected in the books and records of this Firm.  These books and records are prepared from receipts, expense vouchers, check records, and other documents and are believed to be accurate records of such expenses.

9.     The identification and background of my Firm and its partners is attached hereto as Exhibit F.

I declare under penalty of perjury that the foregoing is true and correct.  Executed this 3rd day of August, 2023, at Chicago, Illinois.

*/s/James E. Barz*
JAMES E. BARZ

4879-1119-3967.v3

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on August 3, 2023, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the email addresses on the attached Electronic Mail Notice List, and I hereby certify that I caused the mailing of the foregoing via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

s/ James E. Barz
JAMES E. BARZ

ROBBINS GELLER RUDMAN
&  DOWD LLP
200 South Wacker Drive, 31st Floor
Chicago, IL  60606
Telephone:  630/696-4107
Email:  jbarz@rgrdlaw.com

# Mailing Information for a Case 1:19-cv-08209 Flynn v. Exelon Corporation et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Amy C. Andrews**
  aandrews@rshc-law.com,docketdept@rshc-law.com

- **James E Barz**
  jbarz@rgrdlaw.com,cbarrett@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Mari Byrne**
  mari.byrne@davispolk.com,paige.whitaker@davispolk.com,ecf.ct.papers@davispolk.com,julian.hernandez@davispolk.com,nicole.intrieri@davispolk.com,kennedi.wilibert@davispolk.com,erin.hill@davispolk.com,matthew.garry@davispolk.com,melissa.english@davispolk.com

- **Brian E. Cochran**
  BCochran@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Matthew Charles Crowl**
  mcrowl@rshc-law.com,docketdept@rshc-law.com,ssluch@rshc-law.com

- **Carol V Gilden**
  cgilden@cohenmilstein.com,efilings_cmst@ecf.courtdrive.com,lhoeksema@cohenmilstein.com

- **Cameran Gilliam**
  cgilliam@rgrdlaw.com

- **David Andrew Gordon**
  dgordon@sidley.com,efilingnotice@sidley.com,david-gordon-4155@ecf.pacerpro.com

- **J. Alexander Hood , II**
  ahood@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Laurie Largent**
  LLargent@rgrdlaw.com

- **Scott R. Lassar**
  slassar@sidley.com,efilingnotice@sidley.com,scott-lassar-4695@ecf.pacerpro.com

- **Jeremy Alan Lieberman**
  jalieberman@pomlaw.com,tsayre@pomlaw.com,disaacson@pomlaw.com,ashmatkova@pomlaw.com,abarbosa@pomlaw.com

- **Louis Carey Ludwig**
  lcludwig@pomlaw.com,kgutierrez@labaton.com

- **Carl V. Malmstrom**
  malmstrom@whafh.com

- **Francis P. Mcconville**
  fmcconville@labaton.com,lpina@labaton.com,9849246420@filings.docketbird.com,electroniccasefiling@labaton.com

- **Danielle S. Myers**
  dmyers@rgrdlaw.com,dmyers@ecf.courtdrive.com,e_file_sd@rgrdlaw.com

- **Theodore J. Pintar**
  tedp@rgrdlaw.com

- **Edmund Polubinski , III**
  Edmund.polubinski@davispolk.com,ecf.ct.papers@davispolk.com,allie.rutter@davispolk.com

- **Frank Anthony Richter**
  frichter@rgrdlaw.com,E_File_SD@rgrdlaw.com,susanw@rgrdlaw.com

- **Robert J. Robbins**
  rrobbins@rgrdlaw.com,ppuerto@rgrdlaw.com,e_file_sd@rgrdlaw.com,e_file_fl@rgrdlaw.com

- **James P Rouhandeh**
  rouhandeh@davispolk.com,ecf.ct.papers@davispolk.com

- **Jared Matthew Schneider**
  jared@jaredschneider.com

- **Julia Kathryn Schwartz**
  julia.schwartz@usdoj.gov,caseview.ecf@usdoj.gov,alexandra.dumitriu@usdoj.gov

- **Heather Benzmiller Sultanian**
  hsultanian@sidley.com,dvelkovich@sidley.com,efilingnotice@sidley.com,heather-sultanian-3303@ecf.pacerpro.com

- **United States of America**
  julia.schwartz@usdoj.gov

- **Brian O'Connor Watson**
  bwatson@rshc-law.com,docketdept@rshc-law.com

- **Jennifer Martin Wheeler**
  jwheeler@sidley.com,jennifer-4277@ecf.pacerpro.com,efilingnotice@sidley.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

Jeanne M. Jones
,

Joseph Nigro
,