UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | |
|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>    vs.<br><br>EXELON CORPORATION, et al.,<br><br>                         Defendants. | Case No.: 1:19-cv-08209<br><br><u>CLASS ACTION</u><br><br>Judge Virginia M. Kendall<br>Magistrate Judge Susan E. Cox |

FINAL JUDGMENT APPROVING SETTLEMENT

This matter came before the Court for hearing pursuant to the Order Preliminarily Approving Settlement and Providing for Notice ("Notice Order") dated June 9, 2023, on the application of the Settling Parties for approval of the settlement set forth in the Stipulation of Settlement dated May 26, 2023 (the "Stipulation").[1]  Due and adequate notice having been given to the Settlement Class as required in said Notice Order, and the Court having considered all papers filed and proceedings had herein and otherwise being fully informed in the premises and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that:

1. This Court has jurisdiction over the subject matter of the Litigation and over all Settling Parties to the Litigation, including all Members of the Settlement Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby affirms its determination in the Notice Order and finally certifies, for settlement purposes only, a Settlement Class defined as: all Persons and entities who purchased or otherwise acquired Exelon common stock between February 8, 2019 and October 31, 2019, inclusive, and were damaged thereby.  Excluded from the Settlement Class are: Defendants, the current and Settlement Class Period officers and directors of the Company, the members of the immediate families and the legal representatives, affiliates, heirs, successors-in-interest, or assigns of any such excluded person, and any entity in which such excluded persons have or had a controlling interest.  Also excluded from the Settlement Class are those Persons who timely and validly requested exclusion from the Settlement Class pursuant to the Notice.  Pursuant to Rule 23, and for purposes of settlement only, the Court hereby affirms its determination in the Notice Order and finally certifies Lead Plaintiff as Settlement Class Representative, and finally appoints the law firm of Robbins Geller Rudman & Dowd LLP as Settlement Class Counsel.

---

[1] All defined terms contained herein shall have the same meanings as set forth in the Stipulation, unless otherwise defined herein.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement set forth in the Stipulation and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, and the costs of continued litigation, the Settlement is, in all respects fair, reasonable, and adequate, having considered and found that: (i) Lead Plaintiff and Lead Counsel have adequately represented the Settlement Class; (ii) the proposal was negotiated at arm's length; (iii) the relief provided for the Settlement Class is adequate, having taken into account (a) the costs, risks, and delay of trial and appeal; (b) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Members' claims; (c) the terms of any proposed award of attorneys' fees, including timing of payment; and (d) any agreement required to be identified under Rule 23(e)(2); and (iv) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.

4. The Court hereby dismisses the Litigation and all Released Claims of the Lead Plaintiff and the Settlement Class with prejudice, without costs as to any of the Released Parties, except as and to the extent provided in the Stipulation and herein.

5. All agreements made and orders entered during the course of the Litigation relating to the confidentiality of information shall survive this Order, pursuant to their terms.

6. The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff, and all other Settlement Class Members (regardless of whether or not any individual Settlement Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

7. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished,

compromised, settled, resolved, waived, discharged, and dismissed on the merits with prejudice all Released Claims (including, without limitation, Unknown Claims) against the Released Parties, whether or not such Settlement Class Member executes and delivers a Proof of Claim and Release or participates in the Settlement Fund.

8. Upon the Effective Date, each of the Released Parties shall be deemed to have, and by operation of this Final Judgment shall have, fully, finally, and forever released, relinquished, and discharged Lead Plaintiff, each and all of the Settlement Class Members, and their counsel, employees, successors and assigns from all claims (including, without limitation, Unknown Claims) arising out of, relating to, or in connection with, the institution, prosecution, assertion, settlement, or resolution of (i) the Litigation; or (ii) the Released Claims, except for those claims brought to enforce the Settlement.

9. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members, and their heirs, executors, administrators, successors, and assigns, shall also be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever released, relinquished, and discharged the Released Parties and their counsel from all Released Claims (including, without limitation, Unknown Claims) arising out of the defense, conduct, settlement, or resolution of the Litigation or the Released Claims. Claims to enforce the terms of the Stipulation are not released.

10. Upon the Effective Date, Lead Plaintiff and each of the Settlement Class Members who have not validly opted out of the Settlement Class, and anyone claiming through or on behalf of them, are forever barred and enjoined from commencing, instituting, intervening in, prosecuting, or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting any of the Released Claims against any of the Released Parties, and each of them.

11. Upon the Effective Date, (i) all Persons shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any of the Released Parties of any claims for contribution or indemnity where the alleged injury to that Person is that Person's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Lead Plaintiff in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere, and (ii) the Released Parties shall be permanently barred and enjoined from the institution, maintenance, prosecution, or enforcement against any Person of any claims for contribution or indemnity where the alleged injury to the Released Party is the Released Party's actual or threatened liability to the Settlement Class or a Settlement Class Member in the Litigation, arising from or related to the claims and allegations asserted by Lead Plaintiff in the Litigation, whether arising under state, federal or foreign law as claims, cross-claims, counterclaims, or third-party claims, in any federal or state court, or in any other court, arbitration proceeding, administrative agency, or other forum in the United States or elsewhere.

12. Notwithstanding paragraphs 7 through 11 above, nothing in this Judgment shall bar any action by any of the Settling Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13. The Notice of Pendency and Proposed Settlement of Class Action given to the Settlement Class ("Notice") in accordance with the Notice Order entered on June 9, 2023, was the best notice practicable under the circumstances, including the individual notice to all Members of the Settlement Class who could be identified through reasonable effort. Said notice provided the best notice practicable under the circumstances of those proceedings and of the matters set forth

therein, including the proposed Settlement set forth in the Stipulation, to all Persons entitled to such notice, and said notice fully satisfied the requirements of Federal Rule of Civil Procedure 23 and the requirements of due process.

14. Defendants have complied with the Class Action Fairness Act of 2005, 28 U.S.C. §1715, *et seq.* ("CAFA"). Defendants timely mailed notice of the Settlement pursuant to 28 U.S.C. §1715(b), including notices to the Attorney General of the United States of America and the Attorneys General of each State. The CAFA notice contains the documents and information required by 28 U.S.C. §1715(b)(1)-(8). The Court finds that Defendants have complied in all respects with the notice requirements of CAFA.

15. Any plan of allocation submitted by Lead Counsel or any order entered regarding any attorneys' fee and expense application shall in no way disturb or affect this Judgment and shall be considered separate from this Judgment.

16. Neither the Stipulation nor the Settlement contained therein, nor any act performed or document executed pursuant to or in furtherance of the Stipulation or the Settlement: (a) is or may be deemed to be or may be used as an admission of, or concession or evidence of, the validity of any Released Claim, the truth of any fact alleged in the Litigation, the deficiency of any defense that has been or could have been asserted in the Litigation, or of any alleged wrongdoing, liability, negligence, or fault of Defendants; (b) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or misrepresentation or omission of, including with respect to any statement or written document attributed to, approved or made by, any Defendant; or (c) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Lead Plaintiff were not valid or that the amount recoverable was not greater than the Settlement Amount, in any civil, criminal, or administrative proceeding in any court, administrative agency, proceeding or other forum or tribunal.

17. The Released Parties may file the Stipulation and/or this Judgment in any action in order to support a defense, claim, or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

18. The Court shall retain jurisdiction for the purposes of enforcing the terms of this Judgment. Except as necessary to enforce the terms of this Judgment, this case is hereby dismissed with prejudice.

19. The Court finds that during the course of the Litigation, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

20. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, Lead Plaintiff and Defendants may agree in writing to reasonable extensions of time to carry out any provisions of the Settlement.

21. If the Settlement is terminated as provided in the Stipulation, this Judgment shall be vacated and rendered null and void, and shall be of no further force and effect, except as otherwise provided by the Stipulation, and this Judgment shall be without prejudice to the rights of Lead Plaintiff, the other Settlement Class Members, and Defendants, and Lead Plaintiff and Defendants shall revert to their respective positions in the Litigation as of immediately prior to the agreement to resolve the Litigation.

22. The Claims Administrator shall administer the claims administration process, including the calculation of claims submitted by Settlement Class Members and distribution of the

Net Settlement Fund to Authorized Claimants pursuant to the Court-approved Plan of Allocation. All Settlement Class Members shall submit a Proof of Claim and Release ("Claim") under penalty of perjury by the date set forth in the Notice sent to Settlement Class Members. Lead Counsel may, in its discretion, accept for processing late-submitted Claims so long as the distribution of the Net Settlement Fund is not materially delayed.

23. If a Claim is deficient, the Claims Administrator shall send the Settlement Class Member a deficiency letter which will give the Settlement Class Member twenty (20) days to cure the deficiency. If the Settlement Class Member fails to cure the deficiency within the twenty (20)-day period, the Claims Administrator shall send the Settlement Class Member a letter notifying the Settlement Class Member that the Claim has been rejected. The rejection letter will advise the Settlement Class Member of the reason (s) for the rejection of the Claim and his, her, or its right to review the determination of the Claim. If the Claim is still rejected, the Settlement Class Member shall then be allowed to move this Court within twenty (20) days to have the Claim accepted by Lead Counsel and the Claims Administrator.

24. There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

IT IS SO ORDERED.

DATED: __9/7/2023__

THE HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

**EXHIBIT A**
*Joshua Flynn v. Exelon Corporation, et al.*
No. 1:19-cv-08209

**INDIVIDUALS WHO HAVE
REQUESTED EXCLUSION FROM THE SETTLEMENT CLASS**

1. Barbara L. Octon
2. Debra DerManoogian TOD, John W. Christie
3. Ephraim J. Burrow and Marilyn J. Burrow
4. Patrick Devane
5. Antoinette Runski
6. John J. Mitch, Jr. and Gail R. Mitch JT TEN
7. Gail R. Mitch and John J. Mitch, Jr. JT TEN
8. Gail R. Mitch
9. Donald R. Fletcher
10. Peggy J. Stone
11. Joseph O. Kriemelmeyer Jr. and Charlene T. Kriemelmeyer JT TEN WROS
12. Joseph M. Polanski
13. Margaret Cuny
14. William Zubko and Kirsten A. Zubko JT TEN
15. Diana M. Zukowski, Michael H. Zukowski Beneficiary, Renee Michele Zukowski Gruzs Beneficiary
16. Esther A. Talley
17. Alexander Guney (received August 30, 2023)