**UNITED STATES DISTRICT COURT**
**FOR THE Northern District of Illinois – CM/ECF NextGen 1.7.1.1**
**Eastern Division**

Joshua Flynn, et al.
                        Plaintiff,

v.                                                Case No.: 1:19−cv−08209
                                                Honorable Virginia M. Kendall

Exelon Corporation, et al.
                        Defendant.

**NOTIFICATION OF DOCKET ENTRY**

This docket entry was made by the Clerk on Friday, September 8, 2023:

      MINUTE entry before the Honorable Virginia M. Kendall. Plaintiffs' counsel's Motion for attorney fees and expenses and award to lead plaintiff [204] is granted. The Court has reviewed the objection filed by Larry D. Killion [211] and overrules the objection on substantive and procedural grounds. Mr. Killion objects generally to the class action process and the plaintiff's bar at large rather than the specific fees and expenses that Plaintiffs' counsel seeks in this case. In fact, Mr. Killion has copied and pasted the same "argument" in objections to attorneys' fees in other cases. (Dkt. [212] at 8 n.2). Further, Mr. Killion lacks evidence for his argument. He argues that the fee is "outrageous, unreasonable, and should shock the conscience of the Court," (Dkt. [211] at 4), yet he provides no specific facts or caselaw as to why the fee is outrageous in light of the amount of work performed, complexity of issues, and results achieved. In contrast, this Court and the Seventh Circuit have routinely approved of fee awards comparable to the one Plaintiffs' counsel requests here. See e.g., Silverman v. Motorola Sols., Inc., 739 F.3d 956, 959 (7th Cir. 2013) (holding that a fee award of 27.5% of $200 million was not excessive); Lawrence E. Jaffe Pension Plan v. Household Int'l, Inc., No. 02−C−5893, 2016 WL 10571774, at *1 (N.D. Ill. Nov. 10, 2016) (awarding as fees 24.68% of $1.575 billion settlement); City of Sterling Heights Gen. Emps.' Ret. Sys. v. Hospira, Inc., No. 1:11−CV−08332−AJS, 2014 WL 12767763, at *1 (N.D. Ill. Aug. 5, 2014) (approving attorneys' fees of 30% of $60 million settlement). Lastly, Mr. Killion's objection was filed after the deadline, and this Court need not consider untimely objections. See e.g., Carlin v. DairyAmerica, Inc., 380 F. Supp. 3d 998, 1013 n.4 (E.D. Cal. 2019) (finding that courts do not need to entertain untimely objections but have discretion to do so). In sum, Mr. Killion's objections are overruled. Order to follow. Mailed notice(lk, )

**ATTENTION:** This notice is being sent pursuant to Rule 77(d) of the Federal Rules of Civil Procedure or Rule 49(c) of the Federal Rules of Criminal Procedure. It was generated by CM/ECF, the automated docketing system used to maintain the civil and criminal dockets of this District. If a minute order or other document is enclosed, please

refer to it for additional information.

For scheduled events, motion practices, recent opinions and other information, visit our web site at *www.ilnd.uscourts.gov*.