UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF ILLINOIS

EASTERN DIVISION

| | | |
|---|---|---|
| JOSHUA FLYNN, Individually and on Behalf of All Others Similarly Situated, | ) ) ) | Case No.: 1:19-cv-08209 |
| Plaintiff, | ) ) ) | CLASS ACTION |
| vs. | ) ) | Judge Virginia M. Kendall<br>Magistrate Judge Susan E. Cox |
| EXELON CORPORATION, et al., | ) ) | |
| Defendants. | ) ) ) | |

ORDER AWARDING ATTORNEYS' FEES AND EXPENSES AND AWARD TO LEAD
PLAINTIFF PURSUANT TO 15 U.S.C. §78u-4(a)(4)

This matter came before the Court for hearing on September 7, 2023 (the "Settlement Hearing") on Lead Counsel's motion for an award of attorneys' fees and payment of expenses. ECF 204-206. The Court having considered all matters submitted to it at the Settlement Hearing and otherwise; and it appearing that notice of the Settlement Hearing substantially in the form approved by the Court was mailed to all Settlement Class Members who could be identified with reasonable effort, and that a summary notice of the hearing substantially in the form approved by the Court was published in *The Wall Street Journal* and was transmitted over *Business Wire* pursuant to the specifications of the Court; and the Court having considered and determined the fairness and reasonableness of the award of attorneys' fees and expenses, requested,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. This Order incorporates by reference the definitions in the Stipulation of Settlement, dated May 26, 2023, ECF 193 (the "Stipulation"), and all capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation.

2. The Court has jurisdiction to enter this Order and over the subject matter of the Litigation and all parties to the Litigation, including all Settlement Class Members.

3. Notice of Lead Counsel's motion for an award of attorneys' fees and payment of expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"); constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

4. Lead Counsel is hereby awarded attorneys' fees of 26% of the Settlement Amount, plus interest at the same rate earned by the Settlement Fund, and payment of litigation expenses in

the amount of $325,290.76, plus accrued interest, which sums the Court finds to be fair and reasonable.

5.       Lead Plaintiff Local 295 IBT Employer Group Pension Trust Fund is awarded $5,775 from the Settlement Fund, pursuant to 15 U.S.C. §78u-4(a)(7), related to its representation of the Settlement Class.

6.       The award of attorneys' fees and expenses may be paid to Lead Counsel from the Settlement Fund immediately upon entry of this Order, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

7.       In making this award of attorneys' fees and expenses to be paid from the Settlement Fund, the Court has analyzed the factors considered within the Seventh Circuit and found that:

(a)       The Settlement has created a fund of $173,000,000 in cash, pursuant to the terms of the Stipulation, and Settlement Class Members who submit acceptable Proofs of Claim will benefit from the Settlement created by the efforts of Lead Counsel;

(b)       The fee sought by Lead Counsel has been reviewed and approved as reasonable by the Lead Plaintiff, who was directly involved in the prosecution and resolution of the Litigation and who has substantial interest in ensuring that any fees paid to counsel are duly earned and not excessive;

(c)       The amount of attorneys' fees awarded are fair and reasonable and are consistent with fee awards approved in cases within the Seventh Circuit with similar recoveries;

(d)       Lead Counsel has conducted the Litigation and achieved the Settlement with skill, perseverance, and diligent advocacy and is highly experienced in the field of securities class action litigation;

(e)       Lead Counsel expended substantial time and effort pursuing the Litigation on behalf of the Settlement Class;

(f)     Lead Counsel undertook the Litigation on a contingent basis, and has received no compensation during the Litigation, and any fee and expense award has been contingent on the result achieved;

(g)     The claims against the Defendants involve complex factual and legal issues and, in the absence of settlement, would involve lengthy proceedings whose resolution would be uncertain;

(h)     The efforts of Lead Counsel resulted in an all-cash settlement at a stage in the proceedings that will permit Settlement Class Members to benefit from the recovery without further delay or expense; and

(i)     over 231,500 copies of the Notice were mailed to potential Settlement Class Members and nominees stating that Lead Counsel would apply for attorneys' fees in an amount not to exceed 26% of the Settlement Amount and expenses in an amount not to exceed $400,000, plus interest on such fees and expenses.

8.     The objection to the fee application filed by Larry D. Killion (ECF 211) is denied as untimely.  Alternatively, the Court has considered the objection and finds it to be without merit. Accordingly, the Killion objection is overruled in its entirety.

9.     Any appeal or any challenge affecting this Court's approval regarding any of the attorneys' fees and expense applications shall in no way disturb or affect the finality of the Judgment.

10.     In the event that the Settlement is terminated or the Effective Date of the Settlement otherwise fails to occur, this Order shall be rendered null and void to the extent provided by the Stipulation.

- 4 -

11.     There is no just reason for delay in the entry of this Order, and immediate entry by the Clerk of the Court is expressly directed.

IT IS SO ORDERED.

DATED:     9/8/2023

_____
THE HONORABLE VIRGINIA M. KENDALL
UNITED STATES DISTRICT JUDGE

- 4 -